## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Old LC, Inc. *et al.*,<br><br>       Debtors. | Chapter 11<br><br>Case No. 19-11791 (BLS) |
| Official Committee of Unsecured Creditors of Old LC, Inc., *et al.*, for and on behalf of the estates of Old LC, Inc., *et al.*,<br>   *Plaintiff,*<br>v.<br><br>Upfront V, LP, Breakwater Credit Opportunities Fund, L.P., *et al.*,<br>   *Defendants.* | Adv. No. 20-51002 (BLS) |

## DEFENDANTS' ANSWER AND SPECIFIC DEFENSES

Breakwater Credit Opportunities Fund, L.P., Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski ("Defendants") file this answer (the "Answer") to the Plaintiff's complaint [Docket No. 1] (the "Complaint").[1] Allegations in the Complaint not expressly admitted are denied; including, but not limited to, allegations contained in the headings used in the Complaint. Any averment of Defendants that they lack knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial.

***In compliance with Federal Rule of Bankruptcy Procedure 7012(b), Defendants state that they do not consent to the entry of final orders or judgment by the bankruptcy court in this adversary proceeding.***

---

[1] This Answer adopts defined terms used in the Complaint, except for its definition of "Defendants."

## NATURE OF THE ACTION

1.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny same.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Paragraph 5 consists of a summary of the nature of the action and argument. To the extent a response is required, Defendants deny the allegations in paragraph 5.

6.      Paragraph 6 consists of a summary of the nature of the action and argument. To the extent a response is required, Defendants deny the allegations in paragraph 6.

## JURISDICTION AND VENUE

7.      Paragraph 7 states contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 7.

8.      Paragraph 8 states contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 8.

9.      Paragraph 9 states contentions of law to which no response is required.

10.     Paragraph 10 states contentions of law to which no response is required.

## THE PARTIES

11.     Admitted.

12.     Admitted.

13.     Defendants admit that Upfront was a shareholder of Loot Crate, but as to all remaining allegations in paragraph 13, Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 13.  Therefore, to the extent a response is required, Defendants deny the remaining allegations in paragraph 13.

14.     Defendants deny the allegations of paragraph 14 concerning Breakwater.  With respect to the portions of paragraph 14 regarding Upfront, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 14.  Therefore, to the extent a response is required, Defendants deny the remaining allegations in paragraph 14.

15.     Defendants admit that Breakwater is a Delaware limited partnership with its principal place of business in Los Angeles, California, and that at various times alleged in the complaint that it was a shareholder of and lender to Loot Crate, and deny the remaining allegations of paragraph 15.

16.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 16; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 16.

17.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 17; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 17.

18.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 18; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 18.

19.     Denied as stated.  Further answering, Defendants admit that Mr. Mansour is a Managing Partner of Breakwater, is a resident of the State of California, that at various times alleged in the Complaint he was a member of the Board or a Board observer, and that, at times, he had responsibility within Breakwater for its affairs with Loot Crate.  Defendants deny the remaining allegations of paragraph 19.

20.     Denied as stated.  Further answering, Defendants admit that Mr. Amdani is an employee of Breakwater, is a resident of the State of California, that at various times alleged in the Complaint he was a member of the Board and that, at times, he had responsibility within Breakwater for its affairs with Loot Crate.  Defendants deny the remaining allegations of paragraph 20.

21.     Defendants admit that Mr. Beckman is an employee of Breakwater, is a resident of the State of California, and that at certain times he was a Board member and deny the remaining allegations of paragraph 21.

22.     Defendants admit that Mr. Geant is an employee of Breakwater, is a resident of the State of California and that at various times alleged in the Complaint he was a Board member and deny the remaining allegations of paragraph 22.

23.     Denied as stated.  Further answering, Defendants admit that Mr. Kaczorowski is an employee of Breakwater, is a resident of the State of California, that at various times alleged in the Complaint he was a Board member, and that, at times, he had responsibility within Breakwater for its affairs with Loot Crate.  Defendants deny the remaining allegations of paragraph 23.

