| | |
|---|---|
| In re: | Chapter 11 |
| Old LC, Inc. *et al.*, | Case No. 19-11791 (BLS) |
| Debtors. | |
| Official Committee of Unsecured Creditors of Old LC, Inc., *et al.*, for and on behalf of the estates of Old LC, Inc., *et al.*, *Plaintiff*, v. | Adv. No. 20-51002 (BLS) |
| Upfront V, LP, Breakwater Credit Opportunities Fund, L.P., *et al.*, *Defendants*. | |

## DEFENDANTS' ANSWER AND SPECIFIC DEFENSES

Breakwater Credit Opportunities Fund, L.P., Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski ("Defendants") file this answer (the "Answer") to the Plaintiff's First Amended Complaint [Docket No. 28] (the "Complaint").[1] Allegations in the Complaint not expressly admitted are denied; including, but not limited to, allegations contained in the headings used in the Complaint. Any averment of Defendants that they lack knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial.

*In compliance with Federal Rule of Bankruptcy Procedure 7012(b), Defendants state that they do not consent to the entry of final orders or judgment by the bankruptcy court in this adversary proceeding.*

---

[1] This Answer adopts defined terms used in the Complaint, except for its definition of "Defendants."

**NATURE OF THE ACTION**

1.      Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny same.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Paragraph 5 consists of a summary of the nature of the action and argument. To the extent a response is required, Defendants deny the allegations in paragraph 5.

6.      Paragraph 6 consists of a summary of the nature of the action and argument. To the extent a response is required, Defendants deny the allegations in paragraph 6.

**JURISDICTION AND VENUE**

7.      Paragraph 7 states contentions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 7.

8.      Paragraph 8 states contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 8.

9.      Paragraph 9 states contentions of law to which no response is required.

10.     Paragraph 10 states contentions of law to which no response is required.

**THE PARTIES**

11.     Admitted.

12.     Admitted.

13.     Defendants admit that Upfront was a shareholder of Loot Crate, but as to all remaining allegations in paragraph 13, Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 13. Therefore, to the extent a response is required, Defendants deny the remaining allegations in paragraph 13.

14.     Defendants admit that Breakwater is a Delaware limited partnership with its principal place of business in Los Angeles, California, and that at various times alleged in the complaint that it was a shareholder of and lender to Loot Crate, and deny the remaining allegations of paragraph 14.

15.     Defendants deny the allegations of paragraph 15 concerning Breakwater. With respect to the portions of paragraph 15 regarding Upfront, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 15. Therefore, to the extent a response is required, Defendants deny the remaining allegations in paragraph 15.

16.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 16; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 16.

17.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 17; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 17.

18.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 18; therefore, to the extent a response is required, Defendants deny the allegations in paragraph 18.

19.     Denied as stated.  Further answering, Defendants admit that Mr. Mansour is a Managing Partner of Breakwater, is a resident of the State of California, that at various times

alleged in the Complaint he was a member of the Board or a Board observer, and that, at times, he had responsibility within Breakwater for its affairs with Loot Crate. Defendants deny the remaining allegations of paragraph 19.

20. Denied as stated. Further answering, Defendants admit that Mr. Amdani is an employee of Breakwater, is a resident of the State of California, that at various times alleged in the Complaint he was a member of the Board and that, at times, he had responsibility within Breakwater for its affairs with Loot Crate. Defendants deny the remaining allegations of paragraph 20.

21. Defendants admit that Mr. Beckman is an employee of Breakwater, is a resident of the State of California, and that at certain times he was a Board member, and deny the remaining allegations of paragraph 21.

22. Defendants admit that Mr. Geant is an employee of Breakwater, is a resident of the State of California and that at various times alleged in the Complaint he was a Board member, and deny the remaining allegations of paragraph 22.

23. Denied as stated. Further answering, Defendants admit that Mr. Kaczorowski is an employee of Breakwater, is a resident of the State of California, that at various times alleged in the Complaint he was a Board member, and that, at times, he had responsibility within Breakwater for its affairs with Loot Crate. Defendants deny the remaining allegations of paragraph 23.

