Exhibit H

From:           Linda Michaelson
Sent:           Wed 11/29/2017 2:55 PM (GMT-05:00)
To:             Bigler, C. Stephen
Cc:             Linda Michaelson
Bcc:
Subject:        Minutes
Attachments:    Loot Crate - April 25 2017 Board Minutes (signed).pdf; Loot Crate - May 25 2017 Board Minutes (signed).pdf; Loot
                Crate - July 6 2017 Board Minutes (signed).pdf; Loot Crate - August 25 2017 Board Minutes (signed).pdf; Loot Crate -
                October 10 2017 Board Minutes (signed).pdf; Loot Crate - November 1 2017 Board Minutes (signed).pdf; Loot Crate -
                November 3 2017 Board Minutes (signed).pdf; Loot Crate - October 18 2017 Board Minutes (signed).pdf

Attached are the signed minutes.  I will separately send the draft minutes that were forwarded to me but not yet approved.

I am trying to confirm whether 3 p.m. will work for Ynon and Terry.  Will let you know.


Thanks, Linda

UCC_021040

UCC_021040

**LOOT CRATE, INC.**

**Telephonic Meeting of the Board of Directors**

**April 25, 2017**

A telephonic meeting of the Board of Directors (the "***Board***") of Loot Crate, Inc., a Delaware corporation (the "***Company***"), was held on the above date at 9:30 a.m.  Present were the following directors, constituting a quorum for the conduct of business:  Chris Davis, Greg Bettinelli, Terry Boyle and Ryan Hibbard.  Also present were Matthew Arevalo and Linda Menzel of the Company, Ynon Kreiz by invitation of the Board, Michael Carney of Upfront Ventures, Saif Mansour of Breakwater Credit Opportunities Fund, Bruce Gersh of Time, Inc., and Nick Hobson of Cooley LLP, counsel to the Company.  All participants could speak and hear one another.

Mr. Davis, presiding as Chairman of the meeting, called the meeting to order and reviewed the agenda for the meeting.  Mr. Hobson acted as Secretary of the meeting.

## CEO Business Update

Mr. Davis presented a general business update to the Board since the prior meeting, including with respect to certain key financial metrics.  Questions were asked and a detailed discussion ensued.

## Organizational Update

Mr. Davis updated the Board regarding certain organizational matters, including with respect to recent changes to the Company's team and anticipated hiring needs.  Questions were asked and a discussion ensued.

## Sports Crate Update

Next, Mr. Davis updated the Board regarding the Company's Sports Crate product, including with respect to certain initial performance metrics and near-term strategies.  Questions were asked and a thorough discussion ensued.

## Financial Review

Mr. Hibbard reviewed with the Board certain key financial metrics, including with respect to cash position and inventory liquidation.  Questions were asked and a detailed discussion ensued, including with respect to the Company's financial position and performance against plan, which led into a discussion regarding the Company's near-term strategic priorities.  Next, Messrs. Davis and Hibbard reviewed with the Board the key assessments and recommendations provided by Transcom with respect to the Company's cash flow forecasting process and model.

## Legal Update

Ms. Menzel updated the Board regarding certain pending legal matters.  Questions were asked and a discussion ensued.

144817841 v1

UCC_021041

UCC_021041

**Board Approvals**

Ms. Menzel reviewed with the Board the proposed resolutions attached hereto as Appendix A. Following discussion, upon motion duly made and seconded, the resolutions attached hereto as Appendix A were approved.

**D&O Insurance**

Ms. Menzel updated the Board regarding alternative proposals with respect to a new Directors and Officers liability insurance policy. Following discussion, the Board authorized management to obtain the Directors and Officers liability insurance policy in the amount of $10 million.

**Adjournment**

There being no further business to come before the meeting, the meeting was adjourned at approximately 11:30 a.m.

Respectfully submitted,

Nick Hobson, Secretary of the Meeting

144817841 v1

UCC_021042

UCC_021041

## APPENDIX A

### RESOLUTIONS OF THE BOARD OF DIRECTORS OF LOOT CRATE, INC. ADOPTED AT A MEETING HELD ON APRIL 25, 2017

**Approval of Prior Minutes**

RESOLVED, that the minutes of the meeting of the Board held on March 28, 2017, in the form presented to the Board at this meeting, are hereby approved.

**Approval of 409A Valuation**

WHEREAS, the Company has received a written report prepared by eShares Valuations LLC with respect to the fair market value of the Common Stock of the Company (the "*Common Stock*") as of December 31, 2016, in substantially the form attached hereto as Exhibit A (the "*Valuation Report*"), which constitutes a written report under Internal Revenue Code Section 409A and the regulations thereunder.

RESOLVED, that the Valuation Report is hereby adopted and approved in all respects.

**Grant of Options Under 2012 Stock Plan**

WHEREAS, the Company has previously adopted and maintains the Loot Crate, Inc. 2012 Stock Plan (as amended, the "*Plan*"); and

WHEREAS, the Board has determined that it would be in the best interests of the Company and its stockholders to provide an additional incentive for certain employees, consultants and/or directors of the Company by granting to them options to purchase shares of Common Stock pursuant to the Plan.

RESOLVED, that the individuals named on Exhibit B attached hereto (the "*Optionees*") are hereby granted options pursuant to the Plan to purchase the number of shares of Common Stock set forth opposite their respective names on Exhibit B (the "*Options*");

RESOLVED FURTHER, that each Option shall have an exercise price of $5.42 per share, which the Board hereby determines to be no less than the fair market value of one share of Common Stock on the date hereof after review and consideration of relevant factors, including, but not limited to, the Valuation Report, the liquidation preferences and other rights, preferences and privileges of the Company's Preferred Stock, the Company's recent financial performance and potential future cash flows, the lack of liquidity for the Common Stock, the value of the Company's assets, the market value of similar entities engaged in substantially similar businesses and current economic conditions;

RESOLVED FURTHER, that each of the Options (i) unless otherwise indicated on Exhibit B, shall have a ten-year term, (ii) unless otherwise indicated on Exhibit B or unless and to the extent limited by applicable law, shall be an Incentive Stock Option under Section 422 of the Internal Revenue Code of 1986, as amended, (iii) shall be subject to vesting based upon continued service as an employee, consultant or director of the Company in accordance with the schedule set forth on Exhibit B and the applicable form of stock option agreement and (iv) shall be subject to compliance with applicable securities laws;

144817841 v1

RESOLVED FURTHER, that each of the Options shall be evidenced by the appropriate form of stock option agreement under the Plan, and that the officers of the Company are hereby authorized and directed to execute and deliver such agreements; and

RESOLVED FURTHER, that the officers of the Company are hereby authorized and directed in the name of and on behalf of the Company to make all such arrangements, to do and perform all such acts, to execute and deliver all such certificates and other instruments and documents, and to do everything that they may deem to be reasonable and necessary or appropriate in order to fully implement the foregoing resolutions.

