Exhibit L

From:     Christopher Davis
Sent:     Thu 11/16/2017 4:29 PM (GMT-05:00)
To:       Terry Boyle; Mark Suster; Ynon Kreiz; Ryan Hibbard
Cc:       Linda Menzel; Hobson, Nick
Bcc:
Subject: A-2 Financing Update


Board,

I am writing to raise very serious issues that I have with the process that led to the approval of the Series A-2 Term Sheet at our November 3 Board meeting and, in particular, acceptance of the Term Sheet's Exclusivity Provision and to respond to the proposal that Upfront's portion of the proposed Series A-2 financing close this Friday, November 17.

Addressing the November 17 closing first, I have spoken with Cooley and Linda and understand that the documents for the proposed Series A-2 financing are not finalized. I am not comfortable agreeing to any transaction of this type without having the opportunity to do a full review of the agreements. Therefore, I cannot agree to closing the proposed financing on November 17, even if I were able to conclude that a financing along the terms set out in the Series A-2 Term Sheet was in the best interests of the Company and its shareholders.

As for the Series A-2 Term Sheet more generally, we all have a continuing fiduciary duty to work for the benefit of the company and its shareholders. At the November 3 Board meeting, there were three financing proposals considered. Consequently, we were not in a situation where there was only one possible path. Even if the Management Proposal and BioWorld Proposal were not acceptable on their proposed terms at the time, there was no basis for determining that they could not be improved, or that other financing sources would not be available. Nevertheless, the Board was presented with the Series A-2 Term Sheet, with its Exclusivity Provision, and was not advised by Cooley as to the potential breach of fiduciary duty inherent in contracting away the Company's right to seek better financing terms from another party or parties.

Additionally, Upfront has failed to provide the $1.5 million of bridge financing at reasonable terms that was promised in connection with the Term Sheet and has sought other changes to the terms, including the accelerated closing. Therefore the financing that we are now being asked to approve and close on Friday is not even what was approved on November 3.

I cannot agree at this time, either as a director or a shareholder, to a financing under the terms currently proposed. I also believe that we have a fiduciary duty to see if there is an alternative financing proposal available that provides better terms to the Company and its shareholders and that can close by the Term Sheet's December 4 closing date. I have consulted with my own counsel in California and in Delaware and understand that, because it interferes with that fiduciary duty, the Exclusivity Provision is likely not enforceable under Delaware law.

I am now working to obtain a financing proposal that provides the Company the money it needs on better terms for the Company and its shareholders than the Term Sheet. Given the Company's cash needs, I understand that any alternative must be presented ASAP. Therefore, I propose that we set a Board meeting for Monday, November 27, at which time I will present the results of my efforts for the Board's consideration.

Best Regards,

--
**Chris Davis**
Loot Crate | CEO/Co-Founder | M: 408.464.0111
3401 Pasadena Avenue, Los Angeles, CA 90031