24.     Paragraph 24 merely states a definition and no response is required.

## **FACTUAL BACKGROUND**

25.     Admitted.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26.  To the extent a response is required, Defendants deny the allegations of paragraph 26.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27.  To the extent a response is required, Defendants deny the allegations of paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28.  To the extent a response is required, Defendants deny the allegations of paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29.  To the extent a response is required, Defendants deny the allegations of paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 concerning the timeframes and employee counts.  To the extent a response is required, Defendants deny the allegations of paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31.  To the extent a response is required, Defendants deny the allegations of paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32.  To the extent a response is required, Defendants deny the allegations of paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33.  To the extent a response is required, Defendants deny the allegations of paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34.  To the extent a response is required, Defendants deny the allegations of paragraph 34.

35.     Defendants deny the allegations in the first sentence of paragraph 35.  The remaining allegations of paragraph 35 are admitted.

36.     Admitted.

37.     Defendants admit that Suster was, at various times alleged in the Complaint, a member of the Board.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 37, and therefore deny same.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38.  To the extent a response is required, Defendants deny the allegations of paragraph 38.

39.     Defendants admit that Breakwater was granted the right to designate an observer to the Board under the terms of that certain Loan and Security Agreement dated June 1, 2016 and the letter agreement dated June 1, 2016, and that Breakwater designated Mr. Mansour to fill that role.

40.     Defendants admit that a Board observer could not vote.  Defendants deny the remaining allegations of Paragraph 40.

41.     Denied.

42.     Defendants admit that Breakwater and Loot Crate entered into the Loan Agreement, whose terms speak for themselves, and deny the remaining allegations of paragraph 42 to the extent the allegations depart from the terms of the Loan Agreement.

43.     Denied.

44.     Denied as stated.  Defendants admit that Mr. Mansour participated in an email exchange with Mr. Bettinelli, whose terms speak for themselves, and otherwise deny the allegations of paragraph 44.

45.     Denied as stated.  Defendants admit that Mr. Mansour participated in an email exchange with Mr. Bettinelli, whose terms speak for themselves, and otherwise deny the allegations of paragraph 45.

46.     Denied.

47.     Defendants admit that Breakwater noticed continuing covenant defaults on January 31, 2017 related to Loot Crate's failure to maintain minimum subscriber levels and that the notice speaks for itself.  Defendants otherwise deny the allegations of paragraph 47.

48.     Defendants decline to respond on the basis of the attorney-client privilege.

49.     Denied as stated.  Defendants admit the contents of the so-called Carry the Water Email, whose terms speak for themselves, and otherwise deny the allegations of paragraph 49.

50.     Admitted.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 51. To the extent a response is required, Defendants deny the allegations of paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 52. To the extent a response is required, Defendants deny the allegations of paragraph 52.

53. Denied as stated. Defendants admit that they engaged in efforts to cause the makeup of the Board to reflect the needs and best interests of Loot Crate, and otherwise deny the allegations of paragraph 53.

54. Denied as stated. Defendants admit that they engaged in efforts to have the company's officers and Board reflect the needs and best interests of Loot Crate, and that Bettinelli suggested bringing on Kreiz as a Board member, and otherwise deny the allegations of paragraph 54.

55. Defendants admit that Kreiz had a pre-existing relationship with Suster and Upfront and that communications between Upfront and Mr. Mansour state as much and deny the remaining allegations of paragraph 55.

56. Admitted.

57. Admitted.

58. Admitted.

59. Defendants admit the contents of the January 3, 2018 email from Suster to Mr. Mansour and state that the email speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 59. To the extent a response is required, Defendants deny the remaining allegations of paragraph 59.

60.    Denied.

61.    Admitted.

62.    Defendants admit the allegations in the first and second sentences of paragraph 62. The remaining allegations of paragraph 62 are denied.

63.    Admitted.

64.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64. To the extent a response is required, Defendants deny the allegations of paragraph 64.

65.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 65. To the extent a response is required, Defendants deny the allegations of paragraph 65.

66.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 66. To the extent a response is required, Defendants deny the allegations of paragraph 66. To the extent the allegations in paragraph 66 seek to characterize the Management Proposal, Defendants state that the document speaks for itself and Defendants deny any allegations in paragraph 66 to the extent they do not fully and accurately characterize the contents of the Management Proposal.

67.    Defendants state that paragraph 67 contains contentions of law to which no response is required. To the extent that facts are alleged, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67. To the extent a response is required, Defendants deny the allegations of paragraph 67.