24. Paragraph 24 merely states a definition and no response is required.

## **FACTUAL BACKGROUND**

25. Admitted.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26.  To the extent a response is required, Defendants deny the allegations of paragraph 26.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27.  To the extent a response is required, Defendants deny the allegations of paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28.  To the extent a response is required, Defendants deny the allegations of paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29.  To the extent a response is required, Defendants deny the allegations of paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 concerning the timeframes and employee counts.  To the extent a response is required, Defendants deny the allegations of paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31. To the extent a response is required, Defendants deny the allegations of paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32.  To the extent a response is required, Defendants deny the allegations of paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33.  To the extent a response is required, Defendants deny the allegations of paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34.  To the extent a response is required, Defendants deny the allegations of paragraph 34.

35.     Defendants admit that Loot Crate retained consultants from Dendera Advisory, LLC and McKinsey & Company, Mark Palmer of Theseus Strategy Group, and law firms such as Bryan Cave.  Defendants deny the remaining allegations of paragraph 35.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36.  To the extent a response is required, Defendants deny the allegations of paragraph 36.

37.     Denied.

38.     Defendants deny the allegations in the first sentence of paragraph 38.  The remaining allegations of paragraph 38 are admitted.

39.     Admitted.

40.     Defendants admit that Bettinelli was, at various times alleged in the Complaint, a member of the Board.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 40, and therefore deny same.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41.  To the extent a response is required, Defendants deny the allegations of paragraph 41.

42.     Defendants admit that Breakwater was granted the right to designate an observer to the Board under the terms of that certain Loan and Security Agreement dated June 1, 2016 and the letter agreement dated June 1, 2016, and that Breakwater designated Mr. Mansour to fill that role.

43.     Defendants admit that a Board observer could not vote.  Defendants deny the remaining allegations of Paragraph 43.

44.     Denied.

45.     Defendants admit that Breakwater and Loot Crate entered into the Loan Agreement, whose terms speak for themselves, and deny the remaining allegations of paragraph 45 to the extent the allegations depart from the terms of the Loan Agreement.

46.     Denied.

47.     Denied as stated.  Defendants admit that Mr. Mansour participated in an email exchange with Mr. Bettinelli, whose terms speak for themselves, and otherwise deny the allegations of paragraph 47.

48.     Denied.

49.     Defendants admit that Breakwater noticed continuing covenant defaults on January 31, 2017 related to Loot Crate's failure to maintain minimum subscriber levels and that the notice speaks for itself.  Defendants otherwise deny the allegations of paragraph 49

50.     Denied as stated.  Defendants admit that Mr. Mansour participated in an email exchange with Mr. Bettinelli, whose terms speak for themselves, and otherwise deny the allegations of paragraph 50.

51.     Defendants admit that Mr. Mansour and Mr. Bettinelli communicated with each other via text messages, and those exchanges speak for themselves, and otherwise deny the allegations in paragraph 51.

52.     Defendants decline to respond on the basis of the attorney-client privilege.

53.     Denied as stated.  Defendants admit the contents of the so-called Carry the Water Email, whose terms speak for themselves, and otherwise deny the allegations of paragraph 49.

54.     Admitted.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55.  To the extent a response is required, Defendants deny the allegations of paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56.  To the extent a response is required, Defendants deny the allegations of paragraph 56.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57.  To the extent a response is required, Defendants deny the allegations of paragraph 57.

58.     Denied as stated.  Defendants admit that they engaged in efforts to cause the makeup of the Board to reflect the needs and best interests of Loot Crate, and otherwise deny the allegations of paragraph 58.

59.     Denied as stated.  Defendants admit that they engaged in efforts to have the company's officers and Board reflect the needs and best interests of Loot Crate, and that Bettinelli suggested bringing on Kreiz as a Board member, and otherwise deny the allegations of paragraph 59.