*[Remainder of Page Intentionally Left Blank]*

144817841 v1

## EXHIBIT A

### VALUATION REPORT

144817841 v1

UCC_021045

UCC_021041

**EXHIBIT B**

**LIST OF OPTIONEES**

| PARTICIPANT | VESTING COMMENCEMENT DATE | NO. OF SHARES | VESTING SCHEDULE | ISO/NSO | STATE OF RESIDENCE |
|---|---|---|---|---|---|
| Julio Luna | July 31, 2016 | 500 | (1) | ISO | CA |
| Ana Benitez | August 31, 2016 | 500 | (1) | ISO | CA |
| Blanca Ramirez | July 31, 2016 | 500 | (1) | ISO | CA |
| Arlene Alvarez | July 31, 2016 | 500 | (1) | ISO | CA |
| Jennifer Lageman | July 31, 2016 | 500 | (1) | ISO | CA |
| Reuben Munguia | July 31, 2016 | 500 | (1) | ISO | CA |
| Harvey Draper | July 31, 2016 | 500 | (1) | ISO | CA |
| John Draper | July 31, 2016 | 500 | (1) | ISO | CA |
| Maria Cardenas | July 31, 2016 | 500 | (1) | ISO | CA |
| Rebecca Lu | January 31, 2017 | 500 | (1) | ISO | CA |
| Jennifer Kyo | October 31, 2016 | 1,000 | (1) | ISO | CA |
| Helena Mills | May 31, 2016 | 10,000 | (1) | ISO | CA |
| Scott Wilger | May 31, 2016 | 1,000 | (1) | ISO | CA |
| Brian Mann | May 31, 2016 | 17,500 | (1) | ISO | CA |
| Connor Garrity | May 31, 2016 | 500 | (1) | ISO | CA |
| Hannah Moulder | May 31, 2016 | 500 | (1) | ISO | CA |
| George Nader | May 31, 2016 | 500 | (1) | ISO | CA |
| Michael Mohr | May 31, 2016 | 500 | (1) | ISO | CA |
| Julia Arnold | May 31, 2016 | 10,000 | (1) | ISO | CA |
| Abraham Kinney | May 31, 2016 | 5,000 | (1) | ISO | CA |
| Tyler Kleizo | May 31, 2016 | 1,000 | (1) | ISO | CA |
| Barrington Goines | May 31, 2016 | 1,000 | (1) | ISO | CA |

144817841 v1

| | | | | | |
|---|---|---|---|---|---|
| Musashi Asano | June 30, 2016 | 2,500 | (1) | ISO | CA |
| Jennifer Winters | June 30, 2016 | 500 | (1) | ISO | CA |
| Amber Fonseca | July 31, 2016 | 5,000 | (1) | ISO | CA |
| Keith Hudson | July 31, 2016 | 500 | (1) | ISO | CA |
| Kathleen Lundgren | July 31, 2016 | 500 | (1) | ISO | CA |
| Jason Shaffer | July 31, 2016 | 500 | (1) | ISO | CA |
| Gloria Johnson | August 31, 2016 | 2,500 | (1) | ISO | CA |
| Eric Wilkinson | August 31, 2016 | 1,000 | (1) | ISO | CA |
| John Williams | August 31, 2016 | 65,000 | (1) | ISO | CA |
| Brynne Lycette | August 31, 2016 | 2,500 | (1) | ISO | CA |
| Christine Chang | August 31, 2016 | 10,000 | (1) | ISO | CA |
| Victoria Welch | August 31, 2016 | 2,500 | (1) | ISO | CA |
| Jeffrey Kessler | August 31, 2016 | 5,000 | (1) | ISO | CA |
| Viviana Lozano Lara | August 31, 2016 | 1,000 | (1) | ISO | CA |
| Steven Knezevich | August 31, 2016 | 2,500 | (1) | ISO | CA |
| Dimitry Khilkevich | August 31, 2016 | 10,000 | (1) | ISO | CA |
| Hanah Yoon | August 31, 2016 | 500 | (1) | ISO | CA |
| Edmund Pietzak | August 31, 2016 | 1,000 | (1) | ISO | CA |
| Ruby Chen | August 31, 2016 | 500 | (1) | ISO | CA |
| Tammy Tan | August 31, 2016 | 1,000 | (1) | ISO | CA |
| Claudia Liera | August 31, 2016 | 1,000 | (1) | ISO | CA |
| Jesse McCann | September 30, 2016 | 1,000 | (1) | ISO | CA |
| Erik Reynolds | September 30, 2016 | 5,000 | (1) | ISO | CA |
| Jared Cohen | September 30, 2016 | 2,500 | (1) | ISO | CA |
| Ashlee Vaughn | September 30, 2016 | 1,000 | (1) | ISO | CA |
| David Morris | September 30, 2016 | 20,000 | (1) | ISO | CA |

144817841 v1

UCC_021047

UCC_021041

| | | | | | |
|---|---|---|---|---|---|
| Erich Gazaui | September 30, 2016 | 12,500 | (1) | ISO | CA |
| Sharls Hemelberg | September 30, 2016 | 7,500 | (1) | ISO | CA |
| Frank Maritato | September 30, 2016 | 5,000 | (1) | ISO | CA |
| Barry Coleman | September 30, 2016 | 30,000 | (1) | ISO | CA |
| Kelly Cristales | September 30, 2016 | 500 | (1) | ISO | CA |
| Andrew Amoros | September 30, 2016 | 500 | (1) | ISO | CA |
| Emily White | September 30, 2016 | 5,000 | (1) | ISO | CA |
| Michelle Mauk | September 30, 2016 | 2,500 | (1) | ISO | CA |
| Thomas Kurzanski | September 30, 2016 | 2,500 | (1) | ISO | CA |
| Gregory Brown | September 30, 2016 | 7,500 | (1) | ISO | CA |
| Alexander Fradkin | September 30, 2016 | 1,000 | (1) | ISO | CA |
| Edith Garcia | October 31, 2016 | 500 | (1) | ISO | CA |
| Francisco Lee | October 31, 2016 | 500 | (1) | ISO | CA |
| Sean Walker | October 31, 2016 | 2,500 | (1) | ISO | CA |
| Tasha Haggard | November 30, 2016 | 6,000 | (1) | ISO | CA |
| Bryan Cabalo | November 30, 2016 | 2,500 | (1) | ISO | CA |
| Colleen Moore | November 30, 2016 | 1,000 | (1) | ISO | CA |
| Jaime Bussell | November 30, 2016 | 5,000 | (1) | ISO | CA |
| Allen Fei | November 30, 2016 | 4,000 | (1) | ISO | CA |
| David Chang | November 30, 2016 | 10,000 | (1) | ISO | CA |
| David Samms | November 30, 2016 | 15,000 | (1) | ISO | CA |
| Evan Dorn | November 30, 2016 | 2,500 | (1) | ISO | CA |
| Scott Neitlich | November 30, 2016 | 5,500 | (1) | ISO | CA |
| Amy Louie | November 30, 2016 | 2,500 | (1) | ISO | CA |
| Nicole Pena | December 31, 2016 | 500 | (1) | ISO | CA |
| Steven Raby | December 31, 2016 | 4,000 | (1) | ISO | CA |