68.    Denied.

69.    Denied.

70.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 70, and therefore deny same, except that Defendants admit that at various times Breakwater representatives communicated with Loot Crate employees.

71.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 71, except that Defendants deny the allegations of paragraph 71 as applied to Breakwater.

72.     Defendants admit that Breakwater representatives were party to communications regarding employment opportunities and equity compensation with existing and former members of the Loot Crate management team.  Defendants deny the remaining allegations in paragraph 72.

73.     Defendants state that paragraph 73 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 73.

74.     Defendants are informed and believe that from time to time Suster communicated to Loot Crate its potential financial distress in the event it rejected the A-2 proposal.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 74 and therefore deny same.

75.     Defendants admit that a Board meeting occurred on November 3, 2017 and deny the remaining allegations of paragraph 75.

76.     Denied.

77.     Denied.

78.     Defendants admit that the minutes of the November 3, 2017 Board meeting speak for themselves and deny the remaining allegations of paragraph 78.

79.     Defendants admit that the minutes of the November 3, 2017 Board meeting speak for themselves and deny the remaining allegations of paragraph 79.

80.     Denied.

81.     Defendants admit the first sentence of paragraph 81 and that Messrs. Suster and Mansour did not recuse themselves.  The remaining allegations in paragraph 81 contain contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 81.

82.     Admitted.

83.     Defendants admit that the A-2 Term Sheet contained Exclusivity Provisions, and that the document speaks for itself.  Defendants deny the remaining allegations in paragraph 83 to the extent they do not fully and accurately characterize the contents of the A-2 Term Sheet.

84.     Denied.

85.     Denied.

86.     Defendants admit that Davis did not consent to provide an irrevocable power of attorney, and otherwise deny the allegations of paragraph 86.

87.     The allegations in paragraph 87 contain contentions of law and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 87.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 88.  To the extent a response is required, Defendants deny the allegations of paragraph 88.

89.     Defendants admit that the Board called a meeting on November 15, 2017. Defendants deny the remaining allegations in paragraph 89.

90.     Denied.

91.     Denied.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 92.  To the extent a response is required, Defendants deny the allegations of paragraph 92.

93.     Admitted.

94.     Admitted.

95.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 95.  To the extent a response is required, Defendants deny the allegations of paragraph 95.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 96.  To the extent a response is required, Defendants deny the allegations of paragraph 96.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 97.  To the extent a response is required, Defendants deny the allegations of paragraph 97.

98.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 98.  To the extent a response is required, Defendants deny the allegations of paragraph 98.

99.     Defendants deny the allegations in paragraph 99 to the extent the allegations refer to Defendants.  Defendants lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations contained in paragraph 99. To the extent a response is required, Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations in paragraph 100 to the extent the allegations refer to Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 100. To the extent a response is required, Defendants deny the allegations of paragraph 100.

101.    Denied.

102.    Defendants deny that Breakwater made a demand to accelerate the closing of the A-2 Term Sheet, and admit the remaining allegations in paragraph 102.

103.    Admitted.

104.    Defendants admit that Suster responded to Davis's email by stating "You signed a legal contract. If you violate the terms we will begin immediate legal proceedings." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 104. To the extent a response is required, Defendants deny the allegations of paragraph 104.

105.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 105. To the extent a response is required, Defendants deny the allegations of paragraph 105.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 106. To the extent a response is required, Defendants deny the allegations of paragraph 106.

107.    Admitted.

108.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 108.  To the extent a response is required, Defendants deny the allegations of paragraph 108.

109.     Admitted.

110.     Denied.

111.     Denied as stated.  Defendants admit that Breakwater issued Loot Crate two separate notices of covenant defaults, whose terms speak for the themselves, and otherwise deny the remaining allegations in paragraph 111.

112.     Denied.

113.     The allegations in paragraph 113 contain legal contentions for which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 113.

114.     The allegations in paragraph 114 contain legal contentions for which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 114.

115.     Defendants deny all of the premises and allegations of paragraph 115.

116.     Denied, except that Defendants admit that each of the Management Proposal and the Original BioWorld Proposal could not be pursued absent a waiver of Breakwater's contractual rights as a secured creditor.