60.     Defendants admit that Kreiz had a pre-existing relationship with Suster and Upfront and that communications between Upfront and Mr. Mansour state as much, and deny the remaining allegations of paragraph 60.

61.     Admitted.

62.     Admitted.

63.     Admitted.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64.  To the extent a response is required, Defendants deny the allegations of paragraph 64.

65.     Denied as stated. Defendants admit the contents of the January 3, 2018 email from Suster to Mansour and state that the email speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 65.  To the extent a response is required, Defendants deny the remaining allegations of paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 66.  To the extent a response is required, Defendants deny the allegations of paragraph 66.

67.     Denied as to the allegations concerning the Defendants.  With respect to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 67.  To the extent a response is required, Defendants deny the allegations of paragraph 67.

68.     Admitted.

69.     Admitted.

70.     Denied.

71.     Admitted.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.  To the extent a response is required, Defendants deny the allegations of paragraph 72.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 73.  To the extent a response is required, Defendants deny the allegations of paragraph 73.

74.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 74.  To the extent a response is required, Defendants deny the allegations of paragraph 74.  To the extent the allegations in paragraph 74 seek to characterize the Management Proposal, Defendants state that the document speaks for itself and Defendants deny any allegations in paragraph 74 to the extent they do not fully and accurately characterize the contents of the Management Proposal.

75.     Defendants state that paragraph 75 contains contentions of law to which no response is required.  To the extent that facts are alleged, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.  To the extent a response is required, Defendants deny the allegations of paragraph 75.

76.     Denied.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 77.  To the extent a response is required, Defendants deny the allegations of paragraph 77.

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 78.  To the extent a response is required, Defendants deny the allegations of paragraph 78.

79.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 79.  To the extent a response is required, Defendants deny the allegations of paragraph 79.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 80.  To the extent a response is required, Defendants deny the allegations of paragraph 80.

81.     Denied.

82.     Defendants are informed and believe that from time to time Suster communicated to Loot Crate its potential financial distress in the event it rejected the A-2 proposal.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 82 and therefore deny same.

83.     Defendants admit that a Board meeting occurred on November 3, 2017.  Defendants deny the remaining allegations of paragraph 83.

84.     Denied.

85.     Denied.

86.     Defendants admit that the minutes of the November 3, 2017 Board meeting speak for themselves, and deny the remaining allegations of paragraph 86.

87.     Defendants admit that the minutes of the November 3, 2017 Board meeting speak for themselves, and deny the remaining allegations of paragraph 87.

88.     Denied.

89.     Defendants admit the first sentence of paragraph 89 and that Messrs. Suster and Mansour did not recuse themselves.  The remaining allegations in paragraph 89 contain

contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 89.

90.     Admitted.

91.      The allegations in paragraph 91 contain contentions of law and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 92.  To the extent a response is required, Defendants deny the allegations of paragraph 92.

93.     Defendants admit that the A-2 Term Sheet contained Exclusivity Provisions, and that the document speaks for itself.  Defendants deny the remaining allegations in paragraph 93 to the extent they do not fully and accurately characterize the contents of the A-2 Term Sheet.

94.     Denied.

95.     Denied.

96.     Defendants admit that Davis did not consent to provide an irrevocable power of attorney, and otherwise deny the allegations of paragraph 96.

97.     Defendants admit that the Board called a meeting on November 15, 2017. Defendants deny the remaining allegations in paragraph 97.

98.     Denied.

99.     Denied.

100.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 100.  To the extent a response is required, Defendants deny the allegations of paragraph 100.

101.    Admitted.

102.    Admitted.

103.    Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 103.  To the extent a response is required, Defendants deny the allegations of paragraph 103.

104.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 104.  To the extent a response is required, Defendants deny the allegations of paragraph 104.

105.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 105.  To the extent a response is required, Defendants deny the allegations of paragraph 105.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 106.  To the extent a response is required, Defendants deny the allegations of paragraph 106.