144817841 v1

UCC_021048

UCC_021041

| | | | | | |
|---|---|---|---|---|---|
| Ming Teng | December 31, 2016 | 12,500 | (1) | ISO | CA |
| Jonathan DeFaveri | December 31, 2016 | 2,500 | (1) | ISO | CA |
| Julianne Cuellar | December 31, 2016 | 5,000 | (1) | ISO | CA |
| Mauricio Undurraga | December 31, 2016 | 2,500 | (1) | ISO | CA |
| Kerry Cramer | January 31, 2017 | 5,000 | (1) | ISO | CA |
| Steed Sun | January 31, 2017 | 7,500 | (1) | ISO | CA |
| Amy Weitzman | January 31, 2017 | 5,000 | (1) | ISO | CA |
| Elizabeth Kawasaki | January 31, 2017 | 6,000 | (1) | ISO | CA |
| Michael Miller | January 31, 2017 | 500 | (1) | ISO | CA |
| Raymond Makowski | January 31, 2017 | 2,500 | (1) | ISO | CA |
| Lili Guerrero Valencia | January 31, 2017 | 500 | (1) | ISO | CA |
| Mark Turner | February 28, 2017 | 5,000 | (1) | ISO | CA |
| Kathryn Campbell | February 28, 2017 | 1,000 | (1) | ISO | CA |
| Roy Lee | February 28, 2017 | 5,000 | (1) | ISO | CA |
| Betty Stooksberry | February 28, 2017 | 12,500 | (1) | ISO | CA |
| Tania Dababneh | February 28, 2017 | 1,000 | (1) | ISO | CA |
| Zhaleh Aghili | February 28, 2017 | 700 | (1) | ISO | CA |
| Stefani Taylor | March 31, 2017 | 5,000 | (1) | ISO | CA |
| **TOTAL:** | | **414,700** | | | |

Vesting Schedule

(1)     Subject to Participant's continuous service with the Company, such option shall vest over a four-year period, with 1/4th of the total number of shares subject to such option vesting one year after the "Vesting Commencement Date" and 1/48th of the total number of shares subject to such option vesting each month thereafter.

144817841 v1

UCC_021049

UCC_021041

# LOOT CRATE, INC.

## Meeting of the Board of Directors

### May 25, 2017

### Held at the offices of Upfront Ventures
### 1337 6th St.
### Santa Monica, CA 90401

A meeting of the Board of Directors (the "*Board*") of Loot Crate, Inc., a Delaware corporation (the "*Company*"), was held at the above location and on the above date at 10:00 a.m.  Present were the following directors, constituting a quorum for the conduct of business:  Chris Davis, Greg Bettinelli, Terry Boyle and Ryan Hibbard.  Also present were Matthew Arevalo, Linda Menzel and John Williams of the Company, Ynon Kreiz and George Davis by invitation of the Board, Michael Carney of Upfront Ventures, Saif Mansour of Breakwater Credit Opportunities Fund, Bruce Gersh of Time, Inc., David Waxman, an investor in the Company, and Nick Hobson of Cooley LLP, counsel to the Company.  All participants could speak and hear one another.

Mr. Chris Davis, presiding as Chairman of the meeting, called the meeting to order and reviewed the agenda for the meeting.  Mr. Hobson acted as Secretary of the meeting.

## CEO Business Update

Mr. Chris Davis presented a general business update to the Board since the prior meeting. Questions were asked and a discussion ensued.

## Financial Review

Mr. Hibbard reviewed with the Board certain key financial metrics, including with respect to estimated results for April 2017 compared against prior forecasts.  Questions were asked and a detailed discussion ensued, including with respect to the Company's operating expenses.  Mr. Chris Davis and Mr. Hibbard then reviewed certain key estimates and forecasts for the remainder of 2017 and 2018, including with respect to cash flow.  Questions were asked, which led into a detailed discussion regarding the Company's inventory liquidation processes and strategy.

## Organizational Update

Mr. Chris Davis updated the Board regarding certain organizational matters, including with respect to recent changes to the Company's team and anticipated hiring needs.  Questions were asked and a discussion ensued.

At this point, David Morris, Doug Wadleigh and Ming Teng, employees of the Company, joined the meeting.

## Operations Update

Mr. Morris reviewed with the Board the Company's retail strategy and near-term opportunities, including with respect to certain key metrics.  Mr. Morris then updated the Board regarding the

146062932 v1

UCC_021050

UCC_021050

Company's fulfillment efforts, including with respect to the Company's warehouse in Pennsylvania and the implementation of the Company's new warehouse management system. Next, Mr. Morris updated the Board regarding the Company's excess inventory liquidation efforts. Questions were asked and an extensive discussion ensued.

## Sports Crate Update

Mr. Wadleigh updated the Board regarding the Company's Sports Crate product, including with respect to certain key performance metrics and near-term marketing strategies. Questions were asked and a thorough discussion ensued, including with respect to audience growth strategies and product offerings.

At this point, Messrs. Morris and Wadleigh departed from the meeting.

## Marketing Update

Mr. Teng updated the Board regarding the Company's marketing efforts and strategy, including with respect to certain key initiatives for Q2 and certain key user metrics. Questions were asked and a discussion ensued.

At this point, Mr. Teng departed from the meeting.

## Technology Update

Mr. Williams updated the Board regarding the Company's technology efforts and strategy, including with respect to certain recent achievements and key near-term initiatives. Questions were asked and a discussion ensued.

## Legal Update

Ms. Menzel updated the Board regarding certain pending legal matters. Questions were asked and a discussion ensued.

At this point, Mr. Williams departed from the meeting and David Sams and David Chang, employees of the Company, joined the meeting.