117.     Denied.

118.     Denied.

119.     Admitted.

120.     Denied.

121. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 121. To the extent a response is required, Defendants deny the allegations of paragraph 121.

122. Admitted.

123. Denied.

124. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 124. To the extent a response is required, Defendants deny the allegations of paragraph 124.

125. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 125. To the extent a response is required, Defendants deny the allegations of paragraph 125.

126. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 126. To the extent a response is required, Defendants deny the allegations of paragraph 126.

127. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 127 – specifically, the timeframe and correspondence referenced are imprecise generalizations – therefore, Defendants deny the allegations in paragraph 127.

128. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 128 – specifically, the timeframe and correspondence referenced are imprecise generalizations – therefore, Defendants deny the allegations in paragraph 128.

129.     Defendants admit that a Board meeting was called for December 8, 2017; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 129, therefore, Defendants deny the allegations in paragraph 129.

130.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 130, therefore, Defendants deny the allegations in paragraph 130.

131.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 131.  To the extent a response is required, Defendants deny the allegations of paragraph 131.

132.     Denied.

133.     Defendants admit that Alex Zyngier was appointed as the common shareholder's Board designee, and that Zyngier purported to have turn around experience.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 133.  To the extent a response is required, Defendants deny the allegations of paragraph 133.

134.     Defendants admit that Loot Crate consulted with Richards, Layton & Finger, PA, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 134.  To the extent a response is required, Defendants deny the allegations of paragraph 134.

135.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 135.  To the extent a response is required, Defendants deny the allegations of paragraph 135.

136.     Defendants admit that Terry Boyle resigned from the Board, and deny all remaining allegations in paragraph 136.

137.     Admitted.

138.     Denied.

139.     Admitted.

140.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 140.  To the extent a response is required, Defendants deny the allegations of paragraph 140.

141.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 141.  To the extent a response is required, Defendants deny the allegations of paragraph 141.

142.     Admitted.

143.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 143.  To the extent a response is required, Defendants deny the allegations of paragraph 143.

144.     Admitted.

145.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 145.  To the extent a response is required, Defendants deny the allegations of paragraph 145.

146.     Defendants admit that Loot Crate called a Board meeting on December 20, 2017; the remaining allegations in paragraph 146 are denied.

147.	Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 147. To the extent a response is required, Defendants deny the allegations of paragraph 147.

148.	Denied.

149.	Denied.

150.	Admitted.

151.	Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 151. To the extent a response is required, Defendants deny the allegations of paragraph 151.

152.	Denied.

153.	Defendants admit that Breakwater and Loot Crate entered into a forbearance agreement on February 9, 2018, and deny the remaining allegations in paragraph 153.

154.	Defendants admit Breakwater and Loot Crate entered into a forbearance agreement dated May 8, 2018, and its terms speak for themselves.

155.	Admitted.

156.	Admitted.

157.	Admitted.

158.	Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 158. To the extent a response is required, Defendants deny the allegations of paragraph 158.

159.	Admitted.

160.	Admitted.

161.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 161.  To the extent a response is required, Defendants deny the allegations of paragraph 161.

162.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 162.  To the extent a response is required, Defendants deny the allegations of paragraph 162.

163.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 163.  To the extent a response is required, Defendants deny the allegations of paragraph 163.

164.     Admitted.

165.     Admitted.

166.     Defendants admit that Loot Crate delivered Breakwater a second signed term sheet from South River and deny the remaining allegations of paragraph 166.

167.     Defendants admit that it rejected the revised term sheet because it failed to satisfy necessary requirements of a refinancing pursuant to the May 2018 Forbearance, and deny the remaining allegations of paragraph 167.

168.     Denied.

169.     Defendants admit that Breakwater required that the South River debt be subordinated, and deny the remaining allegations of paragraph 169.

170.     Denied.

171.     Defendants admit that a June 22, 2018 Board meeting was called, and that Mr. Mansour voted against the South River Proposal, and deny the remaining allegations in paragraph 171.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Defendants admit that Breakwater sent a letter to Loot Crate on July 17, 2018 noticing defaults under the forbearance agreement, and deny the remaining allegations in paragraph 175.

176.   Denied.

177.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 177.  To the extent a response is required, Defendants deny the allegations of paragraph 177.