107.    Defendants deny the allegations in paragraph 107 to the extent the allegations refer to Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 107.  To the extent a response is required, Defendants deny the allegations of paragraph 107.

108.    Defendants deny the allegations in paragraph 108 to the extent the allegations refer to Defendants.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 108.  To the extent a response is required, Defendants deny the allegations of paragraph 108.

109.    Denied.

DB1/ 119444380.2
02/28/21

110.     Defendants deny that Breakwater made a demand to accelerate the closing of the A-2 Term Sheet, and admit the remaining allegations in paragraph 110.

111.     Admitted.

112.     Defendants admit that Suster responded to Davis's email by stating "You signed a legal contract.  If you violate the terms we will begin immediate legal proceedings."  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 112.  To the extent a response is required, Defendants deny the allegations of paragraph 112.

113.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 113.  To the extent a response is required, Defendants deny the allegations of paragraph 113.

114.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 114.  To the extent a response is required, Defendants deny the allegations of paragraph 114.

115.     Admitted.

116.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 116.  To the extent a response is required, Defendants deny the allegations of paragraph 116.

117.     Admitted.

118.     Denied.

119.     Denied as stated.  Defendants admit that Breakwater issued Loot Crate two separate notices of covenant defaults, whose terms speak for the themselves, and otherwise deny the remaining allegations in paragraph 119.

120. Denied.

121. The allegations in the first sentence of paragraph 121 contain legal contentions for which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 121. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of paragraph 121. To the extent a response is required, Defendants deny the allegations of paragraph 121.

122. The allegations in paragraph 122 contain legal contentions for which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 122.

123. Defendants deny all of the premises and allegations of paragraph 123.

124. Denied, except that Defendants admit that each of the Management Proposal and the Original BioWorld Proposal could not be pursued absent a waiver of Breakwater's contractual rights as a secured creditor.

125. Denied.

126. Denied.

127. Admitted.

128. Denied.

129. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 129.  To the extent a response is required, Defendants deny the allegations of paragraph 129.

130. Admitted.

131. Denied.

132.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 132.  To the extent a response is required, Defendants deny the allegations of paragraph 132.

133.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 133 – specifically, the timeframe and correspondence referenced are imprecise generalizations – therefore, Defendants deny the allegations in paragraph 133.

134.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 134 – specifically, the timeframe and correspondence referenced are imprecise generalizations –therefore, Defendants deny the allegations in paragraph 134.

135.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 135.  To the extent a response is required, Defendants deny the allegations of paragraph 135.

136.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 136.  To the extent a response is required, Defendants deny the allegations of paragraph 136.

137.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 137.  To the extent a response is required, Defendants deny the allegations of paragraph 137.

138.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 138.  To the extent a response is required, Defendants deny the allegations of paragraph 138.

139. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 139. To the extent a response is required, Defendants deny the allegations of paragraph 139.

140. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 140, therefore, Defendants deny the allegations in paragraph 140.

141. Denied.

142. Defendants admit that Alex Zyngier was appointed as the common shareholder's Board designee, and that Zyngier purported to have turn around experience. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 142. To the extent a response is required, Defendants deny the allegations of paragraph 142.

143. Defendants admit that Loot Crate consulted with Richards, Layton & Finger, PA, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 143. To the extent a response is required, Defendants deny the allegations of paragraph 143.

144. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 144. To the extent a response is required, Defendants deny the allegations of paragraph 144.

145. Defendants admit that Terry Boyle resigned from the Board, and deny all remaining allegations in paragraph 145.

146. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 146. To the extent a response is required, Defendants deny the allegations of paragraph 146.

147. Admitted.

148. Denied.

149. Admitted.

150. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 150. To the extent a response is required, Defendants deny the allegations of paragraph 150.

151. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 151. To the extent a response is required, Defendants deny the allegations of paragraph 151.

152. Admitted.

153. Defendants admit the contents of the December 13, 2017 email, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 153. To the extent a response is required, Defendants deny the remaining allegations of paragraph 153.

154. Admitted.

155. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 155. To the extent a response is required, Defendants deny the allegations of paragraph 155.