## Product Update

Messrs. Sams and Chang delivered a presentation to the Board regarding certain strategies to improve performance across various crate products. Mr. Chris Davis then reviewed with the Board the Company's product strategy. Questions were asked and a detailed discussion ensued.

At this point, Messrs. Sams and Chang departed from the meeting.

## Finance Review

Next, Mr. Chris Davis led a discussion with the Board regarding the Company's near-term fundraising needs and strategy.

146062932 v1

UCC_021051

UCC_021050

**Board Approvals**

      Mr. Hobson reviewed with the Board the proposed resolutions attached hereto as <u>Appendix A</u>. Following discussion, upon motion duly made and seconded, the resolutions attached hereto as <u>Appendix A</u> were approved.

**Adjournment**

      There being no further business to come before the meeting, the meeting was adjourned at approximately 2:30 p.m.

                            Respectfully submitted,

                            Nick Hobson, Secretary of the Meeting

UCC_021052

UCC_021050

<u>APPENDIX A</u>

**RESOLUTIONS OF THE BOARD OF DIRECTORS
OF LOOT CRATE, INC. ADOPTED
AT A MEETING HELD ON
MAY 25, 2017**

**Approval of Prior Minutes**

RESOLVED, that the minutes of the meeting of the Board of Directors (the "***Board***") of Loot Crate, Inc. (the "***Company***") held on April 25, 2017, in the form presented to the Board at this meeting, are hereby approved.

**Approval of Chairman Offer Letter**

WHEREAS, the Board has reviewed the proposed offer letter with Ynon Kreiz for the position of Chairman of the Board, in substantially the form attached hereto as **EXHIBIT A** (the "***Chairman Offer Letter***"); and

WHEREAS, the Board has determined that it is in the best interests of the Company and its stockholders to enter into the Chairman Offer Letter.

RESOLVED, that the Chairman Offer Letter is hereby approved in all respects;

RESOLVED FURTHER, that all actions taken for and on behalf of the Company to negotiate and enter into the Chairman Offer Letter are hereby ratified and approved in all respects; and

RESOLVED FURTHER, that the officers of the Company are each hereby authorized and directed, for and on behalf of the Company, to execute and deliver the Chairman Offer Letter and to take such further action and execute such additional documents as each may deem necessary or appropriate to perform the Company's obligations pursuant to the Chairman Offer Letter.

**Appointment of Chairman of the Board of Directors**

WHEREAS, pursuant to Section 2.3 of the Bylaws, subject to the rights of holders of any series of Preferred Stock then outstanding, any vacancies in the Board may be filled only by a majority vote of the directors then in office;

WHEREAS, pursuant to Section 2.2(d) of that certain Voting Agreement dated as of May 10, 2016, by and among the Company and its stockholders party thereto (the "***Voting Agreement***"), the Series A Director (as defined in the Voting Agreement) and Christopher Davis, as the holder of a majority of the issued and outstanding shares of Common Stock of the Company, have designated Ynon Kreiz to serve as an At-Large Director (as defined in the Voting Agreement); and

WHEREAS, pursuant to Section 3.2 of the Bylaws, officers of the Company may be appointed by the Board at any meeting.

RESOLVED, that, effective immediately, Ynon Kreiz is hereby elected as a director of the Company, to serve as an At-Large Director; and

146062932 v1

UCC_021053

UCC_021050

RESOLVED FURTHER, that, effective immediately, Mr. Kreiz is hereby appointed as Chairman of the Board, to serve until the first to occur of his resignation, his removal or the election and appointment by the Board of his successor.

## Approval of Amendment of Stock Option Grants

WHEREAS, the Board previously approved nonqualified or incentive stock option grants (the "*Options*") to the individuals listed on **EXHIBIT B** attached hereto (the "*Optionees*"), for the number of shares of the Company's Common Stock as set forth on **EXHIBIT B**, under the Company's 2012 Stock Plan (the "*Plan*");

WHEREAS, pursuant to Section 6.4(a)(iv) of the Plan and the applicable Notice of Grant of Stock Option and Stock Option Agreement (together, the "*Stock Option Agreements*"), each Optionee may exercise the vested portion of each such Option within three months following the termination date of such Optionee's Service (as defined in the Plan);

WHEREAS, each Optionee's Service terminated on a date less than three months prior to the date hereof;

WHEREAS, pursuant to Section 3.3(h) of the Plan, the Board has the power to (i) accelerate the vesting of the Options and (ii) extend the exercisability of the Options, including with respect to the period following an Optionee's termination of Service;

WHEREAS, the Board desires to accelerate the vesting of certain of the Options as indicated on **EXHIBIT B**; and

WHEREAS, the Board desires to extend the post-termination exercise period (the "*Exercise Period*") of the vested portion of the Options to allow each Optionee to exercise his or her respective Options to purchase any vested shares underlying such Options during the time period listed on **EXHIBIT B** corresponding to such Options.

RESOLVED, that, pursuant to the authority of the Board under Section 3.3(h) of the Plan, (i) certain of the Options are hereby amended to accelerate the vesting of a portion of such Options as indicated on **EXHIBIT B** and (ii) the Exercise Period of each of the Options is hereby amended to extend the Exercise Period of the vested portion of such Options for the time period listed on **EXHIBIT B** corresponding to such Options;

RESOLVED FURTHER, that the other terms and conditions of the Options as set forth in the Plan and the applicable Stock Option Agreements will be unchanged and remain in full force and effect;

RESOLVED FURTHER, that the officers of the Company are authorized and directed, for and on behalf of the Company, to modify the Stock Option Agreements to give effect to the amendment and to take such further actions and execute such additional documents as each may deem necessary or appropriate to carry out the intent of the foregoing resolutions; and

RESOLVED FURTHER, that any actions taken prior to the date of the foregoing resolutions by the persons elected as the officers of the Company that are within the authority conferred thereby are hereby ratified, confirmed and approved as the acts and deeds of this Company.