178.   Defendants admit that Loot Crate failed to meet the deadlines under the May 2018 Forbearance, and deny the remaining allegations in paragraph 178.

179.   Defendants admit that Loot Crate's failure to meet milestones under the May 2018 Forbearance triggered Breakwater's right to receive the full $2 million OID and appoint four new directors to the Board.  Defendants deny the remaining allegations of paragraph 179.

180.   Admitted.

181.   Denied.

182.   Denied.

183.   Admitted.

184.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 184 – specifically, Defendants are unaware of any so-called Breakwater proposal regarding a Series B financing and any Board meetings to discuss,

and the timeframe alleged is an imprecise generalization, to the extent a response is required, Defendants deny the allegations of paragraph 184.

185. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 185. To the extent a response is required, Defendants deny the allegations of paragraph 185.

186. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 186. To the extent a response is required, Defendants deny the allegations of paragraph 186.

187. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 187. To the extent a response is required, Defendants deny the allegations of paragraph 187.

188. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 188. To the extent a response is required, Defendants deny the allegations of paragraph 188.

189. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 189. To the extent a response is required, Defendants deny the allegations of paragraph 189.

190. Defendants state that paragraph 190 contains contentions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 190. To the extent a response is required, Defendants deny the allegations of paragraph 190.

191. Admitted.

192.     Denied as stated.  Further answering, Defendants state that the Breakwater Board designees resigned from the Board on August 6, 2018.

193.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 193.  To the extent a response is required, Defendants deny the allegations of paragraph 193.

194.     Admitted.

195.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 195.  To the extent a response is required, Defendants deny the allegations of paragraph 195.

196.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 196.  To the extent a response is required, Defendants deny the allegations of paragraph 196.

197.     Admitted.

198.     Denied.

199.     Admitted.

200.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 200.  To the extent a response is required, Defendants deny the allegations of paragraph 200.

201.     Denied.

202.     Admitted.

## COUNT I

### (Breach of Fiduciary Duty)

203.    Defendants repeat and restate their responses to paragraphs 1-202 as if fully set forth herein.

204.    Denied.

205.    Defendants state that paragraph 205 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 205.

206.    Denied.

207.    Denied.  Further answering, Breakwater admits that certain affiliated individuals owed and discharged fiduciary duties in connection with their service on Loot Crate's Board.

208.    Denied as stated.  Further answering, Defendants state that Messrs. Mansour, Amdani, Beckman, Geant and Kaczorowski owed and discharged fiduciary duties to Loot Crate during the periods of their respective service as directors, lack knowledge as to the remaining allegations of paragraph 208, and therefore deny same.

209.    Denied.

210.    Denied.

211.    Denied.

## COUNT II

### (Aiding and Abetting Breach of Fiduciary Duty)

212.    Defendants repeat and restate their responses to paragraphs 1-211 as if fully set forth herein.

213.    Denied.

214.     Defendants state that paragraph 214 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 214.

215.     Denied.

216.     Denied.

217.     Denied as stated.  Further answering, Defendants state that Messrs. Mansour, Amdani, Beckman, Geant and Kaczorowski owed and discharged fiduciary duties to Loot Crate during the periods of their respective service as directors, lack knowledge as to the remaining allegations of paragraph 217, and therefore deny same.

218.     Denied.

219.     Denied.

## COUNT III

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

220.     Defendants repeat and restate their responses to paragraphs 1-219 as if fully set forth herein.

221.     Admitted.

222.     Admitted.

223.     Denied.

224.     Denied.

225.     Denied.

## COUNT IV

### (Economic Duress)

226.     Defendants repeat and restate their responses to paragraphs 1-225 as if fully set forth herein.

227.     Defendants state that paragraph 227 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 227.

228.     Denied.

229.     Denied.

230.     Defendants admit that they had general knowledge at various times of Loot Crate's economic circumstances and needs, and otherwise deny the allegations of paragraph 230.

231.     Denied.

232.     Denied.

233.     Denied.

234.     Denied.

235.     Denied.

236.     Denied.

## COUNT V

### (Fraudulent Transfer – OID, 11 U.S.C. § 544(b); 6 Del. Code §§ 1304(a) and 1307)

237.     Defendants repeat and restate their responses to paragraphs 1-236 as if fully set forth herein.

238. Defendants state that paragraph 238 contains contentions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 238.

239. Admitted.

240. Admitted.

241. Denied.

242. Denied.

243. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of paragraph 243, and therefore deny same.