156. Defendants admit that Loot Crate called a Board meeting on December 20, 2017; the remaining allegations in paragraph 156 are denied.

157.	Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained paragraph 157.  To the extent a response is required, Defendants deny the allegations of paragraph 157.

158.	Denied.

159.	Denied.

160.	Admitted.

161.	Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 161.  To the extent a response is required, Defendants deny the allegations of paragraph 161.

162.	Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 162.  To the extent a response is required, Defendants deny the allegations of paragraph 162.

163.	Admitted.

164.	Denied.

165.	Defendants admit that Breakwater and Loot Crate entered into a forbearance agreement on February 9, 2018, and deny the remaining allegations in paragraph 165.

166.	Defendants admit Breakwater and Loot Crate entered into a forbearance agreement dated May 8, 2018, and its terms speak for themselves.

167.	Admitted.

168.	Admitted.

169.	Admitted.

170.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 170.  To the extent a response is required, Defendants deny the allegations of paragraph 170.

171.     Admitted.

172.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 172.  To the extent a response is required, Defendants deny the allegations of paragraph 172.

173.      Denied as stated.  Defendants admit that Mr. Amdani engaged in correspondence regarding Suster's contact with Atalaya and that such correspondence speaks for itself and otherwise deny the allegations of paragraph 173.

174.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 174.  To the extent a response is required, Defendants deny the allegations of paragraph 174.

175.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 175.  To the extent a response is required, Defendants deny the allegations of paragraph 175.

176.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 176.  To the extent a response is required, Defendants deny the allegations of paragraph 176.

177.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 177.  To the extent a response is required, Defendants deny the allegations of paragraph 177.

178.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 178.  To the extent a response is required, Defendants deny the allegations of paragraph 178.

179.    Admitted.

180.    Admitted.

181.    Defendants admit that Loot Crate delivered Breakwater a second signed term sheet from South River and deny the remaining allegations of paragraph 181.

182.    Defendants admit that it rejected the revised term sheet because it failed to satisfy necessary requirements of a refinancing pursuant to the May 2018 Forbearance, and deny the remaining allegations of paragraph 182.

183.    Denied.

184.    Defendants admit that Breakwater required that the South River debt be subordinated, and deny the remaining allegations of paragraph 184.

185.    Denied.

186.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 186.  To the extent a response is required, Defendants deny the allegations of paragraph 186.

187.    Defendants admit that a June 22, 2018 Board meeting was called, and that Mr. Mansour voted against the South River Proposal, and deny the remaining allegations in paragraph 187.

188.    Denied.

189.    Denied.

190.    Denied.

191. Defendants admit that Breakwater sent a letter to Loot Crate on July 17, 2018 noticing defaults under the forbearance agreement, and deny the remaining allegations in paragraph 191.

192. Denied.

193. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 193. To the extent a response is required, Defendants deny the allegations of paragraph 193.

194. Defendants admit that Loot Crate failed to meet the deadlines under the May 2018 Forbearance, and deny the remaining allegations in paragraph 194.

195. Defendants admit that Loot Crate's failure to meet milestones under the May 2018 Forbearance triggered Breakwater's right to receive the full $2 million OID and appoint four new directors to the Board. Defendants deny the remaining allegations of paragraph 195.

196. Admitted.

197. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 197, and therefore deny same, except that Defendants admit that at various times Breakwater representatives communicated with Loot Crate employees.

198. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 198, except that Defendants deny the allegations of paragraph 198 as applied to Breakwater.

199. Defendants admit that Breakwater representatives were party to communications regarding employment opportunities and equity compensation with existing and former members of the Loot Crate management team. Defendants deny the remaining allegations in paragraph 199.

DB1/ 119444380.2
02/28/21

200.    Denied.

201.    Denied.

202.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 202.  To the extent a response is required, Defendants deny the allegations of paragraph 202.

203.    Defendants state that paragraph 203 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 203.

204.    Denied.

205.    Denied.

206.    Admitted.

207.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 207 – specifically, Defendants are unaware of any so-called Breakwater proposal regarding a Series B financing and any Board meetings to discuss, and the timeframe alleged is an imprecise generalization, to the extent a response is required, Defendants deny the allegations of paragraph 207.

208.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 208.  To the extent a response is required, Defendants deny the allegations of paragraph 208.

209.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 209.  To the extent a response is required, Defendants deny the allegations of paragraph 209.

210.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 210.  To the extent a response is required, Defendants deny the allegations of paragraph 210.

211.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 211.  To the extent a response is required, Defendants deny the allegations of paragraph 211.

212.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 212.  To the extent a response is required, Defendants deny the allegations of paragraph 212.

213.     Defendants state that paragraph 213 contains contentions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 213.  To the extent a response is required, Defendants deny the allegations of paragraph 213.

214.     Admitted.

215.     Denied as stated.  Further answering, Defendants state that the Breakwater board designees resigned from the Board on August 6, 2018.

216.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 216.  To the extent a response is required, Defendants deny the allegations of paragraph 216.

217.     Admitted.

218.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 218.  To the extent a response is required, Defendants deny the allegations of paragraph 218.

219.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 219.  To the extent a response is required, Defendants deny the allegations of paragraph 219.

220.     Admitted.

221.     Denied.

222.     Admitted.

223.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 223.  To the extent a response is required, Defendants deny the allegations of paragraph 223.

224.     Denied.

225.     Defendants admit that the Loot Crate entities filed voluntary chapter 11 petitions on August 11 and 12, 2019, and deny the remaining allegations in paragraph 225.

## COUNT I

### (Breach of Fiduciary Duty)

226.     Defendants repeat and restate their responses to paragraphs 1-225 as if fully set forth herein.

227.     Denied as stated.  Further answering that Mr. Mansour served as a Director from on or about January 2, 2018 to August 6, 2018.  Messrs. Amdani, Beckman, Geant, and Kaczorowski each served as Director from on or about July 25, 2018 to August 6, 2018.

228.     Denied as stated.  Defendants state that paragraph 228 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 228.

229.     Denied as stated.  Defendants state that paragraph 229 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 229.

230.     Denied as stated.  Defendants state that paragraph 230 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 230.

231.     Defendants state that paragraph 231 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 231.

232.     Defendants state that paragraph 232 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 232.

233.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 233.  To the extent a response is required, Defendants deny the allegations of paragraph 233.

234.     Defendants state that paragraph 234 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 234.

235.     Denied as stated.  Defendants state that paragraph 235 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 235.

236.     Denied as stated.  Defendants state that paragraph 236 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 236.

237.     Denied.

238.     Denied.

239.     Denied as stated.  Defendants state that paragraph 239 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 239.

240.     Denied as stated.  Further answering, Defendants state that Messrs. Mansour, Amdani, Beckman, Geant and Kaczorowski owed and discharged fiduciary duties to Loot Crate during the periods of their respective service as directors, lack knowledge as to the remaining allegations of paragraph 240, and therefore deny same.

241.     Denied.

242.     Denied.

243.     Denied.

## COUNT II

### (Aiding and Abetting Breach of Fiduciary Duty)

244.     Defendants repeat and restate their responses to paragraphs 1-243 as if fully set forth herein.

245.     Denied.

246.     Defendants state that paragraph 246 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 246.

247.     Denied.

248.     Denied.

249.     Denied as stated.  Further answering, Defendants state that Messrs. Mansour, Amdani, Beckman, Geant and Kaczorowski owed and discharged fiduciary duties to Loot Crate during the periods of their respective service as directors, lack knowledge as to the remaining allegations of paragraph 249, and therefore deny same.

250.     Denied.

251.     Denied.

252.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 252.  To the extent a response is required, Defendants deny the allegations of paragraph 252.

253.     Denied as stated.  Defendants state that paragraph 253 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 253.

## COUNT III

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

254.     Defendants repeat and restate their responses to paragraphs 1-253 as if fully set forth herein.

255.     Defendants admit the first sentence of paragraph 255, and state that the Series A Preferred Stock Purchase Agreement speaks for itself.  Defendants state the last sentence of paragraph 255 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of paragraph 255.

256.     Admitted.

257. Denied.

258. Denied.

259. Denied.

**COUNT IV**

**(Civil Conspiracy)**

260. Defendants repeat and restate their responses to paragraphs 1-259 as if fully set forth herein.

261. Denied.

262. Denied as stated. Further answering, Defendants state that Messrs. Mansour, Amdani, Beckman, Geant and Kaczorowski owed and discharged fiduciary duties to Loot Crate during the periods of their respective service as directors, lack knowledge as to the remaining allegations of paragraph 262, and therefore deny same.

263. Denied.

264. Denied.

265. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained paragraph 265. To the extent a response is required, Defendants deny the allegations of paragraph 265.

266. Denied as stated. Defendants state that paragraph 266 contains contentions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 266.

267. Defendants state that paragraph 267 contains contentions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 267.

## COUNT V

### (Fraudulent Transfer – OID, 11 U.S.C. § 544(b); 6 Del. Code §§ 1304(a) and 1307)

268.    Defendants repeat and restate their responses to paragraphs 1-267 as if fully set forth herein.

269.    Defendants state that paragraph 269 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 269.

270.    Admitted.

271.    Admitted.

272.    Denied.

273.    Denied.

274.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of paragraph 274, and therefore deny same.

275.    Denied.

## COUNT VI

### (Fraudulent Transfer – OID, 11 U.S.C. § 544(b); 6 Del. Code §§ 1305 and 1307)

276.    Defendants repeat and restate their responses to paragraphs 1-275 as if fully set forth herein.

277.    Admitted.

278.    Denied.

279.    Denied.

280.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of paragraph 280, and therefore deny same.

281. Denied.

<b><u>COUNT VII</u></b>

<b>(Fraudulent Transfer – OID, 11 U.S.C. § 548)</b>

282. Defendants repeat and restate their responses to paragraphs 1-281 as if fully set forth herein.

283. Admitted.

284. Denied.

285. Denied.

286. Denied.

<b><u>COUNT VIII</u></b>

<b>(Recovery of Avoided Transfers – OID, 11 U.S.C. § 550)</b>

287. Defendants repeat and restate their responses to paragraphs 1-286 as if fully set forth herein.

288. Denied.

289. Denied.

<b><u>COUNT IX</u></b>

<b>(Objection to Claims)</b>

290. Defendants repeat and restate their responses to paragraphs 1-289 as if fully set forth herein.

291. Admitted.

292. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 292. To the extent a response is required, Defendants deny the allegations of paragraph 292.

293.     Defendants state that paragraph 293 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 293.

294.     Defendants state that paragraph 294 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 294.

295.     Defendants state that paragraph 295 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 295.

296.     Defendants state that paragraph 296 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 296.

## DEMAND FOR JURY

297.     Defendants state that paragraph 297 contains contentions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 297.

## RESERVATION OF RIGHTS

298.     Defendants deny that the Committee has any such rights to reserve beyond those afforded to it by the Rules of Bankruptcy Procedure.

## **AFFIRMATIVE DEFENSES**

Without changing the burden of proof or persuasion,[2] Defendants allege the following specific and affirmative defenses to the causes of action alleged by Plaintiff in the Complaint. By designating the following defenses, Defendants do not admit any of the allegations in Plaintiff's claims or waive or limit any defenses which are or may be raised by its denials, allegations and averments set forth herein. Defendants have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as-yet unknown and unstated, affirmative defenses. Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

a. Plaintiff's Complaint fails to state a claim upon which relief could be granted.

b. Plaintiff's Complaint and each and every claim alleged in the Complaint is barred, in whole or in part, by the business judgment rule because actions taken by Defendants reflect an appropriate exercise of business judgment and were undertaken in good faith.

c. The Complaint and each and every claim alleged therein is barred, in whole or in part, by the doctrine of unclean hands.

d. The Complaint and each and every claim therein is barred, in whole or in part, by a valid release.

e. Defendants' liability, if any, to Debtors must be assessed in proportion to the liability of the other defendants and third persons, and Defendants may only be required to pay their proportionate share of fault.

---

[2] To the extent any specific or affirmative defense is, in fact, an element of the Plaintiff's prima facie case, the listing of these defenses is not intended to alter the burdens of proof or persuasion which remain upon the Plaintiff.

f.   The alleged transfers set forth in the Complaint are not avoidable pursuant to 6 Del. C. § 1308(f).

g.   Plaintiff's Complaint and each and every claim in the Complaint is barred by the doctrine of accord and satisfaction.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice and/or that judgment be entered in Defendants' favor on all claims and that Defendants be awarded their costs, attorney's fees, and such other relief as the Court deems just and proper.

Dated: March 1, 2021
Wilmington, Delaware

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jody C. Barillare*
  Jody C. Barillare (#5107)
  1201 N. Market Street, Suite 2201
  Wilmington, Delaware 19801
  Telephone: (302) 574-7294
  Email: jody.barillare@morganlewis.com

  Sabin Willett (*pro hac vice*)
  One Federal Street
  Boston, MA 02110-1726
  Tel: (617) 951-8775
  sabin.willett@morganlewis.com

  Shannon B. Wolf (*pro hac vice*)
  One State Street
  Hartford, CT 06103-3178
  Tel. (860) 240-2700
  shannon.wolf@morganlewis.com

  *Attorneys for Defendants Breakwater Credit Opportunities Fund, L.P., Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Old LC, Inc. *et al*., <br><br> Debtors. | Case No. 19-11791 (BLS) |
| Official Committee of Unsecured Creditors of Old LC, Inc., *et al.*, for and on behalf of the estates of Old LC, Inc., *et al.*, <br> *Plaintiff,* <br> v. <br><br> Upfront V, LP, Breakwater Credit Opportunities Fund, L.P., *et al.*, <br> *Defendants*. | Adv. No. 20-51002 (BLS) |

## CERTIFICATE OF SERVICE

I, Jody C. Barillare, hereby certify that on the 1st day of March, 2021, I caused a copy of the following to be served on the parties on the attached service list in the manner indicated.

- The Answer and Specific Defenses of Breakwater Credit Opportunities Fund, L.P., Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski to the First Amended Complaint.

Dated: March 1, 2021

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)

**Service List**

**ELECTRONIC MAIL**
(Counsel to Official Committee of Unsecured Creditors)
MORRIS JAMES LLP
Attn: Eric J. Monzo, Bryan M. Keilson and Jeffrey Waxman
500 Delaware Ave., Suite 1500
Wilmington, DE 19801
Email: emonzo@morrisjames.com; bkeilson@morrisjames.com; JWaxman@morrisjames.com

**ELECTRONIC MAIL**
(Counsel to Official Committee of Unsecured Creditors)
HEDRICK KRING, PLLC
Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
1700 Pacific Avenue, Suite 4650
Dallas, TX 75201
Email: Josh@HedrickKring.com; Joel@HedrickKring.com

**ELECTRONIC MAIL**
(Counsel to Official Committee Of Unsecured Creditors)
STRICKLIN LAW FIRM, P.C.
Samuel M. Stricklin, Esquire
Palisade Central II
2435 North Central Expressway, Suite 1200
Richardson, TX 75080
Email: Sam.stricklin@stricklaw.pro

**ELECTRONIC MAIL**
(Council to the Upfront Defendants)
PACHULSKI STANG ZIEHL & JONES
Attn: Colin R. Robinson, Dean Ziehl, Cia Mackle, and James Hunter
919 North Market Street
17th Floor
Wilmington, DE 19801
Email: jhunter@pszjlaw.com; crobinson@pszjlaw.com; dziehl@pszjlaw.com; cmackle@pszjlaw.com