146062932 v1

*[Remainder of Page Intentionally Left Blank]*

146062932 v1

UCC_021055

UCC_021050

EXHIBIT A

CHAIRMAN OFFER LETTER

146062932 v1

UCC_021056

UCC_021050

**EXHIBIT B**

**OPTION AMENDMENTS**

| Optionee | Grant Date | Number of Shares | Acceleration | Exercise Period |
|---|---|---|---|---|
| Sarah Stern | 5/9/16 | 2,040 | N/A | (1) |
| Sarah Stern | 4/1/15 | 5,000 | N/A | (1) |
| Pheng Tea | 5/9/16 | 1,674 | N/A | (1) |
| Pheng Tea | 4/1/15 | 15,000 | N/A | (1) |
| Ryan Hibbard | 5/9/16 | 1,308 | N/A | (2) |
| Ryan Hibbard | 4/1/15 | 48,915 | N/A | (2) |
| Ryan Hibbard | 4/1/15 | 51,085 | N/A | (2) |
| David Aguilera | 5/9/16 | 628 | N/A | (1) |
| David Aguilera | 4/1/15 | 5,000 | N/A | (1) |
| Barry Coleman | 4/25/17 | 30,000 | (3) | (4) |

(1) Optionee may exercise his or her respective Options to purchase any vested shares underlying such Options on or before the earlier of (a) the three year anniversary of the termination of Optionee's Service (as defined in the Plan), or (b) the applicable Option Expiration Date (as defined in the Plan).

(2) Optionee may exercise his or her respective Options to purchase any vested shares underlying such Options on or before the earlier of (a) the five year anniversary of the termination of Optionee's Service, or (b) the applicable Option Expiration Date.

(3) In connection with the termination of Optionee's Service, the vesting of 25% of Optionee's Options shall be accelerated, such that 7,500 shares of Optionee's Options shall be fully vested as of the date of the termination of Optionee's Service.

(4) Optionee may exercise his or her respective Options to purchase any vested shares underlying such Options on or before the applicable Option Expiration Date.

146062932 v1

**LOOT CRATE, INC.**

**Telephonic Meeting of the Board of Directors**

**July 6, 2017**

A telephonic meeting of the Board of Directors (the "***Board***") of Loot Crate, Inc., a Delaware corporation (the "***Company***"), was held on the above date at 9:30 a.m.  Present were the following directors, constituting a quorum for the conduct of business:  Chris Davis, Greg Bettinelli and Ryan Hibbard.  Absent from the meeting was Terry Boyle and, at the start of the meeting, Ynon Kreiz.  Also present were Sam Glasgow, David Chang, Chris Powell, David Sams and Linda Menzel of the Company, Michael Carney of Upfront Ventures, Aamir Amdani of Breakwater Credit Opportunities Fund, Bruce Gersh of Time, Inc., and Nick Hobson of Cooley LLP, counsel to the Company.  All participants could speak and hear one another.

Mr. Davis, presiding as Chairman of the meeting, called the meeting to order and reviewed the agenda for the meeting.  Mr. Hobson acted as Secretary of the meeting.

**Financial Update**

Mr. Hibbard updated the Board regarding certain key financial metrics since the prior Board meeting as well as near-term estimates, including with respect to revenue and cash position.  Questions were asked and a discussion ensued, including with respect to the Company's financial position and performance against plan.  Mr. Davis then updated the Board regarding certain key performance metrics, including with respect to subscription.

**Retail Distribution Update**

Next, Mr. Davis reviewed with the Board the Company's retail distribution efforts, including with respect to the status of the Company's retail pilot launch and certain near-term potential opportunities.  Questions were asked and a discussion ensued.

**Sports Crate Update**

Mr. Sams updated the Board regarding the Company's Sports Crate product, including with respect to certain key performance metrics and near-term strategies.  Mr. Hibbard then reviewed with the Board certain revenue projections with respect to the Company's MLB Sports Crate.  Questions were asked and a discussion ensued.

At this point, Ynon Kreiz joined the meeting.

**Legal Update**

Ms. Menzel updated the Board regarding certain pending legal matters.  Questions were asked and a discussion ensued.

UCC_021058

UCC_021058

**Strategy Discussion**

The Board engaged in a discussion regarding potential product and marketing strategies.

**Adjournment**

There being no further business to come before the meeting, the meeting was adjourned at approximately 10:50 a.m.

Respectfully submitted,

Nick Hobson, Secretary of the Meeting

147608839 v1

UCC_021059

UCC_021058

**LOOT CRATE, INC.**

**Meeting of the Board of Directors**

**August 25, 2017**

**Held at the offices of the Company**
**3401 Pasadena Ave.**
**Los Angeles, CA 90031**

A meeting of the Board of Directors (the "***Board***") of Loot Crate, Inc., a Delaware corporation (the "***Company***"), was held at the above location and on the above date at 10:00 a.m. Present were the following directors, constituting a quorum for the conduct of business: Chris Davis, Greg Bettinelli, Terry Boyle, Ryan Hibbard and Ynon Kreiz. Also present were Matthew Arevalo, Sam Glasgow, Chris Powell and David Chang of the Company, Michael Carney of Upfront Ventures, Saif Mansour of Breakwater Credit Opportunities Fund, Bruce Gersh of Time, Inc., and Nick Hobson of Cooley LLP, counsel to the Company. All participants could speak and hear one another.

Mr. Chris Davis, presiding as Chairman of the meeting, called the meeting to order and reviewed the agenda for the meeting. Mr. Hobson acted as Secretary of the meeting.

**CEO Business Update**

Mr. Davis presented a general business update to the Board since the prior meeting, including with respect to certain key performance metrics, recent subscription launches and capital raising efforts. Questions were asked and a discussion ensued.

**Financial Review**

Mr. Davis reviewed with the Board certain key financial metrics, including with respect to results for June 2017 compared against prior forecasts. Questions were asked and a detailed discussion ensued, including with respect to the Company's liquidity challenges, financial forecasting, growth opportunities and potential reductions to the Company's operating expenses.

**Organizational Update**

Mr. Davis updated the Board regarding certain organizational matters, including with respect to recent changes to the Company's team and anticipated hiring needs. Questions were asked and a discussion ensued, including with respect to the Company's inventory management team.

**Operations Update**

Mr. Davis reviewed with the Board certain key operational matters, including with respect to inventory analysis and a potential COO candidate. Questions were asked and an extensive discussion ensued.

**Finance Review**

Mr. Davis led a discussion with the Board regarding the Company's near-term fundraising needs and strategy, including with respect to the Company's need to raise additional capital to address the Company's liquidity challenges.

149898002 v1

UCC_021060

UCC_021060

At this point, Doug Wadleigh joined the meeting.

**Sports Crate Update**

Mr. Wadleigh updated the Board regarding the Company's Sports Crate product, including with respect to certain key performance metrics, consumer learnings and near-term marketing strategies. Questions were asked and a thorough discussion ensued, including with respect to audience growth strategies and product offerings.

At this point, Mr. Wadleigh departed from the meeting.

**Business Development Update**

Mr. Davis updated the Board regarding the Company's business development efforts and strategy, including with respect to new product launches and near-term opportunities. Questions were asked and a discussion ensued.

At this point, Messrs. Arevalo, Glasgow, Powell and Chang departed from the meeting.

**Board Approvals**

Mr. Hobson reviewed with the Board the proposed resolutions attached hereto as Appendix A. Following discussion, upon motion duly made and seconded, the resolutions attached hereto as Appendix A were approved.

**Adjournment**

There being no further business to come before the meeting, the meeting was adjourned at approximately 2:30 p.m.

Respectfully submitted,

Nick Hobson, Secretary of the Meeting

149898002 v1

UCC_021061

UCC_021060

## APPENDIX A

## RESOLUTIONS OF THE BOARD OF DIRECTORS
## OF LOOT CRATE, INC. ADOPTED
## AT A MEETING HELD ON
## AUGUST 25, 2017

### Approval of Prior Minutes

RESOLVED, that the minutes of the meetings of the Board of Directors (the "*Board*") of Loot Crate, Inc. (the "*Company*") held on May 25, 2017 and July 6, 2017, in the form presented to the Board at this meeting, are hereby approved.

### Grant of Options Under 2012 Stock Plan

WHEREAS, the Company has previously adopted and maintains the Loot Crate, Inc. 2012 Stock Plan (as amended, the "*Plan*"); and

WHEREAS, the Board has determined that it would be in the best interests of the Company and its stockholders to provide an additional incentive for certain employees, consultants and/or directors of the Company by granting to them options to purchase shares of the Company's Common Stock (the "*Common Stock*") pursuant to the Plan.

RESOLVED, that the individuals named on **EXHIBIT A** attached hereto (the "*Optionees*") are hereby granted options pursuant to the Plan to purchase the number of shares of Common Stock set forth opposite their respective names on **EXHIBIT A** (the "*Options*");

RESOLVED FURTHER, that each Option shall have an exercise price of $5.42 per share, which the Board hereby determines to be no less than the fair market value of one share of Common Stock on the date hereof after review and consideration of relevant factors, including, but not limited to, the written report prepared by eShares Valuations LLC with respect to the fair market value of the Common Stock as of December 31, 2016, the liquidation preferences and other rights, preferences and privileges of the Company's Preferred Stock, the Company's recent financial performance and potential future cash flows, the lack of liquidity for the Common Stock, the value of the Company's assets, the market value of similar entities engaged in substantially similar businesses and current economic conditions;

RESOLVED FURTHER, that each of the Options (i) unless otherwise indicated on **EXHIBIT A**, shall have a ten-year term, (ii) unless otherwise indicated on **EXHIBIT A** or unless and to the extent limited by applicable law, shall be an Incentive Stock Option under Section 422 of the Internal Revenue Code of 1986, as amended, (iii) shall be subject to vesting based upon continued service as an employee, consultant or director of the Company in accordance with the schedule set forth on **EXHIBIT A** and the applicable form of stock option agreement and (iv) shall be subject to compliance with applicable securities laws;

RESOLVED FURTHER, that each of the Options shall be evidenced by the appropriate form of stock option agreement under the Plan, and that the officers of the Company are hereby authorized and directed to execute and deliver such agreements; and

RESOLVED FURTHER, that the officers of the Company are hereby authorized and directed in the name of and on behalf of the Company to make all such arrangements, to do and perform all such acts, to execute and deliver all such certificates and other instruments and documents, and to do

149898002 v1

everything that they may deem to be reasonable and necessary or appropriate in order to fully implement the foregoing resolutions.

**Extension of Post-Exercise Period of Stock Option Grants**

WHEREAS, the Board previously approved nonqualified or incentive stock option grants (the "*Options*") to the individuals listed on EXHIBIT B attached hereto (the "*Optionees*"), for the number of shares of Common Stock as set forth on EXHIBIT B, under the Plan;

WHEREAS, pursuant to Section 6.4(a)(iv) of the Plan and the applicable Notice of Grant of Stock Option and Stock Option Agreement (together, the "*Stock Option Agreements*"), each Optionee may exercise the vested portion of each such Option within three months following the termination date of such Optionee's Service (as defined in the Plan);

WHEREAS, each Optionee's Service terminated on a date less than three months prior to the date hereof;

WHEREAS, pursuant to Section 3.3(h) of the Plan, the Board has the power to extend the exercisability of the Options, including with respect to the period following a Optionee's termination of Service; and

WHEREAS, the Board desires to extend the post-termination exercise period (the "*Exercise Period*") of the vested portion of the Options to allow each Optionee to exercise his or her respective Options to purchase any vested shares underlying such Options during the time period listed on EXHIBIT B corresponding to such Options.

RESOLVED, that, pursuant to the authority of the Board under Section 3.3(h) of the Plan, the Exercise Period of each of the Options is hereby amended to extend the Exercise Period of the vested portion of such Options for the time period listed on EXHIBIT B corresponding to such Options;

RESOLVED FURTHER, that the other terms and conditions of the Options as set forth in the Plan and the applicable Stock Option Agreements will be unchanged and remain in full force and effect;

RESOLVED FURTHER, that the officers of the Company are authorized and directed, for and on behalf of the Company, to modify the Stock Option Agreements to give effect to the amendment and to take such further actions and execute such additional documents as each may deem necessary or appropriate to carry out the intent of the foregoing resolutions; and

RESOLVED FURTHER, that any actions taken prior to the date of the foregoing resolutions by the persons elected as the officers of the Company that are within the authority conferred thereby are hereby ratified, confirmed and approved as the acts and deeds of this Company.

*[Remainder of Page Intentionally Left Blank]*

149898002 v1

UCC_021063

UCC_021060

EXHIBIT A

OPTION GRANTS

| PARTICIPANT | VESTING COMMENCEMENT DATE | NO. OF SHARES | VESTING SCHEDULE | ISO/NSO | STATE OF RESIDENCE |
|---|---|---|---|---|---|
| Frank Maritato | September 30, 2016 | 1,000 | (1) | ISO | CA |
| Chandima Wickramasinghe | August 31, 2017 | 2,500 | (1) | ISO | CA |
| Jason Carlin | August 31, 2017 | 30,000 | (2) | ISO | CA |
| Connie Chan | July 31, 2017 | 1,000 | (1) | ISO | CA |
| Chris Powell | June 30, 2017 | 40,000 | (1) | ISO | CA |
| Caleb Bonar | June 30, 2017 | 500 | (1) | ISO | PA |
| Alexander Di Costanzo | June 30, 2017 | 1,000 | (1) | ISO | PA |
| Ashley Hwang | June 30, 2017 | 2,500 | (1) | ISO | CA |
| Clara Russell | June 30, 2017 | 500 | (1) | ISO | CA |
| Jin Seon Hong | June 30, 2017 | 1,000 | (1) | ISO | CA |
| Hung-Ju Wei | May 31, 2017 | 2,500 | (1) | ISO | CA |
| Shawnee Hale | May 31, 2017 | 500 | (1) | ISO | CA |
| Adrienne Bowman | May 31, 2017 | 1,000 | (1) | ISO | CA |
| Laila Longer | May 31, 2017 | 500 | (1) | ISO | PA |
| Brian McCloskey | May 31, 2017 | 500 | (1) | ISO | PA |

(1) Subject to Participant's continuous service with the Company, such option shall vest over a four-year period, with 1/4th of the total number of shares subject to such option vesting one year after the "Vesting Commencement Date" and 1/48th of the total number of shares subject to such option vesting each month thereafter.

(2) Subject to Participant's continuous service with the Company, such option shall vest over a four-year period, with 1/4th of the total number of shares subject to such option vesting six months after the "Vesting Commencement Date" and 1/42nd of the remaining number of shares subject to such option vesting each month thereafter.

UCC_021064

UCC_021060

**EXHIBIT B**

**OPTION AMENDMENTS**

| Optionee | Grant Date | Number of Shares | Exercise Period |
|---|---|---|---|
| Danielle Bullis | 5/9/16 | 523 | (1) |
| Danielle Bullis | 4/1/15 | 2,500 | (1) |
| Tyler Margison | 5/9/16 | 782 | (1) |
| Tyler Margison | 6/1/15 | 5,000 | (1) |
| Michael Fidler | 4/1/15 | 1,000 | (1) |
| Michael Fidler | 5/9/16 | 348 | (1) |

(1) Optionee may exercise his or her respective Options to purchase any vested shares underlying such Options on or before the earlier of (a) the three year anniversary of the termination of Optionee's Service (as defined in the Plan), or (b) the applicable Option Expiration Date (as defined in the Plan).

149898002 v1

UCC_021065

UCC_021060

# LOOT CRATE, INC.

## Telephonic Meeting of the Board of Directors

### October 10, 2017

A telephonic meeting of the Board of Directors (the "*Board*") of Loot Crate, Inc., a Delaware corporation (the "*Company*"), was held on the above date at 2:30 p.m.  Present were the following directors, constituting a quorum for the conduct of business:  Terry Boyle, Chris Davis, Ryan Hibbard and Ynon Kreiz.  Absent from the meeting was Greg Bettinelli.  Also present were Sam Glasgow and Chris Powell of the Company, Mark Suster and Riley McCluskey of Upfront Ventures, and Nick Hobson of Cooley LLP, counsel to the Company.  All participants could speak and hear one another.

Mr. Kreiz, presiding as Chairman of the meeting, called the meeting to order and reviewed the agenda for the meeting.  Mr. Hobson acted as Secretary of the meeting.

## Financial Review

The Board engaged in a detailed discussion regarding the Company's financial position, including with respect to its liabilities, cash position and opportunities to reduce operating expenses. Following discussion, the Board instructed management to provide (i) more detailed financial information and analysis to the Board, including with respect to the Company's cash position, runway and liabilities, and (ii) specific details on an ongoing basis with respect to potential alternative financing or other strategic transactions for consideration by the Board.  Questions were asked, which led into a discussion regarding the Company's strategic alternatives.

## Adjournment

There being no further business to come before the meeting, the meeting was adjourned at approximately 3:30 p.m.

Respectfully submitted,

Nick Hobson, Secretary of the Meeting

152015030 v1

# LOOT CRATE, INC.

## Telephonic Meeting of the Board of Directors

### November 1, 2017

A telephonic meeting of the Board of Directors (the "**Board**") of Loot Crate, Inc., a Delaware corporation (the "**Company**"), was held on the above date at 1:00 p.m.  Present were the following directors, constituting a quorum for the conduct of business:  Terry Boyle, Chris Davis, Ryan Hibbard, Ynon Kreiz and Mark Suster.  Also present were Matthew Arevalo and Linda Menzel of the Company, Bruce Gersh of Time, Inc., Saif Mansour of Breakwater Credit Opportunities Fund ("**Breakwater**"), and Nick Hobson of Cooley LLP, counsel to the Company.  All participants could speak and hear one another.

Mr. Davis, presiding as Chairman of the meeting, called the meeting to order and reviewed the agenda for the meeting.  Mr. Hobson acted as Secretary of the meeting.

**Finance Review**

Mr. Davis updated the Board regarding an anticipated equity financing proposal from one of the Company's vendors, as well as discussions with various other investors regarding a potential syndicated equity financing.  The Board engaged in a detailed discussion regarding each of the Company's financing options (including the existing formal proposal from Upfront Ventures (the "**Upfront Proposal**")), including with respect to the likelihood of closing, the dilutive impact to existing stockholders, the likelihood of obtaining approval from Breakwater for the requisite amendments to the Company's credit facility, as well as whether the Board will have sufficient time and information to consider alternative proposals that may be received prior to the expiration of the Upfront Proposal.

**Adjournment**

There being no further business to come before the meeting, the meeting was adjourned at approximately 2:30 p.m.

Respectfully submitted,

Nick Hobson, Secretary of the Meeting

153180466 v1

UCC_021067

UCC_021067

**LOOT CRATE, INC.**

**Meeting of the Board of Directors**

**November 3, 2017**

**Held at the offices of Upfront Ventures**
**1337 6th St.**
**Santa Monica, CA 90401**

A meeting of the Board of Directors (the "*Board*") of Loot Crate, Inc., a Delaware corporation (the "*Company*"), was held at the above location and on the above date at 10:00 a.m. Present were the following directors, constituting a quorum for the conduct of business: Terry Boyle, Chris Davis, Ryan Hibbard, Ynon Kreiz and Mark Suster. Also present were Matthew Arevalo, David Chang, Linda Menzel and Chris Powell of the Company, Stuart Lander and Michael Carney of Upfront Ventures, Saif Mansour of Breakwater Credit Opportunities Fund ("*Breakwater*"), Bruce Gersh of Time, Inc., George Davis by invitation of the Chief Executive Officer, and Nick Hobson of Cooley LLP, counsel to the Company. All participants could speak and hear one another.

Mr. Chris Davis, presiding as Chairman of the meeting, called the meeting to order and reviewed the agenda for the meeting. Mr. Hobson acted as Secretary of the meeting.

**Equity Financing Proposals**

First, Mr. Chris Davis reviewed with the Board (i) a term sheet for a financing involving both preferred equity and subordinated convertible notes received from BioWorld Merchandising, Inc., a vendor of the Company (the "*BioWorld Proposal*"); and (ii) a term sheet for a preferred equity financing submitted by certain members of the Company's management team (together with certain family and friends thereof) and certain existing stockholders of the Company (the "*Management Proposal*").

With respect to the BioWorld Proposal, the Board discussed the proposed valuation and structure, the lack of detail regarding governance controls and other investor rights set forth therein, the Board's concerns regarding granting veto rights to a strategic partner and potential acquiror, as well as the likelihood of closing the financing contemplated by the BioWorld Proposal given the nature of the investor, the lack of communication between Breakwater and the investor, and the approvals required from both Breakwater (in its capacity as the senior secured lender) and holders of the Company's Preferred Stock.

With respect to the Management Proposal, the Board discussed the proposed valuation and structure, concerns with respect to the amount of financing currently committed and anticipated in light of the Company's current financing needs, as well as the likelihood of closing the financing contemplated by the Management Proposal given the lack of certainty regarding the amount of committed capital and the approvals required from both Breakwater (in its capacity as the senior secured lender) and holders of the Company's Preferred Stock.

It was noted by the Board that each of the BioWorld Proposal and the Management Proposal were received the day prior to the meeting after significant efforts by management to seek alternative financing proposals and that, despite management's efforts to obtain alternative financing proposals (including

153281632 v3

UCC_021068

UCC_021068

discussions with investment banks) over the past several months, no other reasonable financing options are available to the Company at this time (other than the Upfront Proposal (as defined below)).

Next, Mr. Suster reviewed the most recent preferred equity financing proposal presented by Upfront Ventures (the "***Upfront Proposal***" and together with the BioWorld Proposal and the Management Proposal, each a "***Financing Proposal***"), including with respect to the proposed valuation and structure, the amount of the potential investment, proposed changes to the Company's governance, the pre-negotiated amendment to the Breakwater credit facility, the need for an equity incentive pool to retain and recruit employees going forward, the conditions to closing (including with respect to changes to the Company's management team and reporting structure), as well as the anticipated timing to funding.

At this point, the Board engaged in an extensive discussion regarding each of the Financing Proposals, including with respect to the dilutive impact on holders of Common Stock and Preferred Stock (both in terms of ownership percentage and liquidation waterfall analysis); the relative rights afforded to the holders of Common Stock and Preferred Stock; the need to provide sufficient equity incentives to current and potential employees; the need to obtain the approval of both Breakwater and holders of the Company's Preferred Stock; the relative timing and certainty of closing; the amount of capital available under each Financing Proposal; the expiration of the Upfront Proposal if not accepted by the end of this meeting as well as the binding exclusivity provision; the Company's current financial condition including its ability to satisfy its liabilities to existing creditors (including obligations to customers); risks associated with breach of its covenants under the Breakwater credit facility and Breakwater's remedies pursuant thereto; and how each Financing Proposal might impact the Company's ability to attract additional capital beyond the current equity financing.

Mr. Kreiz noted that the Management Proposal as a standalone option did not provide sufficient capital given the Company's financial position, such that it would need to be combined with another Financing Proposal. In addition, Messrs. Mansour and Suster advised the Board that neither Breakwater nor Upfront Ventures would approve the BioWorld Proposal or the Management Proposal without a full ratchet anti-dilution adjustment for the Series A Preferred Stock, in which case such Financing Proposals would be significantly less favorable for holders of the Company's Common Stock as compared to the Upfront Proposal. Mr. Mansour also conveyed to the Board that the restructuring of the Company's management team and reporting structure would be a condition of any amendment to the Breakwater credit facility.

Following detailed discussion and after taking into account the Company's financial condition and critical need for infusion of capital, the lack of alternative financing options available within the necessary timeframe, the Company's need to renegotiate its existing credit facility with Breakwater (including the lack of certainty with respect to same under the BioWorld Proposal or standalone Management Proposal), and the risk to existing stockholders of failing to secure a Financing Proposal (including allowing the Upfront Proposal to expire), the Board concluded that it is in the best interests of the Company and its stockholders to combine the Upfront Proposal with the Management Proposal.

At this point, the Board reviewed the key terms set forth in the Upfront Proposal, as well as changes thereto proposed by management. Following negotiation of certain key terms between Mr. Suster (acting in his capacity as a representative of Upfront Ventures and not a director of the Company) and management, a final proposed term sheet for a Series A-2 Preferred Stock financing was presented to the Board (the "***Series A-2 Term Sheet***") and reviewed in detail. Questions were asked and a discussion ensued. Following discussion, upon motion duly made by Mr. Kreiz and unanimously approved (with all directors of the Company, including Messrs. Boyle, Chris Davis, Hibbard and Suster, affirmatively voting in favor), it was:

153281632 v3

RESOLVED, that the Series A-2 Term Sheet is unanimously approved in the form presented to the Board, and management is authorized to execute the Series A-2 Term Sheet and instructed to work with the Company's legal counsel to prepare and negotiate definitive documentation with respect to the financing contemplated thereby.

## **Adjournment**

There being no further business to come before the meeting, the meeting was adjourned at approximately 3:30 p.m.

Respectfully submitted,

Nick Hobson, Secretary of the Meeting

153281632 v3

# LOOT CRATE, INC.

## Meeting of the Board of Directors

### October 18, 2017

### Held at the offices of Upfront Ventures
### 1337 6th St.
### Santa Monica, CA 90401

A meeting of the Board of Directors (the "***Board***") of Loot Crate, Inc., a Delaware corporation (the "***Company***"), was held at the above location and on the above date at 9:30 a.m. Present were the following directors, constituting a quorum for the conduct of business: Terry Boyle (via telephone), Chris Davis, Ryan Hibbard, Ynon Kreiz and Mark Suster. Also present were Riley McCluskey of Upfront Ventures, Saif Mansour of Breakwater Credit Opportunities Fund, and Tom Hopkins (via telephone) of Cooley LLP, counsel to the Company. All participants could speak and hear one another.

Mr. Davis, presiding as Chairman of the meeting, called the meeting to order and reviewed the agenda for the meeting. Mr. Hopkins acted as Secretary of the meeting.

### Finance Review

The Board engaged in a detailed discussion regarding the Company's financial position, including with respect to its liabilities, cash position and opportunities to reduce operating expenses. Next, the Board discussed the Company's financing needs and strategic alternatives. Following discussion, the Board instructed management to pursue potential financing opportunities with urgency and deliver any financing proposals to the Board for consideration.

### Adjournment

There being no further business to come before the meeting, the meeting was adjourned at approximately 11:30 a.m.

Respectfully submitted,

Tom Hopkins, Secretary of the Meeting

153204923 v1