244. Denied.

## COUNT VI

**(Fraudulent Transfer – OID, 11 U.S.C. § 544(b); 6 Del. Code §§ 1305 and 1307)**

245. Defendants repeat and restate their responses to paragraphs 1-244 as if fully set forth herein.

246. Admitted.

247. Denied.

248. Denied.

249. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of paragraph 249, and therefore deny same.

250. Denied.

## COUNT VII

### (Fraudulent Transfer – OID, 11 U.S.C. § 548)

251.　Defendants repeat and restate their responses to paragraphs 1-250 as if fully set forth herein.

252.　Admitted.

253.　Denied.

254.　Denied.

255.　Denied.

## COUNT VIII

### (Recovery of Avoided Transfers – OID, 11 U.S.C. § 550)

256.　Defendants repeat and restate their responses to paragraphs 1-255 as if fully set forth herein.

257.　Denied.

258.　Denied.

## COUNT IX

### (Objection to Claims)

259.　Defendants repeat and restate their responses to paragraphs 1-258 as if fully set forth herein.

260.　Admitted.

261.　Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 261.　To the extent a response is required, Defendants deny the allegations of paragraph 261.

262.     Defendants state that paragraph 262 contains contentions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 262.

263.     Defendants state that paragraph 263 contains contentions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 263.

264.     Defendants state that paragraph 264 contains contentions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 264.

265.     Defendants state that paragraph 265 contains contentions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 265.

## RESERVATION OF RIGHTS

266.     Defendants deny that the Committee has any such rights to reserve beyond those afforded to it by the Rules of Bankruptcy Procedure.

## AFFIRMATIVE DEFENSES

Without changing the burden of proof or persuasion,[2] Defendants allege the following specific and affirmative defenses to the causes of action alleged by Plaintiff in the Complaint. By designating the following defenses, Defendants do not admit any of the allegations in Plaintiff's

---

[2] To the extent any specific or affirmative defense is, in fact, an element of the Plaintiff's prima facie case, the listing of these defenses is not intended to alter the burdens of proof or persuasion which remain upon the Plaintiff.

claims or waive or limit any defenses which are or may be raised by its denials, allegations and averments set forth herein. Defendants have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as-yet unknown and unstated, affirmative defenses. Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

a. Plaintiff's Complaint fails to state a claim upon which relief could be granted.

b. Plaintiff's Complaint and each and every claim alleged in the Complaint is barred, in whole or in part, by the business judgment rule because actions taken by Defendants reflect an appropriate exercise of business judgment and were undertaken in good faith.

c. The Complaint and each and every claim alleged therein is barred, in whole or in part, by the doctrine of unclean hands.

d. The Complaint and each and every claim therein is barred, in whole or in part, by a valid release.

e. Defendants' liability, if any, to Debtors must be assessed in proportion to the liability of the other defendants and third persons, and Defendants may only be required to pay their proportionate share of fault.

f. The alleged transfers set forth in the Complaint are not avoidable pursuant to 6 Del. C. § 1308(f).

g. Plaintiff's Complaint and each and every claim in the Complaint is barred by the doctrine of accord and satisfaction.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice and/or that judgment be entered in Defendants' favor on all claims and that Defendants be awarded their costs, attorney's fees, and such other relief as the Court deems just and proper.

Dated: January 15, 2021
Wilmington, Delaware

**MORGAN, LEWIS & BOCKIUS LLP**

By: _/s/ Jody C. Barillare_
    Jody C. Barillare (#5107)
    1201 N. Market Street, Suite 2201
    Wilmington, Delaware 19801
    Telephone: (302) 574-7294
    Email: jody.barillare@morganlewis.com

    Sabin Willett (*pro hac vice*)
    One Federal Street
    Boston, MA 02110-1726
    Tel: (617) 951-8775
    sabin.willett@morganlewis.com

    Shannon B. Wolf (*pro hac vice*)
    One State Street
    Hartford, CT 06103-3178
    Tel. (860) 240-2700
    shannon.wolf@morganlewis.com

    *Attorneys for Defendants Breakwater Credit Opportunities Fund, L.P., Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski*