## Joel Bailey

| | |
|---|---|
| **From:** | James Hunter <jhunter@pszjlaw.com> |
| **Sent:** | Tuesday, December 15, 2020 2:26 PM |
| **To:** | Wolf, Shannon B.; Josh Hedrick; Jeremy Richards |
| **Cc:** | Sam Stricklin (sam.stricklin@stricklaw.pro); Willett, P. Sabin; Jeff Waxman; Joel Bailey; Mark Fritsche; Barillare, Jody C.; James Hunter |
| **Subject:** | RE: Committee v. Upfront et al. |

Josh/Shannon:

The Upfront Defendants (1) would move both mediation dates forward by two months as once the defendants receive the pertinent documents from Plaintiff, the parties should be in a good position to evaluate the merits of their respective cases before undertaking/completing non-document discovery; and (2) request the Court to hold off setting any of the Paragraphs 3-5 dates until after the case is at issue or at least the initial challenges to the complaint have been decided or, if the Court wants to set those dates now, move all the dates back three months since the matter will likely not be at issue before late April at the earliest. We agree that limiting initial discovery to the production by all parties of documents makes sense, particularly if the parties agree to mediate before engaging in discovery other than document productions.

Regards, Jim

**James Hunter**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2359
Tel: 310.277.6910 | Cell: 310.990.9001 | Fax: 310.201.0760
jhunter@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

---

**From:** Wolf, Shannon B. [mailto:shannon.wolf@morganlewis.com]
**Sent:** Tuesday, December 15, 2020 10:58 AM
**To:** Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>
**Cc:** Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; Willett, P. Sabin <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Jeff Waxman <JWaxman@morrisjames.com>; Joel Bailey <Joel@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>; Barillare, Jody C. <jody.barillare@morganlewis.com>
**Subject:** RE: Committee v. Upfront et al.

Josh,



EXHIBIT

A

On the discovery and schedule points – we do not agree with the schedule as proposed.  As discussed during the meet and confer, we think it makes more sense in this case for a phased approach, especially on the discovery front where the plaintiff has already had an opportunity for discovery from the defendants via the 2004 requests.  We propose a first phase of document discovery (through the end of February) consisting of plaintiff producing documents to the defendants, followed by a status conference (perhaps in mid-March) to discuss the appropriate summary judgment process based on document discovery.

Shannon


**Shannon B. Wolf**
**Morgan, Lewis & Bockius LLP**
One State Street | Hartford, CT 06103-3178
Direct: +1.860.240.2590 | Main: +1.860.240.2700 | Cell: +1.203.312.4330 | Fax: +860-240-2701
shannon.wolf@morganlewis.com | www.morganlewis.com




**From:** Josh Hedrick <Josh@hedrickkring.com>
**Sent:** Tuesday, December 15, 2020 11:24 AM
**To:** Jeremy Richards <jrichards@pszjlaw.com>
**Cc:** Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; Wolf, Shannon B. <shannon.wolf@morganlewis.com>; Willett, P. Sabin <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Jeff Waxman <JWaxman@morrisjames.com>; Joel Bailey <Joel@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>; Josh Hedrick <Josh@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

[EXTERNAL EMAIL]
Jeremy,

Attached is a proposed Agreed Scheduling Order for review and input from Defendants.  Please let us know if you see any issues with the schedule that we may need to address with the Court during tomorrow's hearing.

Regarding the request for phased discovery – we discussed the issue internally and we see no need to "phase" discovery in this case.  We understand that Defendants may want to promptly serve RFPs and you are certainly entitled to do so in accordance with the rules.  But we do not believe any special adjustments need to be made based on the issues raised during our call.

On your request regarding certain individual defendants, the facts discovered to date support the joinder of each of the individual defendants.  We do not intend to dismiss any defendants at this time, but we will certainly evaluate—and respond to—the substance of any issues you raise in the Rule 12 motions you have indicated that you plan to file.  Of course, if you are aware of facts that you believe support dismissal of certain individual defendants, we are happy to discuss further.

Finally, please be sure to include Joel Bailey and Mark Fritsche on all correspondence related to this matter.  Both have been copied into this thread.

Thanks,

Josh
214.215.0236

**From:** Jeremy Richards <[jrichards@pszjlaw.com](mailto:jrichards@pszjlaw.com)>
**Sent:** Monday, December 14, 2020 3:32 PM
**To:** Josh Hedrick <[Josh@hedrickkring.com](mailto:Josh@hedrickkring.com)>
**Cc:** Sam Stricklin ([sam.stricklin@stricklaw.pro](mailto:sam.stricklin@stricklaw.pro)) <[sam.stricklin@stricklaw.pro](mailto:sam.stricklin@stricklaw.pro)>; 'Wolf, Shannon B.'
([shannon.wolf@morganlewis.com](mailto:shannon.wolf@morganlewis.com)) <[shannon.wolf@morganlewis.com](mailto:shannon.wolf@morganlewis.com)>; Willett, P. Sabin
([sabin.willett@morganlewis.com](mailto:sabin.willett@morganlewis.com)) <[sabin.willett@morganlewis.com](mailto:sabin.willett@morganlewis.com)>; James Hunter <[jhunter@pszjlaw.com](mailto:jhunter@pszjlaw.com)>; Jeff
Waxman <[JWaxman@morrisjames.com](mailto:JWaxman@morrisjames.com)>
**Subject:** Committee v. Upfront et al.

Josh

Just following up to see if you have had a chance to look at the two issues you said you would consider during our call
last week.


**Jeremy Richards**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2346
Tel: 310.277.6910 | Fax: 310.201.0760
[jrichards@pszjlaw.com](mailto:jrichards@pszjlaw.com)
[vCard](#) | [Bio](#) | [LinkedIn](#)



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail
message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and
permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the
contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract
and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.


DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this

communication in error, please notify us immediately by
e-mail and delete the original message.

---

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

## Joel Bailey

**From:** Wolf, Shannon B. <shannon.wolf@morganlewis.com>
**Sent:** Wednesday, December 16, 2020 11:13 AM
**To:** Joel Bailey; Waxman, Jeffrey R; Josh Hedrick; Jeremy Richards; Sam Stricklin (sam.stricklin@stricklaw.pro); Willett, P. Sabin; James Hunter; Mark Fritsche
**Subject:** RE: Committee v. Upfront et al.
**Attachments:** WS Comparison_2020.12.15 Loot Draft Scheduling Order.Waxman (002) - LC Scheduling Order - ML Comments.pdf; LC Scheduling Order - ML Comments.docx

All,

Our comments to the proposed order are attached in clean and redline form (subject to ongoing internal and client review, of course).  Happy to jump on a call to discuss.

Shannon

**Shannon B. Wolf**
**Morgan, Lewis & Bockius LLP**
One State Street | Hartford, CT 06103-3178
Direct: +1.860.240.2590 | Main: +1.860.240.2700 | Cell: +1.203.312.4330 | Fax: +860-240-2701
shannon.wolf@morganlewis.com | www.morganlewis.com



---

**From:** Joel Bailey <Joel@hedrickkring.com>
**Sent:** Tuesday, December 15, 2020 4:40 PM
**To:** Waxman, Jeffrey R <JWaxman@morrisjames.com>; Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>; Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; Wolf, Shannon B. <shannon.wolf@morganlewis.com>; Willett, P. Sabin <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Mark Fritsche <Mark@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

[EXTERNAL EMAIL]
Further to Jeff's email, and setting aside the request for phased discovery at the moment, attached is a revised proposed scheduling order outlining the changes in Jeff's first paragraph.  In the interest of time, I am circulating to everyone at once, so this remains subject to further review and revision by Plaintiff.

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com



EXHIBIT

B

**From:** Waxman, Jeffrey R <JWaxman@morrisjames.com>
**Sent:** Tuesday, December 15, 2020 3:26 PM
**To:** Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>; Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; 'Wolf, Shannon B.' (shannon.wolf@morganlewis.com) <shannon.wolf@morganlewis.com>; Willett, P. Sabin (sabin.willett@morganlewis.com) <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Joel Bailey <Joel@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.


All:

It sounds as though there are three issues, two of which sounds like they can and should be easily resolved:  the mediation gets moved up and the dates cutting off deadlines are continued and left open-ended, subject to entry of a further scheduling order by the Court after mediation.  I will defer to my co-counsel, but that does not sound unreasonable to me and is consistent with Delaware practice.

The third issue, phased discovery, requested by Ms. Wolf's clients, is, at least as I understand it, not likely going to be resolved without a Court determination.  I read Ms. Wolf's proposal to allow the defendants - and only the defendants - to take discovery and then they will get an opportunity to file a dispositive motion without the plaintiff having an opportunity to take discovery.  Ms. Wolf:  I interpreting your proposal correctly?

Jeff


**Jeffrey R. Waxman**
Partner
jwaxman@morrisjames.com



500 Delaware Avenue | Suite 1500
Wilmington, DE 19801-1494
T 302.888.5842 F 302.504.3942



Download my vcard

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

**From:** Josh Hedrick <Josh@hedrickkring.com>
**Sent:** Tuesday, December 15, 2020 11:24 AM
**To:** Jeremy Richards <jrichards@pszjlaw.com>
**Cc:** Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; 'Wolf, Shannon B.' (shannon.wolf@morganlewis.com) <shannon.wolf@morganlewis.com>; Willett, P. Sabin (sabin.willett@morganlewis.com) <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Joel Bailey <Joel@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>; Josh Hedrick <Josh@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

Jeremy,

Attached is a proposed Agreed Scheduling Order for review and input from Defendants.  Please let us know if you see any issues with the schedule that we may need to address with the Court during tomorrow's hearing.

Regarding the request for phased discovery – we discussed the issue internally and we see no need to "phase" discovery in this case.  We understand that Defendants may want to promptly serve RFPs and you are certainly entitled to do so in accordance with the rules.  But we do not believe any special adjustments need to be made based on the issues raised during our call.

On your request regarding certain individual defendants, the facts discovered to date support the joinder of each of the individual defendants.  We do not intend to dismiss any defendants at this time, but we will certainly evaluate—and respond to—the substance of any issues you raise in the Rule 12 motions you have indicated that you plan to file.  Of course, if you are aware of facts that you believe support dismissal of certain individual defendants, we are happy to discuss further.

Finally, please be sure to include Joel Bailey and Mark Fritsche on all correspondence related to this matter.  Both have been copied into this thread.

Thanks,

Josh
214.215.0236

---

**From:** Jeremy Richards <jrichards@pszjlaw.com>
**Sent:** Monday, December 14, 2020 3:32 PM
**To:** Josh Hedrick <Josh@hedrickkring.com>
**Cc:** Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; 'Wolf, Shannon B.' (shannon.wolf@morganlewis.com) <shannon.wolf@morganlewis.com>; Willett, P. Sabin (sabin.willett@morganlewis.com) <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Jeff Waxman <JWaxman@morrisjames.com>
**Subject:** Committee v. Upfront et al.

Josh

Just following up to see if you have had a chance to look at the two issues you said you would consider during our call last week.


**Jeremy Richards**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2346
Tel: 310.277.6910 | Fax: 310.201.0760
jrichards@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| | § | |
| Official Committee of Unsecured Creditors | § | |
| of Old LC, Inc., et al., for and on behalf of | § | |
| the estates of Old LC, Inc., et al.; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit | § | |
| Opportunities Fund, L.P.; Upfront GP V, | § | |
| LLC; Mark Suster; Dana Kibler; Gregory | § | |
| Bettinelli; Saif Mansour; Aamir Amdani; | § | |
| Eric Beckman; Darrick Geant; and Joseph | § | |
| Kaczorowski | § | |
| | § | |
| *Defendants.* | § | |

## AGREED SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the

following schedule shall apply to the above-captioned adversary proceeding.

On November 23, 2020, the parties entered into a Joint Stipulation Concerning

Service and Initial Deadlines (the "Stipulation"). (Doc. No. 13-1). On November 24, 2020, the

Court entered its Order Approving Scheduling Order. (Doc. No. 18). The Stipulation set forth a

briefing schedule for any motion filed pursuant to Fed. R. Bankr. P. 7012 and/or Fed. R. Civ. P.

---

[1]     The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

12, along with a deadline for the exchange of initial disclosures required by Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26. The deadlines from the Stipulation and the Court's Order Approving Scheduling Order remain in place and are not modified by this Agreed Scheduling Order.

On December 10, 2020, counsel for all parties to this Adversary Proceeding participated in the conference required by Fed. R. Civ. P. 26(f) and Local Rule 7016-1. As part of that conference, and subsequent communications, the parties discussed various matters and reached an agreement on this Agreed Scheduling Order. The purpose of this Agreed Scheduling Order is to set forth the deadlines that will control the progression of this case through discovery as it is prepared for trial.

**IT IS HEREBY ORDERED** that:

1. No later than **March 15, 2021**, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding. Mediation shall be completed no later than **April 26, 2021**.

2. If mediation is unsuccessful, the parties agree to confer and, if possible, agree-upon deadlines for amendment of pleadings, joinder of parties, fact discovery, expert disclosures, and dispositive motions within seven days after the mediation concludes. The parties shall submit a proposed scheduling order reflecting these deadlines, along with any disagreements concerning these deadlines, to the Court within fourteen days after the mediation concludes.

**3. Notwithstanding the foregoing, the parties agree to limit any pre-Mediation discovery to document production to be completed by February 28, 2021.**

12461683.v1

**In the event any party wishes to take pre-Mediation discovery in some other form, the parties agree to confer in advance to seek to narrow any objections.**

**4.      Each party reserves the right to move for summary judgment pursuant to Fed. R. Civ. P. 56 and Bankr. R. 7056 prior to the start of Mediation.  Nothing in this Scheduling Order shall limit or otherwise restrict any party's rights under Fed. R. Civ. P. 56(d), Bankr. R. 7056.**

5.      Deadlines contained in this Scheduling Order may be modified by agreement of the parties without need for further Order of this Court, except for modifications that would impact the Court's calendar, or they may be modified upon written motion for good cause shown.

12461683.v1

Document comparison by Workshare 10.0 on Wednesday, December 16, 2020 12:06:16 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\MP096265\Documents\2020.12.15 Loot Draft Scheduling Order.Waxman (002).docx |
| Description | 2020.12.15 Loot  Draft Scheduling Order.Waxman (002) |
| Document 2 ID | file://C:\Users\MP096265\Documents\LC Scheduling Order - ML Comments.docx |
| Description | LC Scheduling Order - ML Comments |
| Rendering set | MLB Set 1 |

| Legend: |
|---|
| **Insertion** |
| [Deletion ] |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 4 |
| Deletions | 0 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 4 |

**Joel Bailey**

---

| | |
|---|---|
| **From:** | Willett, P. Sabin <sabin.willett@morganlewis.com> |
| **Sent:** | Wednesday, December 16, 2020 1:28 PM |
| **To:** | Joel Bailey; Wolf, Shannon B.; Waxman, Jeffrey R; Josh Hedrick; Jeremy Richards; Sam Stricklin (sam.stricklin@stricklaw.pro); James Hunter; Mark Fritsche |
| **Subject:** | RE: Committee v. Upfront et al. |
| **Attachments:** | 2020.12.16 Loot  Draft Scheduling Order.Waxman.docx |

revised.

this draft would work for us.  Not red-lined, sorry, in haste.

**P. Sabin Willett**
**Morgan, Lewis & Bockius LLP**
One Federal Street | Boston, MA 02110-1726
Direct: +1.617.951.8775 | Main: +1.617.341.7700 | Fax: +1.617.341.7701
sabin.willett@morganlewis.com | www.morganlewis.com
Assistant: Hannah J. Munro | +1.617.341.7858 | hannah.munro@morganlewis.com





---

**From:** Joel Bailey <Joel@hedrickkring.com>
**Sent:** Wednesday, December 16, 2020 2:01 PM
**To:** Wolf, Shannon B. <shannon.wolf@morganlewis.com>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>; Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; Willett, P. Sabin <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Mark Fritsche <Mark@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

[EXTERNAL EMAIL]

Engaging in a protracted discussion on a scheduling order after we had a hearing this morning to resolve any differences does not further your alleged goal of conserving resources and minimizing expenses of the case.  Does the attached resolve your concerns (I added a clause to para 3)?

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com

---

**From:** Wolf, Shannon B. <shannon.wolf@morganlewis.com>
**Sent:** Wednesday, December 16, 2020 12:44 PM
**To:** Joel Bailey <Joel@hedrickkring.com>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>; Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; Willett, P. Sabin <sabin.willett@morganlewis.com>; James Hunter

<jhunter@pszjlaw.com>; Mark Fritsche <Mark@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

Notwithstanding your representation that parties can engage in discovery and summary judgment practice at any time, the language of your proposed para 2 suggests otherwise – both would occur after mediation.  That's the basis for our express carve outs of discovery and summary judgment practice.  So at the very least, paragraph three should also provide that nothing in the order precludes parties from moving for summary judgment.

Our desire to limit the pre-mediation discovery to documents is to conserve resources and minimize expenses in this case.  The only universe of documents the Breakwater defendants have are the documents produced by them to the Committee/Debtor in the 2004 discovery process.  The complaint relies on and incorporates a variety of agreements, emails, minutes, proposals and term sheets – presumably the Committee has such documents in its possession either from the Debtors or the 2004 discovery from other parties since it incorporates them in the complaint.  If mediation is going to meaningful at all, all parties will need to be on the same information playing field.

There is no effort here to tie anyone's hands or cut off post-mediation discovery options for anyone.  And we take your point that the Committee may have additional materials/topics for pre-mediation discovery, as such our proposal does not limit who can take document discovery during the pre-mediation phase and provides for a meet and confer process if any party wishes to pursue depositions and the like.   For lack of a better term, all we're asking for is some agreement on guardrails for pre-mediation discovery so we can go into mediation with a good understanding of the issues and facts but not spend a fortune getting there.

**Shannon B. Wolf**
**Morgan, Lewis & Bockius LLP**
One State Street | Hartford, CT 06103-3178
Direct: +1.860.240.2590 | Main: +1.860.240.2700 | Cell: +1.203.312.4330 | Fax: +860-240-2701
shannon.wolf@morganlewis.com | www.morganlewis.com

---

**From:** Joel Bailey <Joel@hedrickkring.com>
**Sent:** Wednesday, December 16, 2020 12:30 PM
**To:** Wolf, Shannon B. <shannon.wolf@morganlewis.com>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>; Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; Willett, P. Sabin <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Mark Fritsche <Mark@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

[EXTERNAL EMAIL]
Shannon,

I do not see the need for your new paragraphs 3 and 4, believe it is contrary to what we discussed at the hearing this morning, and would only create confusion in the schedule.  As to your new paragraph 4, the rules provide that you can move for MSJ whenever you would like, subject to any dispositive motion deadline determined by the Court or the deadline in the rules themselves.  *See* Fed. R. Civ. P. 56(b); Fed. R. Bankr. P. 7056.  So, your new paragraph 4 is

unnecessary.  Your new paragraph 3 is also unnecessary.  I understood this morning that the parties agreed that they could conduct discovery in accordance with the rules.  Your new paragraph 3 creates unnecessary ambiguities, including, but not limited to, what document discovery must be completed by 2/28/21, whether any document discovery can occur after 2/28/21, and whether this includes third party discovery.  In light of these and other ambiguities created, we cannot agree to your revisions.  Again, we intend to proceed in accordance with the rules governing discovery.

I have attached a revised Scheduling Order to this email.  Please note that I have added a sentence to the end of paragraph 3 in order to address the discussion with the Court this morning.  Could the parties please respond and let us know if this is agreed?  Thanks.

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com

---

**From:** Wolf, Shannon B. <shannon.wolf@morganlewis.com>
**Sent:** Wednesday, December 16, 2020 11:13 AM
**To:** Joel Bailey <Joel@hedrickkring.com>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>; Sam Stricklin <sam.stricklin@stricklaw.pro> <sam.stricklin@stricklaw.pro>; Willett, P. Sabin <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Mark Fritsche <Mark@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

All,

Our comments to the proposed order are attached in clean and redline form (subject to ongoing internal and client review, of course).  Happy to jump on a call to discuss.

Shannon

**Shannon B. Wolf**
**Morgan, Lewis & Bockius LLP**
One State Street | Hartford, CT 06103-3178
Direct: +1.860.240.2590 | Main: +1.860.240.2700 | Cell: +1.203.312.4330 | Fax: +860-240-2701
shannon.wolf@morganlewis.com | www.morganlewis.com

---

**From:** Joel Bailey <Joel@hedrickkring.com>
**Sent:** Tuesday, December 15, 2020 4:40 PM
**To:** Waxman, Jeffrey R <JWaxman@morrisjames.com>; Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>; Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; Wolf, Shannon B. <shannon.wolf@morganlewis.com>; Willett, P. Sabin <sabin.willett@morganlewis.com>; James Hunter

<jhunter@pszjlaw.com>; Mark Fritsche <Mark@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

[EXTERNAL EMAIL]

Further to Jeff's email, and setting aside the request for phased discovery at the moment, attached is a revised proposed scheduling order outlining the changes in Jeff's first paragraph.  In the interest of time, I am circulating to everyone at once, so this remains subject to further review and revision by Plaintiff.

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com

---

**From:** Waxman, Jeffrey R <JWaxman@morrisjames.com>
**Sent:** Tuesday, December 15, 2020 3:26 PM
**To:** Josh Hedrick <Josh@hedrickkring.com>; Jeremy Richards <jrichards@pszjlaw.com>; Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; 'Wolf, Shannon B.' (shannon.wolf@morganlewis.com) <shannon.wolf@morganlewis.com>; Willett, P. Sabin (sabin.willett@morganlewis.com) <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Joel Bailey <Joel@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.


All:

It sounds as though there are three issues, two of which sounds like they can and should be easily resolved:  the mediation gets moved up and the dates cutting off deadlines are continued and left open-ended, subject to entry of a further scheduling order by the Court after mediation.  I will defer to my co-counsel, but that does not sound unreasonable to me and is consistent with Delaware practice.

The third issue, phased discovery, requested by Ms. Wolf's clients, is, at least as I understand it, not likely going to be resolved without a Court determination.  I read Ms. Wolf's proposal to allow the defendants - and only the defendants - to take discovery and then they will get an opportunity to file a dispositive motion without the plaintiff having an opportunity to take discovery.  Ms. Wolf:  I interpreting your proposal correctly?

Jeff


**Jeffrey R. Waxman**
Partner
jwaxman@morrisjames.com



500 Delaware Avenue | Suite 1500
Wilmington, DE 19801-1494
T 302.888.5842 F 302.504.3942



Download my vcard

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

**From:** Josh Hedrick <Josh@hedrickkring.com>
**Sent:** Tuesday, December 15, 2020 11:24 AM
**To:** Jeremy Richards <jrichards@pszjlaw.com>
**Cc:** Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; 'Wolf, Shannon B.' (shannon.wolf@morganlewis.com) <shannon.wolf@morganlewis.com>; Willett, P. Sabin (sabin.willett@morganlewis.com) <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Joel Bailey <Joel@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>; Josh Hedrick <Josh@hedrickkring.com>
**Subject:** RE: Committee v. Upfront et al.

Jeremy,

Attached is a proposed Agreed Scheduling Order for review and input from Defendants.  Please let us know if you see any issues with the schedule that we may need to address with the Court during tomorrow's hearing.

Regarding the request for phased discovery – we discussed the issue internally and we see no need to "phase" discovery in this case.  We understand that Defendants may want to promptly serve RFPs and you are certainly entitled to do so in accordance with the rules.  But we do not believe any special adjustments need to be made based on the issues raised during our call.

On your request regarding certain individual defendants, the facts discovered to date support the joinder of each of the individual defendants.  We do not intend to dismiss any defendants at this time, but we will certainly evaluate—and respond to—the substance of any issues you raise in the Rule 12 motions you have indicated that you plan to file.  Of course, if you are aware of facts that you believe support dismissal of certain individual defendants, we are happy to discuss further.

Finally, please be sure to include Joel Bailey and Mark Fritsche on all correspondence related to this matter.  Both have been copied into this thread.

Thanks,

Josh
214.215.0236

**From:** Jeremy Richards <jrichards@pszjlaw.com>
**Sent:** Monday, December 14, 2020 3:32 PM
**To:** Josh Hedrick <Josh@hedrickkring.com>
**Cc:** Sam Stricklin (sam.stricklin@stricklaw.pro) <sam.stricklin@stricklaw.pro>; 'Wolf, Shannon B.' (shannon.wolf@morganlewis.com) <shannon.wolf@morganlewis.com>; Willett, P. Sabin (sabin.willett@morganlewis.com) <sabin.willett@morganlewis.com>; James Hunter <jhunter@pszjlaw.com>; Jeff Waxman <JWaxman@morrisjames.com>
**Subject:** Committee v. Upfront et al.

Josh

Just following up to see if you have had a chance to look at the two issues you said you would consider during our call last week.

**Jeremy Richards**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2346
Tel: 310.277.6910 | Fax: 310.201.0760
jrichards@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

_____

| | | |
|---|---|---|
| | § | |
| Official Committee of Unsecured Creditors | § | |
| of Old LC, Inc., et al., for and on behalf of | § | |
| the estates of Old LC, Inc., et al.; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit | § | |
| Opportunities Fund, L.P.; Upfront GP V, | § | |
| LLC; Mark Suster; Dana Kibler; Gregory | § | |
| Bettinelli; Saif Mansour; Aamir Amdani; | § | |
| Eric Beckman; Darrick Geant; and Joseph | § | |
| Kaczorowski | § | |
| | § | |
| *Defendants.* | § | |

## AGREED SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

On November 23, 2020, the parties entered into a Joint Stipulation Concerning Service and Initial Deadlines (the "Stipulation"). (Doc. No. 13-1). On November 24, 2020, the Court entered its Order Approving Scheduling Order. (Doc. No. 18). The Stipulation set forth a briefing schedule for any motion filed pursuant to Fed. R. Bankr. P. 7012 and/or Fed. R. Civ. P.

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

12, along with a deadline for the exchange of initial disclosures required by Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26. The deadlines from the Stipulation and the Court's Order Approving Scheduling Order remain in place and are not modified by this Agreed Scheduling Order.

On December 10, 2020, counsel for all parties to this Adversary Proceeding participated in the conference required by Fed. R. Civ. P. 26(f) and Local Rule 7016-1. As part of that conference, and subsequent communications, the parties discussed various matters and reached an agreement on this Agreed Scheduling Order. The purpose of this Agreed Scheduling Order is to set forth the deadlines that will control the progression of this case through discovery as it is prepared for trial.

**IT IS HEREBY ORDERED** that:

1. No later than **<u>March 15, 2021</u>**, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding. Mediation shall be completed no later than **<u>April 26, 2021</u>**.

2. If mediation is unsuccessful, the parties agree to confer and, if possible, agree-upon deadlines for amendment of pleadings, joinder of parties, fact discovery, expert disclosures, and dispositive motions within seven days after the mediation concludes. The parties shall submit a proposed scheduling order reflecting these deadlines, along with any disagreements concerning these deadlines, to the Court within fourteen days after the mediation concludes.

3. Prior to the Mediation, the parties may engage in party and non-party document discovery. Should any party wish to engage in discovery in another form, it will first confer with other parties in an effort to narrow any disputes.

4.      Nothing in this order shall be deemed to preclude the filing of a dispositive motion by any party prior to the Mediation.

5.      Deadlines contained in this Scheduling Order may be modified by agreement of the parties without need for further Order of this Court, except for modifications that would impact the Court's calendar, or they may be modified upon written motion for good cause shown.

**Joel Bailey**

| | |
|---|---|
| **From:** | Joel Bailey |
| **Sent:** | Monday, June 7, 2021 1:02 PM |
| **To:** | Wolf, Shannon B.; Willett, P. Sabin; crobinson@pszjlaw.com; dziehl@pszjlaw.com; jrichards@pszjlaw.com; Barillare, Jody C. |
| **Cc:** | Josh Hedrick; Mark Fritsche; Sam Stricklin; Waxman, Jeffrey R; Monzo, Eric J. |
| **Subject:** | Old LC - Committee v. Upfront V, LP et al., 20-51002 |

Counsel,

We have not received updates showing meaningful progress towards all parties agreeing to a mediation.  While we remain willing to consider pausing some discovery to allow mediation, we intend to prosecute the matter forward.  Accordingly, please provide deposition availability for the following Defendants in July:

- Aamir Amdani;
- Eric Beckman;
- Darrick Geant; and
- Joseph Kaczorowski.

I anticipate taking the balance of the Defendants' depositions in the Fall.  Although our preference would be to conduct in-person depositions, we remain willing to conduct remote depos in light of the COVID-19 Pandemic so long as the willingness is mutual.

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com



**EXHIBIT**

**D**

**Joel Bailey**

| | |
|---|---|
| **From:** | Joel Bailey |
| **Sent:** | Friday, June 11, 2021 1:36 PM |
| **To:** | Wolf, Shannon B.; Willett, P. Sabin; crobinson@pszjlaw.com; dziehl@pszjlaw.com; Barillare, Jody C.; jhunter@pszjlaw.com |
| **Cc:** | Josh Hedrick; Mark Fritsche; Sam Stricklin; Waxman, Jeffrey R; Monzo, Eric J. |
| **Subject:** | RE: Old LC - Committee v. Upfront V, LP et al., 20-51002 |

Counsel,

Circling back on my request below.  Please advise on deposition availability.  In addition to the names below, I would also like to receive availability for **Michael Carney's** deposition in July.  I am assuming Pachulski represents Mr. Carney, but please let me know if I am mistaken.  Thanks.

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com

**From:** Joel Bailey <Joel@hedrickkring.com>
**Sent:** Monday, June 7, 2021 1:02 PM
**To:** Wolf, Shannon B. <shannon.wolf@morganlewis.com>; Willett, P. Sabin <sabin.willett@morganlewis.com>; crobinson@pszjlaw.com; dziehl@pszjlaw.com; jrichards@pszjlaw.com; Barillare, Jody C. <jody.barillare@morganlewis.com>
**Cc:** Josh Hedrick <Josh@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>; Sam Stricklin <sam.stricklin@stricklaw.pro>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Monzo, Eric J. <EMonzo@morrisjames.com>
**Subject:** Old LC - Committee v. Upfront V, LP et al., 20-51002

Counsel,

We have not received updates showing meaningful progress towards all parties agreeing to a mediation.  While we remain willing to consider pausing some discovery to allow mediation, we intend to prosecute the matter forward.  Accordingly, please provide deposition availability for the following Defendants in July:

- Aamir Amdani;
- Eric Beckman;
- Darrick Geant; and
- Joseph Kaczorowski.



I anticipate taking the balance of the Defendants' depositions in the Fall.  Although our preference would be to conduct in-person depositions, we remain willing to conduct remote depos in light of the COVID-19 Pandemic so long as the willingness is mutual.

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com

**Joel Bailey**

| | |
|---|---|
| **From:** | Joel Bailey |
| **Sent:** | Wednesday, June 16, 2021 10:23 AM |
| **To:** | Wolf, Shannon B.; Willett, P. Sabin; crobinson@pszjlaw.com; dziehl@pszjlaw.com; Barillare, Jody C.; jhunter@pszjlaw.com |
| **Cc:** | Josh Hedrick; Mark Fritsche; Sam Stricklin; Waxman, Jeffrey R; Monzo, Eric J. |
| **Subject:** | RE: Old LC - Committee v. Upfront V, LP et al., 20-51002 |

Counsel,

I have received no response to my emails or received any requested availability.  Please advise if the schedule below works for counsel and witnesses.  Unless I hear otherwise, I will send notices by the end of the week.

- Joseph Kaczorowski – July 16th
- Darrick Geant – July 19th
- Eric Beckman – July 21st
- Aamir Amdani – July 26th
- Michael Carney – July 29th

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com

---

**From:** Joel Bailey <Joel@hedrickkring.com>
**Sent:** Friday, June 11, 2021 1:36 PM
**To:** Wolf, Shannon B. <shannon.wolf@morganlewis.com>; Willett, P. Sabin <sabin.willett@morganlewis.com>; crobinson@pszjlaw.com; dziehl@pszjlaw.com; Barillare, Jody C. <jody.barillare@morganlewis.com>; jhunter@pszjlaw.com
**Cc:** Josh Hedrick <Josh@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>; Sam Stricklin <sam.stricklin@stricklaw.pro>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Monzo, Eric J. <EMonzo@morrisjames.com>
**Subject:** RE: Old LC - Committee v. Upfront V, LP et al., 20-51002

Counsel,

Circling back on my request below.  Please advise on deposition availability.  In addition to the names below, I would also like to receive availability for **Michael Carney's** deposition in July.  I am assuming Pachulski represents Mr. Carney, but please let me know if I am mistaken.  Thanks.

**EXHIBIT**

**F**

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com

---

**From:** Joel Bailey <Joel@hedrickkring.com>
**Sent:** Monday, June 7, 2021 1:02 PM
**To:** Wolf, Shannon B. <shannon.wolf@morganlewis.com>; Willett, P. Sabin <sabin.willett@morganlewis.com>; crobinson@pszjlaw.com; dziehl@pszjlaw.com; jrichards@pszjlaw.com; Barillare, Jody C. <jody.barillare@morganlewis.com>
**Cc:** Josh Hedrick <Josh@hedrickkring.com>; Mark Fritsche <Mark@hedrickkring.com>; Sam Stricklin <sam.stricklin@stricklaw.pro>; Waxman, Jeffrey R <JWaxman@morrisjames.com>; Monzo, Eric J. <EMonzo@morrisjames.com>
**Subject:** Old LC - Committee v. Upfront V, LP et al., 20-51002

Counsel,

We have not received updates showing meaningful progress towards all parties agreeing to a mediation.  While we remain willing to consider pausing some discovery to allow mediation, we intend to prosecute the matter forward.  Accordingly, please provide deposition availability for the following Defendants in July:

- Aamir Amdani;
- Eric Beckman;
- Darrick Geant; and
- Joseph Kaczorowski.

I anticipate taking the balance of the Defendants' depositions in the Fall.  Although our preference would be to conduct in-person depositions, we remain willing to conduct remote depos in light of the COVID-19 Pandemic so long as the willingness is mutual.

Joel Bailey
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9664 direct | 817.648.4350 mobile | 214.481.1844 fax
Joel@HedrickKring.com | www.HedrickKring.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| | § | |
| Official Committee of Unsecured Creditors | § | |
| of Old LC, Inc., et al., for and on behalf of | § | |
| the estates of Old LC, Inc., et al.; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit | § | |
| Opportunities Fund, L.P.; Upfront GP V, | § | |
| LLC; Mark Suster; Dana Kibler; Gregory | § | |
| Bettinelli; Saif Mansour; Aamir Amdani; | § | |
| Eric Beckman; Darrick Geant; and Joseph | § | |
| Kaczorowski | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION TO BREAKWATER DEFENDANTS

Pursuant to the Federal Rules of Bankruptcy Procedure, Plaintiff Official Committee of

Unsecured Creditors of Old LC, Inc. (the "Committee" or "Plaintiff") serves the following Second

Requests for Production of Documents (the "Requests") on Defendants Breakwater Credit

Opportunities Fund, L.P., Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph

Kaczorowski (collectively, the "Breakwater Defendants"). The Breakwater Defendants shall serve

a written response and produce such items for inspection and photocopying at the offices of Morris

---

[1]     The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

EXHIBIT

G

James LLP, 500 Delaware Ave., Suite 1500, Wilmington, Delaware 19801, counsel for Plaintiff, within thirty (30) days following service of this Request.

## DEFINITIONS

1.      "Upfront Defendants" means Upfront V, LP (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Upfront GP V, LLC (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Mark Suster, Dana Kibler, and Gregory Bettinelli.

2.      "Breakwater Defendants" means Breakwater Credit Opportunities Fund, L.P. (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski.

3.      "Memorandum of Law" refers to the *Memorandum of Law in Support of Motion for Partial Summary Judgment of Breakwater Defendants* [D.I. 47] filed by the Breakwater Defendants on June 17, 2021.

4.      "2018 Upfront Proposal" means the proposal submitted by Upfront on July 25, 2018 for up to $7.5 million in new Series B funding.

5.      "Atalaya Financing" means the proposal submitted by Atalaya Capital Management LP, on or about June 18, 2018, that eventually closed on August 6, 2018.

6.      "Atalaya" means the Atalaya Capital Management LP, and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

7.    "BioWorld" means Loot Crate supplier BioWorld Merchandising, Inc. and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

8.    "Breakwater" means Breakwater Credit Opportunities Fund, L.P. and its directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

9.    "Communication" or "Communications" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

10.    "Document" and "Documents" include the following items within your possession, custody or control (as such phrase is used and interpreted under Rule 7034 of the Federal Rules of Bankruptcy Procedure), whether such items are typed, printed, recorded, reproduced by any mechanical process, copied or written by hand: contracts, communications, correspondence, emails, telegrams, telefaxes, text messages, voicemail messages, memoranda, statements, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, forecasts, orders, bills, telephone bills, invoices, checks, statistical statements, books of account, studies, graphs, charts, accounts, work papers, indexes, minutes or records of meetings or conferences, reports or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, drafts of documents, copies, marginal notations, photographs, tape recordings, and any other written,

printed, recorded or graphic matter, photographic matter or sound reproduction however produced or reproduced.

11.    "First BioWorld Proposal" means the proposal submitted by BioWorld on or about November 1, 2017, which included between $7.5 and $10 million in equity financing and $2.5 to $5 million in debt financing.

12.    "First Forbearance" means the February 9, 2018 Forbearance Agreement and First Amendment to Loan and Security Agreement dated June 1, 2016 in favor of Breakwater.

13.    "Loot Crate" means Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (formerly known as Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc. and/or Loot Crate Parent, Inc.) and their directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

14.    "Management Proposal" means the proposal submitted by a management group (including investments by members of Loot Crate's management and their family and friends) on or about November 1, 2017, which included between $7.25 to $10 million in new equity funding.

15.    "Second BioWorld Proposal" means the revised proposal submitted by BioWorld on or about December 7, 2017.

16.    "Second Forbearance" means the May 8, 2018 Forbearance Agreement #2 and Waiver to Loan and Security Agreement in favor of Breakwater.

17.    "South River" means South River Capital, LLC and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

18.     "South River Proposal" means the proposal submitted by South River Capital, LLC on or about June 1, 2018, and modified on June 18, 2018 with additional modifications after that time.

## INSTRUCTIONS

1.     In producing Documents responsive to these requests, identify by paragraph number the request to which each produced Document is responsive. If a Document is responsive to more than one request, identify each request to which it is responsive.

2.     If copies of Documents are produced in lieu of originals, such copies shall be legible and bound or stapled in the same manner as the originals.

3.     If any Document is withheld from production on grounds of privilege or work product immunity: (i) identify the Document with particularity including a description of the Document's type (e.g., letter, memorandum, report), subject matter, number of pages, date, author(s), addressee(s), custodian and that person's business address; and (ii) explain the nature and basis for each claim of privilege or work product immunity.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 20:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 1 of the Memorandum of Law that "[Loot Crate's] rise and fall were meteoric: the hot new thing had grown cold by 2019."

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 1 of the Memorandum of Law that "[a]dolescent tastes in online paraphernalia proved fickle," including all Documents and Communications relating to Loot Crate's purported "demise" and all actual or potential causes relating thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 2, footnote 6 of the Memorandum of Law that "[t]he fee was reasonably equivalent value for Breakwater's forbearance from exercising remedies over substantially all of the company's assets."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  All Documents and Communications relating to, Breakwater's review, revision, and negotiation of the Shareholder Agreement described on page 3 of the Memorandum of Law, including, but not limited to, internal discussions concerning negotiations surrounding the Shareholder Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  All Documents and Communications relating to, Breakwater's review, revision, and negotiation of the Loan Agreement described on page 3 of the Memorandum of Law, including, but not limited to, internal discussions concerning negotiations surrounding the Shareholder Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  On page 3 of the Memorandum of Law, the Breakwater Defendants assert that, "[f]rom June 2016 until approximately May 24, 2018, Mansour served as Breakwater's appointed observer."  Produce all internal Documents and Communications sent by Mansour relating to his role as an observer, and all internal documents and communications relating to Mansour's role as an observer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**  All internal Documents and Communications relating to the purported defaults described on pages 4-5 of the Memorandum of Law.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**  Documents and Communications sufficient to show (i) when the Breakwater Defendants first identified the purported defaults described on pages 4-5 of the Memorandum of Law, (ii) when the Breakwater Defendants first provided notice to Loot Crate of the purported defaults described on pages 4-5 of the Memorandum of

Law, and (iii) why the Breakwater Defendants chose to provide notice of the defaults as described in Exhibits E and F to the Memorandum of Law.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**  All Documents and Communications relating to, Breakwater's review, revision, and negotiation of the A-2 Proposal described on page 5 of the Memorandum of Law, including, but not limited to, internal discussions concerning negotiations surrounding the A-2 Proposal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 6 of the Memorandum of Law that "[e]ach of Breakwater and Upfront advised the board of director that it declined to compromise its contractual rights in the manner required by the Original BioWorld Proposal," including any internal Communications relating to such purported advisement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 6 of the Memorandum of Law that "[t]he board itself expressed doubt about the proposal's variability, nothing that the contract rights of Breakwater and the Series A holders would have compromised," including any internal Communications relating to such "expressed doubt."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 7 of the Memorandum of Law that "Breakwater and Upfront advised that neither would consent to the Management Proposal," including any internal Communications relating to such purported advisement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 7 of the Memorandum of Law that "[t]he board acknowledged this proposal's deficiencies of structure, uncommitted financing, and the necessity for modification of Breakwater's contract rights," including any internal Communications relating to such "deficiencies."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All internal Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 8 of the continued negotiations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All Documents and Communications sent to or received from the Upfront Defendants relating to, supporting, or refuting the Breakwater Defendants' assertion on page 8 of the continued negotiations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 8 of the Memorandum of Law that "Loot Crate's operations had deteriorated," and that "Davis advised the board that he had learned that BioWorld's advisors thought that the Loot Crate investment was too risky," including any internal Communications relating to such purported advisement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 8 of the Memorandum of Law that "[r]ealizing that Davis's renunciation of the A-2 Proposal left it with no feasible recapitalization opportunity, Loot Crate's board then pivoted to negotiating a forbearance agreement with Breakwater," including any internal Communications relating to such assertion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All Documents and Communications relating to, Breakwater's review, revision, and negotiation of any forbearance agreements identified in the Memorandum of Law, including, but not limited to, internal discussions concerning negotiations surrounding the forbearance agreements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 9 of the Memorandum of

Law that "the South River Proposal required Breakwater to compromise its contract rights as Loot Crate's senior secured lender," including any Documents and Communications identifying the "contract rights" that purportedly needed to be compromised.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 9 of the Memorandum of Law that its reasons for declining the South River Proposal were "sound."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 10 of the Memorandum of Law that, "Breakwater was willing to consent to the incurrence of subordinated debt, but only if the terms of that debt, in its judgment, did not raise the risk profile of its own loan," including internal Documents and Communications relating to its perceived "risk profile" of its loan and terms Breakwater believed would raise or lower the "risk profile."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**  All Documents and Communications relating to Loot Crate's Strategic Transaction Committee, including all internal Documents and Communications relating to the Strategic Transaction Committee, Breakwater's participation on the Strategic Transaction Committee, and negotiations concerning decisions of the Strategic Transaction Committee.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**  All Documents and Communications relating to the refinancing of the Breakwater Loan discussed on page 10 of the Memorandum of Law, including internal discussions and negotiations regarding the refinancing, Communications with Upfront Defendants regarding the refinancing, and Communications with Loot Crate regarding the refinancing.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 12 of the Memorandum of

Law that Breakwater, "acted in a cooperative manner with another investor, Upfront, that declined to compromise its contract rights."

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 44:**  All Documents and Communications relating to and/or reflecting any disagreements, conflicts, or differences of opinion by any of the Breakwater Defendants and any of the Upfront Defendants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 45:**  All Documents and Communications relating to, supporting, or refuting the Breakwater Defendants' assertion on page 15 of the Memorandum of Law that, "Breakwater's refusal to waive its preemptive rights or assume further financial obligations cannot seriously be thought to have been a breach."

**RESPONSE:**

Dated: June 18, 2021                Respectfully submitted,
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

-    and -

Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Telephone: (214) 880-9625
Facsimile:  (214) 481-1844
E-mail: Josh@HedrickKring.com
E-mail: Joel@HedrickKring.com

-    and -

Samuel M. Stricklin, Esquire
**STRICKLIN LAW FIRM, P.C.**
Palisade Central II
2435 North Central Expressway
Suite 1200
Richardson, Texas 75080
Telephone 972-2388687
E-mail: Sam.stricklin@stricklaw.pro

***Counsel for Plaintiff***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Bankruptcy Procedure on this 18th day of June, 2021.


_/s/ Joel B. Bailey_

Joel B. Bailey

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

---

| | | |
|---|---|---|
| | § | |
| Official Committee of Unsecured Creditors | § | |
| of Old LC, Inc., et al., for and on behalf of | § | |
| the estates of Old LC, Inc., et al.; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit | § | |
| Opportunities Fund, L.P.; Upfront GP V, | § | |
| LLC; Mark Suster; Dana Kibler; Gregory | § | |
| Bettinelli; Saif Mansour; Aamir Amdani; | § | |
| Eric Beckman; Darrick Geant; and Joseph | § | |
| Kaczorowski | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BREAKWATER CREDIT OPPORTUNITIES FUND, L.P.

Pursuant to the Federal Rules of Bankruptcy Procedure, Plaintiff Official Committee of

Unsecured Creditors of Old LC, Inc. (the "Committee" or "Plaintiff") serves the following First

Set of Interrogatories (the "Interrogatories") on Defendant Breakwater Credit Opportunities Fund,

L.P. ("Breakwater"). Breakwater shall serve a written response and produce such items for

inspection and photocopying at the offices of Morris James LLP, 500 Delaware Ave., Suite 1500,

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

Wilmington, Delaware 19801, counsel for Plaintiff, within thirty (30) days following service of these Interrogatories.

## DEFINITIONS

1.      "Upfront Defendants" means Upfront V, LP (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Upfront GP V, LLC (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Mark Suster, Dana Kibler, and Gregory Bettinelli.

2.      "Breakwater Defendants" means Breakwater Credit Opportunities Fund, L.P. (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski.

3.      "Memorandum of Law" refers to the *Memorandum of Law in Support of Motion for Partial Summary Judgment of Breakwater Defendants* [D.I. 47] filed by the Breakwater Defendants on June 17, 2021.

4.      "2018 Upfront Proposal" means the proposal submitted by Upfront on July 25, 2018 for up to $7.5 million in new Series B funding.

5.      "Atalaya Financing" means the proposal submitted by Atalaya Capital Management LP, on or about June 18, 2018, that eventually closed on August 6, 2018.

6.      "Atalaya" means the Atalaya Capital Management LP, and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

7.      "BioWorld" means Loot Crate supplier BioWorld Merchandising, Inc. and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

8.      "Breakwater" means Breakwater Credit Opportunities Fund, L.P. and its directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

9.      "Communication" or "Communications" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

10.     "Document" and "Documents" include the following items within your possession, custody or control (as such phrase is used and interpreted under Rule 7034 of the Federal Rules of Bankruptcy Procedure), whether such items are typed, printed, recorded, reproduced by any mechanical process, copied or written by hand: contracts, communications, correspondence, emails, telegrams, telefaxes, text messages, voicemail messages, memoranda, statements, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, forecasts, orders, bills, telephone bills, invoices, checks, statistical statements, books of account, studies, graphs, charts, accounts, work papers, indexes, minutes or records of meetings or conferences, reports or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, drafts of documents, copies, marginal notations, photographs, tape recordings, and any other written,

printed, recorded or graphic matter, photographic matter or sound reproduction however produced or reproduced.

11. "First BioWorld Proposal" means the proposal submitted by BioWorld on or about November 1, 2017, which included between $7.5 and $10 million in equity financing and $2.5 to $5 million in debt financing.

12. "First Forbearance" means the February 9, 2018 Forbearance Agreement and First Amendment to Loan and Security Agreement dated June 1, 2016 in favor of Breakwater.

13. "Loot Crate" means Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (formerly known as Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc. and/or Loot Crate Parent, Inc.) and their directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

14. "Management Proposal" means the proposal submitted by a management group (including investments by members of Loot Crate's management and their family and friends) on or about November 1, 2017, which included between $7.25 to $10 million in new equity funding.

15. "Second BioWorld Proposal" means the revised proposal submitted by BioWorld on or about December 7, 2017.

16. "Second Forbearance" means the May 8, 2018 Forbearance Agreement #2 and Waiver to Loan and Security Agreement in favor of Breakwater.

17. "South River" means South River Capital, LLC and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

18.     "South River Proposal" means the proposal submitted by South River Capital, LLC on or about June 1, 2018, and modified on June 18, 2018 with additional modifications after that time.

## INSTRUCTIONS

1.     The following Interrogatories should be answered separately, fully, in writing, and under oath.

2.     Each Interrogatory should be construed independently and answered without reference to any other Interrogatory response, unless the Interrogatory specifically refers to another Interrogatory.

3.     If any of the following Interrogatories cannot be answered in full, please answer to the extent possible, specifying the reason for Breakwater's inability to answer the remainder and stating what information and knowledge Breakwater has concerning the unanswered portion.  If Breakwater's answers are qualified, please set forth the details of such qualification.

4.     These Interrogatories are continuing in nature, and Breakwater is required to supplement his responses to these Interrogatories in accordance with Breakwater's obligation under the Federal Rules of Bankruptcy Procedure.

6.     If any Interrogatory is not answered based upon a claim of privilege, Breakwater is requested to state the claim of privilege with specificity and to provide the following information to evaluate each claim of privilege: the date of the communication or information which Breakwater claims as privileged, the subject matter thereof, the identity of the persons participating in the communication or the creation of the information or having knowledge thereof, and the identity of all persons to whom any portion of the communication or information has been disclosed.

7.      If any information sought by these Interrogatories is withheld for any reason other than privilege, Breakwater shall identify the information withheld, the subject matter or the nature of the information, and the precise reason(s) as to why such information is being withheld.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify and describe in detail each and every "legal and factual question" raised by the "Committee's libretto" as alleged on page 1 of the Breakwater Defendants Memorandum of Law.

**RESPONSE:**


**INTERROGATORY NO. 2:**  Identify and describe in detail all facts and opinions you believe support the Breakwater Defendants' assertion on page 2, footnote 6 of the Memorandum of Law that "[t]he fee was reasonably equivalent value for Breakwater's forbearance from exercising remedies over substantially all of the company's assets."

**RESPONSE:**


**INTERROGATORY NO. 3:**  During the course of its relationship with Loot Crate, identify how much money was paid by Loot Crate to Breakwater and describe the reason for each payment (ie, whether it was a loan payment, OID payment, or other payment).

**RESPONSE:**


**INTERROGATORY NO. 4:**  On page 14 of the Memorandum of Law, the Breakwater Defendants assert, "Even if any Movant had been a fiduciary—or had aided and abetted a fiduciary—each of the allegedly lost opportunities required Breakwater to compromise its rights under the Loan Agreement, or Breakwater or Upfront to consent to dilution of their preferred share interests, or both."  Identify and describe all facts and ways that "each of the allegedly lost opportunities required Breakwater to compromise its rights under the Loan Agreement, or Breakwater or Upfront to consent to dilution of their preferred share interests, or both."

**RESPONSE:**

Dated: June 18, 2021

Wilmington, Delaware                    Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

                        <u>-</u>   and -

Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Telephone: (214) 880-9625
Facsimile:  (214) 481-1844
E-mail: Josh@HedrickKring.com
E-mail: Joel@HedrickKring.com

                        <u>-</u>   and -

Samuel M. Stricklin, Esquire
**STRICKLIN LAW FIRM, P.C.**
Palisade Central II
2435 North Central Expressway
Suite 1200
Richardson, Texas 75080
Telephone 972-2388687
E-mail: Sam.stricklin@stricklaw.pro

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Bankruptcy Procedure on this 18th day of June, 2021.


*/s/ Joel B. Bailey*

Joel B. Bailey

**EXHIBIT**

**H**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § Chapter 11 Case |
| | § |
| Old LC, Inc., *et al.*[1] | § Case No. 19-11791 (BLS) |
| | § |
| Debtors. | § Jointly Administered |

| | |
|---|---|
| | § |
| Official Committee of Unsecured Creditors | § |
| of Old LC, Inc., et al., for and on behalf of | § |
| the estates of Old LC, Inc., *et al.*; | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § Adv. No. 20-51002 (BLS) |
| | § |
| Upfront V, LP, Breakwater Credit | § |
| Opportunities Fund, L.P.; Upfront GP V, | § |
| LLC; Mark Suster; Dana Kibler; Gregory | § |
| Bettinelli; Saif Mansour; Aamir Amdani; | § |
| Eric Beckman; Darrick Geant; and Joseph | § |
| Kaczorowski | § |
| | § |
| *Defendants.* | § |

## PLAINTIFF'S NOTICE TO TAKE ORAL DEPOSITION
## OF DEFENDANT AMIR AMDANI

> TO:    Amir Amdani
>         c/o Jody C. Barillare
>         MORGAN, LEWIS & BOCKIUS LLP
>         1201 N. Market Street, Suite 2201
>         Wilmington, Delaware 19801

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45(a)(4), Plaintiff Official Committee of Unsecured Creditors of Old LC, Inc., et al., for and on behalf of the estates of Old LC, Inc., *et al*. (the "Plaintiff") hereby notifies all parties to this action and their counsel of record of Plaintiff's intention to take the oral deposition of Amir Amdani.  This deposition will take place by Zoom video conference on

---

[1]      The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

Monday, July 26, 2021, at 9:30 a.m. eastern, and continue thereafter from hour to hour and day to day until completed.  This deposition will be conducted pursuant to, and in accordance with, the Federal Rules of Civil Procedure before a certified court reporter.  This deposition will be recorded stenographically and will be videotaped.


Dated:  June 21, 2021
Wilmington, Delaware

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

- and -

Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Telephone: (214) 880-9625
Facsimile: (214) 481-1844
E-mail: Josh@HedrickKring.com
E-mail: Joel@HedrickKring.com

- and -

Samuel M. Stricklin, Esquire
**STRICKLIN LAW FIRM, P.C.**
Palisade Central II
2435 North Central Expressway
Suite 1200
Richardson, Texas 75080
Telephone 972-2388687
E-mail: Sam.stricklin@stricklaw.pro

***Counsel for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Bankruptcy Procedure on this 21st day of June, 2021.


*/s/ Joel B. Bailey*
Joel B. Bailey

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| | § | |
| Official Committee of Unsecured Creditors | § | |
| of Old LC, Inc., et al., for and on behalf of | § | |
| the estates of Old LC, Inc., *et al.*; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit | § | |
| Opportunities Fund, L.P.; Upfront GP V, | § | |
| LLC; Mark Suster; Dana Kibler; Gregory | § | |
| Bettinelli; Saif Mansour; Aamir Amdani; | § | |
| Eric Beckman; Darrick Geant; and Joseph | § | |
| Kaczorowski | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S NOTICE TO TAKE ORAL DEPOSITION
OF DEFENDANT DARRICK GEANT**

TO:    Derrick Geant
c/o Jody C. Barillare
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45(a)(4), Plaintiff Official Committee of Unsecured Creditors of Old LC, Inc., et al., for and on behalf of the estates of Old LC, Inc., *et al.* (the "Plaintiff") hereby notifies all parties to this action and their counsel of record of Plaintiff's intention to take the oral deposition of Derrick Geant.  This deposition will take place by Zoom video conference on

---

[1]    The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

Monday, July 19, 2021, at 9:30 a.m. eastern, and continue thereafter from hour to hour and day to day until completed.  This deposition will be conducted pursuant to, and in accordance with, the Federal Rules of Civil Procedure before a certified court reporter.  This deposition will be recorded stenographically and will be videotaped.

Dated: June 21, 2021
Wilmington, Delaware

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

-    and -

Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Telephone: (214) 880-9625
Facsimile: (214) 481-1844
E-mail: Josh@HedrickKring.com
E-mail: Joel@HedrickKring.com

-    and -

Samuel M. Stricklin, Esquire
**STRICKLIN LAW FIRM, P.C.**
Palisade Central II
2435 North Central Expressway
Suite 1200
Richardson, Texas 75080
Telephone 972-2388687
E-mail: Sam.stricklin@stricklaw.pro

***Counsel for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Bankruptcy Procedure on this 21st day of June, 2021.

*/s/ Joel B. Bailey*
Joel B. Bailey

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| | § | |
| Official Committee of Unsecured Creditors | § | |
| of Old LC, Inc., et al., for and on behalf of | § | |
| the estates of Old LC, Inc., *et al.*; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit | § | |
| Opportunities Fund, L.P.; Upfront GP V, | § | |
| LLC; Mark Suster; Dana Kibler; Gregory | § | |
| Bettinelli; Saif Mansour; Aamir Amdani; | § | |
| Eric Beckman; Darrick Geant; and Joseph | § | |
| Kaczorowski | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S NOTICE TO TAKE ORAL DEPOSITION
## OF DEFENDANT ERIC BECKMAN

TO:    Eric Beckman
       c/o Jody C. Barillare
       MORGAN, LEWIS & BOCKIUS LLP
       1201 N. Market Street, Suite 2201
       Wilmington, Delaware 19801

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45(a)(4), Plaintiff Official Committee of Unsecured Creditors of Old LC, Inc., et al., for and on behalf of the estates of Old LC, Inc., *et al*. (the "Plaintiff") hereby notifies all parties to this action and their counsel of record of Plaintiff's intention to take the oral deposition of Eric Beckman.  This deposition will take place by Zoom video conference on

---

[1]    The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

**PLAINTIFF'S NOTICE TO TAKE ORAL DEPOSITION OF ERIC BECKMAN**                              **PAGE 1**

Wednesday, July 21, 2021, at 9:30 a.m. eastern, and continue thereafter from hour to hour and day to day until completed.  This deposition will be conducted pursuant to, and in accordance with, the Federal Rules of Civil Procedure before a certified court reporter.  This deposition will be recorded stenographically and will be videotaped.


Dated: June 21, 2021
Wilmington, Delaware

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

- and -

Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Telephone: (214) 880-9625
Facsimile: (214) 481-1844
E-mail: Josh@HedrickKring.com
E-mail: Joel@HedrickKring.com

- and -

Samuel M. Stricklin, Esquire
**STRICKLIN LAW FIRM, P.C.**
Palisade Central II
2435 North Central Expressway
Suite 1200
Richardson, Texas 75080
Telephone 972-2388687
E-mail: Sam.stricklin@stricklaw.pro

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Bankruptcy Procedure on this 21st day of June, 2021.


*/s/ Joel B. Bailey*
Joel B. Bailey

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

---

| | | |
|---|---|---|
| | § | |
| Official Committee of Unsecured Creditors | § | |
| of Old LC, Inc., et al., for and on behalf of | § | |
| the estates of Old LC, Inc., *et al.*; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit | § | |
| Opportunities Fund, L.P.; Upfront GP V, | § | |
| LLC; Mark Suster; Dana Kibler; Gregory | § | |
| Bettinelli; Saif Mansour; Aamir Amdani; | § | |
| Eric Beckman; Darrick Geant; and Joseph | § | |
| Kaczorowski | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT JOSEPH
KACZOROWSKI**

TO:    Joseph Kaczorowski
c/o Jody C. Barillare
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45(a)(4), Plaintiff Official Committee of Unsecured Creditors of Old LC, Inc., et al., for and on behalf of the estates of Old LC, Inc., *et al.* (the "Plaintiff") hereby notifies all parties to this action and their counsel of record of Plaintiff's intention to take the oral deposition of Joseph Kaczorowski.  This deposition will take place by Zoom video conference on

---

[1]    The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

Friday, July 16, 2021, at 9:30 a.m. eastern, and continue thereafter from hour to hour and day to day until completed. This deposition will be conducted pursuant to, and in accordance with, the Federal Rules of Civil Procedure before a certified court reporter. This deposition will be recorded stenographically and will be videotaped.

Dated: June 21, 2021
Wilmington, Delaware

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

- and -

Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Telephone: (214) 880-9625
Facsimile: (214) 481-1844
E-mail: Josh@HedrickKring.com
E-mail: Joel@HedrickKring.com

- and -

Samuel M. Stricklin, Esquire
**STRICKLIN LAW FIRM, P.C.**
Palisade Central II
2435 North Central Expressway
Suite 1200
Richardson, Texas 75080
Telephone 972-2388687
E-mail: Sam.stricklin@stricklaw.pro

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Bankruptcy Procedure on this 21st day of June, 2021.

*/s/ Joel B. Bailey*

Joel B. Bailey

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| | § | |
| Official Committee of Unsecured Creditors | § | |
| of Old LC, Inc., et al., for and on behalf of | § | |
| the estates of Old LC, Inc., *et al.*; | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit | § | |
| Opportunities Fund, L.P.; Upfront GP V, | § | |
| LLC; Mark Suster; Dana Kibler; Gregory | § | |
| Bettinelli; Saif Mansour; Aamir Amdani; | § | |
| Eric Beckman; Darrick Geant; and Joseph | § | |
| Kaczorowski | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S NOTICE TO TAKE ORAL DEPOSITION
## OF MICHAEL CARNEY

TO:    Michael Carney
c/o Colin R. Robinson
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box. 8705
Wilmington, Delaware 19899-8705

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45(a)(4), Plaintiff Official Committee of Unsecured Creditors of Old LC, Inc., et al., for and on behalf of the estates of Old LC, Inc., *et al.* (the "Plaintiff") hereby notifies all parties to this action and their counsel of record of Plaintiff's intention to take the oral

---

[1]    The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

deposition of Michael Carney.  This deposition will take place by Zoom video conference on Thursday, July 29, 2021, at 9:30 a.m. eastern, and continue thereafter from hour to hour and day to day until completed.  This deposition will be conducted pursuant to, and in accordance with, the Federal Rules of Civil Procedure before a certified court reporter.  This deposition will be recorded stenographically and will be videotaped.

Dated: June 21, 2021
Wilmington, Delaware                                   Respectfully submitted,

                                                       **MORRIS JAMES LLP**

                                                       */s/ Jeffrey R. Waxman*
                                                       Jeffrey R. Waxman (DE Bar No. 4159)
                                                       Eric J. Monzo (DE Bar No. 5214)
                                                       Brya M. Keilson (DE Bar No. 4643)
                                                       500 Delaware Avenue, Suite 1500
                                                       Wilmington, DE 19801
                                                       Telephone: (302) 888-6800
                                                       Facsimile: (302) 571-1750
                                                       E-mail: jwaxman@morrisjames.com
                                                       E-mail: emonzo@morrisjames.com
                                                       E-mail: bkeilson@morrisjames.com

                                                            -   and -

                                                       Joel B. Bailey, Esquire
                                                       Joshua L. Hedrick, Esquire
                                                       **HEDRICK KRING, PLLC**
                                                       1700 Pacific Avenue, Suite 4650
                                                       Dallas, Texas 75201
                                                       Telephone: (214) 880-9625
                                                       Facsimile: (214) 481-1844
                                                       E-mail: Josh@HedrickKring.com
                                                       E-mail: Joel@HedrickKring.com

                                                            -   and -

Samuel M. Stricklin, Esquire
**STRICKLIN LAW FIRM, P.C.**
Palisade Central II
2435 North Central Expressway
Suite 1200
Richardson, Texas 75080
Telephone 972-2388687
E-mail: Sam.stricklin@stricklaw.pro

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served pursuant to the Federal Rules of Bankruptcy Procedure on this 21st day of June, 2021.


*/s/ Joel B. Bailey*
Joel B. Bailey

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ **DELAWARE** _____

In re  Old LC, Inc., *et al.*
_____

*Debtors.*

*(Complete if issued in an adversary proceeding)*

Official Committee of Unsecured Creditors of Old LC, Inc., *et al.*,
for and on behalf of the estates of Old LC, Inc., *et al.*,
_____

*Plaintiff.*

v.

Upfront V, LP, Breakwater Credit Opportunities Fund, L.P.; Upfront GPV, LLC,
Mark Suster; Dana Kibler; Gregory Bettinelli; Saif Mansour; Aamir Amdani;
Eric Beckman; Darrick Geant; and Joseph Kaczorowski;
_____

*Defendants.*

Case No. ___ **19-11791 (BLS)** ___

Chapter ___ **11** ___

Adv. Proc. No. ___ **20-51002 (BLS)** ___

| EXHIBIT |
| I |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Atalaya Capital Management LP, c/o its registered agent,
Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808
_____
*(Name of person to whom the subpoena is directed)*

■  *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| MORRIS JAMES LLP, 500 Delaware Avenue, Suite 1500 Wilmington, DE 19801 | 07/22/21 |

☐  *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/23/21

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Unsecured Creditors of Old LC, Inc., et al. , who issues or requests this subpoena, are:

Joel B. Bailey, Hedrick Kring, PLLC, 1700 Pacific Avenue, Suite 4600, Dallas, TX 75201, joel@HedrickKring.com, 214-880-9600.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

1.      "Upfront Defendants" means Upfront V, LP (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Upfront GP V, LLC (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Mark Suster, Dana Kibler, and Gregory Bettinelli.

2.      "Breakwater Defendants" means Breakwater Credit Opportunities Fund, L.P. (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski.

3.      "2017 Upfront/Breakwater Proposal" means the proposal submitted by Upfront and Breakwater on or about November 3, 2017, which included an investment of $6 million of new equity and $1.5 million in bridge financing.

4.      "2018 Upfront Proposal" means the proposal submitted by Upfront on July 25, 2018 for up to $7.5 million in new Series B funding.

5.      "Atalaya," "You," or "Your" means the Atalaya Capital Management LP, and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

6.      "BioWorld" means Loot Crate supplier BioWorld Merchandising, Inc. and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

## Exhibit A

7.      "Breakwater" means Breakwater Credit Opportunities Fund, L.P. and its directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

8.      "Communication" or "Communications" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

9.      "Document" and "Documents" include the following items within your possession, custody or control (as such phrase is used and interpreted under Rule 7034 of the Federal Rules of Bankruptcy Procedure), whether such items are typed, printed, recorded, reproduced by any mechanical process, copied or written by hand: contracts, communications, correspondence, emails, telegrams, telefaxes, text messages, voicemail messages, memoranda, statements, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, forecasts, orders, bills, telephone bills, invoices, checks, statistical statements, books of account, studies, graphs, charts, accounts, work papers, indexes, minutes or records of meetings or conferences, reports or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, drafts of documents, copies, marginal notations, photographs, tape recordings, and any other written, printed, recorded or graphic matter, photographic matter or sound reproduction however produced or reproduced.

10.     "First BioWorld Proposal" means the proposal submitted by BioWorld on or about November 1, 2017, which included between $7.5 and $10 million in equity financing and $2.5 to $5 million in debt financing.

**Exhibit A**

11.      "First Forbearance" means the February 9, 2018 Forbearance Agreement and First Amendment to Loan and Security Agreement dated June 1, 2016 in favor of Breakwater.

12.      "Loot Crate" means Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (formerly known as Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc. and/or Loot Crate Parent, Inc.) and their directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

13.      "Management Proposal" means the proposal submitted by a management group (including investments by members of Loot Crate's management and their family and friends) on or about November 1, 2017, which included between $7.25 to $10 million in new equity funding.

14.      "Second BioWorld Proposal" means the revised proposal submitted by BioWorld on or about December 7, 2017.

15.      "Second Forbearance" means the May 8, 2018 Forbearance Agreement #2 and Waiver to Loan and Security Agreement in favor of Breakwater.

16.      "South River" means South River Capital, LLC and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

17.      "South River Proposal" means the proposal submitted by South River Capital, LLC on or about June 1, 2018, and modified on June 18, 2018 with additional modifications after that time.

**Exhibit A**

## INSTRUCTIONS

1.      In producing Documents responsive to these requests, identify by paragraph number the request to which each produced Document is responsive. If a Document is responsive to more than one request, identify each request to which it is responsive.

2.      If copies of Documents are produced in lieu of originals, such copies shall be legible and bound or stapled in the same manner as the originals.

3.      If any Document is withheld from production on grounds of privilege or work product immunity: (i) identify the Document with particularity including a description of the Document's type (e.g., letter, memorandum, report), subject matter, number of pages, date, author(s), addressee(s), custodian and that person's business address; and (ii) explain the nature and basis for each claim of privilege or work product immunity.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**  All Documents and Communications sent to, or received from, any of the Upfront Defendants (including any attorneys for the Upfront Defendants) from January 1, 2016 to present relating to Loot Crate.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications sent to, or received from, any of the Breakwater Defendants (including any attorneys for the Breakwater Defendants) from January 1, 2016 to present relating to Loot Crate.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications sent to, or received from, Terry Boyle (including any attorneys for the Boyle or Kreiz) from January 1, 2016 to present relating to Loot Crate.[1]

---

[1] Upon information and belief, Mr. Boyle used email addresses of terry.boyle@hautelook.com and terry.boyle@gmail.com, however, Mr. Boyle may have also used other email addresses or communicated through

**Exhibit A**

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications sent to, or received from, Mark Suster or Dana Kibler from January 1, 2016 to present relating to Loot Crate.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  All Documents and Communications sent to, or received from, Chris Davis from January 1, 2016 to present relating to Loot Crate.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  All Documents and Communications relating to any letters of intent or loan agreements relating to Loot Crate, including any drafts thereof, including the Non-Binding Letter of Intent dated May 9, 2018.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**  All internal Communications relating to the Upfront Defendants and/or the Breakwater Defendants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**  All Documents and Communications relating to or describing Loot Crate's board of directors or its CEO (Chris Davis), including any Communications discussing their leadership, competency, or trustworthiness.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**  All Documents and Communications relating to any actual or potential decisions by You to withdraw any offer to provide financing to Loot Crate or any actual or potential decision to withdraw any letter of intent.

**RESPONSE:**

---

text messages. Further, Upon information and belief, Mr. Kreiz used the email address of ynon@kreiz.com, however, Mr. Kreiz may have also used other email addresses or communicated through text messages.

## Exhibit A

**REQUEST FOR PRODUCTION NO. 10:**  All due diligence material received, prepared, and/or reviewed in connection with evaluating actual or prospective financing to Loot Crate.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**  All Documents and Communications relating to or reflecting changes or modifications to Your proposed or actual financing to Loot Crate created or caused by actual or perceived threats from any of the Upfront Defendants or Breakwater Defendants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**  All Documents and Communications relating to any negotiations with the Upfront Defendants or the Breakwater Defendants concerning Loot Crate.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**  All Documents and Communications sent to, or received from, BioWorld or South River from January 1, 2016 to the present relating to Loot Crate.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ **DELAWARE**

In re **Old LC, Inc.,** *et al.*
_____

Debtors.
*(Complete if issued in an adversary proceeding)*

Official Committee of Unsecured Creditors of Old LC, Inc., *et al.,*
for and on behalf of the estates of Old LC, Inc., *et al.,*
_____
*Plaintiff.*
v.

Upfront V, LP, Breakwater Credit Opportunities Fund, L.P.; Upfront GPV, LLC,
Mark Suster; Dana Kibler; Gregory Bettinelli; Saif Mansour; Aamir Amdani;
Eric Beckman; Darrick Geant; and Joseph Kaczorowski;
_____
*Defendants.*

Case No. ___**19-11791 (BLS)**___

Chapter ___**11**___

Adv. Proc. No. ___**20-51002 (BLS)**___

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Bio World Merchandising, Inc., c/o its registered agent, Rajeen Malik, 1159 Cottonwood Ln., Irving, TX 75038
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Hedrick Kring, PLLC, 1700 Pacific Ave., Suite 4600, Dallas, Texas 75201 | 07/22/21 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___06/23/21___

CLERK OF COURT

_____        OR        _____
Signature of Clerk or Deputy Clerk                           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Unsecured Creditors of Old LC, Inc., et al. _____, who issues or requests this subpoena, are:

Joel B. Bailey, Hedrick Kring, PLLC, 1700 Pacific Avenue, Suite 4600, Dallas, TX 75201, joel@HedrickKring.com, 214-880-9600.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

■ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

1.      "Upfront Defendants" means Upfront V, LP (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Upfront GP V, LLC (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Mark Suster, Dana Kibler, and Gregory Bettinelli.

2.      "Breakwater Defendants" means Breakwater Credit Opportunities Fund, L.P. (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski.

3.      "2017 Upfront/Breakwater Proposal" means the proposal submitted by Upfront and Breakwater on or about November 3, 2017, which included an investment of $6 million of new equity and $1.5 million in bridge financing.

4.      "2018 Upfront Proposal" means the proposal submitted by Upfront on July 25, 2018 for up to $7.5 million in new Series B funding.

5.      "Atalaya" means the Atalaya Capital Management LP, and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

6.      "BioWorld," "You," or "Your" means Loot Crate supplier BioWorld Merchandising, Inc. and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

**Exhibit A**

7.      "Breakwater" means Breakwater Credit Opportunities Fund, L.P. and its directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

8.      "Communication" or "Communications" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

9.      "Document" and "Documents" include the following items within your possession, custody or control (as such phrase is used and interpreted under Rule 7034 of the Federal Rules of Bankruptcy Procedure), whether such items are typed, printed, recorded, reproduced by any mechanical process, copied or written by hand: contracts, communications, correspondence, emails, telegrams, telefaxes, text messages, voicemail messages, memoranda, statements, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, forecasts, orders, bills, telephone bills, invoices, checks, statistical statements, books of account, studies, graphs, charts, accounts, work papers, indexes, minutes or records of meetings or conferences, reports or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, drafts of documents, copies, marginal notations, photographs, tape recordings, and any other written, printed, recorded or graphic matter, photographic matter or sound reproduction however produced or reproduced.

10.      "First BioWorld Proposal" means the proposal submitted by BioWorld on or about November 1, 2017, which included between $7.5 and $10 million in equity financing and $2.5 to $5 million in debt financing.

**Exhibit A**

11.    "First Forbearance" means the February 9, 2018 Forbearance Agreement and First Amendment to Loan and Security Agreement dated June 1, 2016 in favor of Breakwater.

12.    "Loot Crate" means Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (formerly known as Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc. and/or Loot Crate Parent, Inc.) and their directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

13.    "Management Proposal" means the proposal submitted by a management group (including investments by members of Loot Crate's management and their family and friends) on or about November 1, 2017, which included between $7.25 to $10 million in new equity funding.

14.    "Second BioWorld Proposal" means the revised proposal submitted by BioWorld on or about December 7, 2017.

15.    "Second Forbearance" means the May 8, 2018 Forbearance Agreement #2 and Waiver to Loan and Security Agreement in favor of Breakwater.

16.    "South River," "You," or "Your" means South River Capital, LLC and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

17.    "South River Proposal" means the proposal submitted by South River Capital, LLC on or about June 1, 2018, and modified on June 18, 2018 with additional modifications after that time.

### Exhibit A

### INSTRUCTIONS

1.    In producing Documents responsive to these requests, identify by paragraph number the request to which each produced Document is responsive. If a Document is responsive to more than one request, identify each request to which it is responsive.

2.    If copies of Documents are produced in lieu of originals, such copies shall be legible and bound or stapled in the same manner as the originals.

3.    If any Document is withheld from production on grounds of privilege or work product immunity: (i) identify the Document with particularity including a description of the Document's type (e.g., letter, memorandum, report), subject matter, number of pages, date, author(s), addressee(s), custodian and that person's business address; and (ii) explain the nature and basis for each claim of privilege or work product immunity.

### DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**  All Documents and Communications sent to, or received from, any of the Upfront Defendants (including any attorneys for the Upfront Defendants) from January 1, 2016 to present relating to (i) Loot Crate, (ii) the First BioWorld Proposal, and/or the (ii) Second BioWorld Proposal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications sent to, or received from, any of the Breakwater Defendants (including any attorneys for the Breakwater Defendants) from January 1, 2016 to present relating to (i) Loot Crate, (ii) the First BioWorld Proposal, and/or the (ii) Second BioWorld Proposal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications sent to, or received from, Terry Boyle  (including any attorneys for the Boyle or Kreiz) from January 1,

**Exhibit A**

2016 to present relating to (i) Loot Crate, (ii) the First BioWorld Proposal, and/or the (ii) Second BioWorld Proposal.[1]

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications sent to, or received from, Mark Suster or Dana Kibler from January 1, 2016 to present relating to (i) Loot Crate, (ii) the First BioWorld Proposal, and/or the (ii) Second BioWorld Proposal.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  All Documents and Communications sent to, or received from, Chris Davis from January 1, 2016 to present relating to (i) Loot Crate, (ii) the First BioWorld Proposal, and/or the (ii) Second BioWorld Proposal.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  All internal Documents and Communications relating to (i) Loot Crate, (ii) the First BioWorld Proposal, and/or the (ii) Second BioWorld Proposal.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**  All internal Communications relating to the Upfront Defendants and/or the Breakwater Defendants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**  All Documents and Communications relating to or describing Loot Crate's board of directors or its CEO (Chris Davis), including any Communications discussing their leadership, competency, or trustworthiness.

**RESPONSE:**

---

[1] Upon information and belief, Mr. Boyle used email addresses of terry.boyle@hautelook.com and terry.boyle@gmail.com, however, Mr. Boyle may have also used other email addresses or communicated through text messages. Further, Upon information and belief, Mr. Kreiz used the email address of ynon@kreiz.com, however, Mr. Kreiz may have also used other email addresses or communicated through text messages.

**Exhibit A**

**REQUEST FOR PRODUCTION NO. 9:**  All Documents and Communications relating to any actual or potential decisions by You to withdraw any offer to provide financing to Loot Crate or any actual or potential decision to withdraw any letter of intent.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**  All due diligence material received, prepared, and/or reviewed in connection with evaluating actual or prospective financing to Loot Crate.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**  All Documents and Communications relating to or reflecting changes or modifications to Your proposed or actual financing to Loot Crate created or caused by actual or perceived threats from any of the Upfront Defendants or Breakwater Defendants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**  All Documents and Communications relating to any negotiations with the Upfront Defendants or the Breakwater Defendants concerning (i) Loot Crate, (ii) the First BioWorld Proposal, and/or the (ii) Second BioWorld Proposal.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**  All Documents and Communications sent to, or received from, Atalaya or South River from January 1, 2016 to the present relating to (i) Loot Crate, (ii) the First BioWorld Proposal, and/or the (ii) Second BioWorld Proposal.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ **DELAWARE** _____

In re **Old LC, Inc.,** *et al.* _____

Debtors.

*(Complete if issued in an adversary proceeding)*

Official Committee of Unsecured Creditors of Old LC, Inc., *et al.*, for and on behalf of the estates of Old LC, Inc., *et al.*,

_____

*Plaintiff.*

v.

Upfront V, LP, Breakwater Credit Opportunities Fund, L.P.; Upfront GPV, LLC, Mark Suster; Dana Kibler; Gregory Bettinelli; Saif Mansour; Aamir Amdani; Eric Beckman; Darrick Geant; and Joseph Kaczorowski,

_____

*Defendants.*

Case No. ___ **19-11791 (BLS)** ___

Chapter ___ **11** ___

Adv. Proc. No. ___ **20-51002 (BLS)** ___

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Morgan, Lewis & Bockius LLP, c/o its registered agent, John V. Gorman, Esquire, 1201 N. Market Street, Suite 2201, Wilmington, DE 19801

*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| MORRIS JAMES LLP, 500 Delaware Avenue, Suite 1500 Wilmington, DE 19801 | 07/22/21 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___ 06/23/21 ___

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Unsecured Creditors of Old LC, Inc., et al. , who issues or requests this subpoena, are:

Joel B. Bailey, Hedrick Kring, PLLC, 1700 Pacific Avenue, Suite 4600, Dallas, TX 75201, joel@HedrickKring.com, 214-880-9600.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business, in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### Exhibit A

### DEFINITIONS

1.      "Morgan Lewis" means Morgan, Lewis & Bockius LLP (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company).

2.      "Upfront Defendants" means Upfront V, LP (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Upfront GP V, LLC (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Mark Suster, Dana Kibler, and Gregory Bettinelli.

3.      "Breakwater Defendants" means Breakwater Credit Opportunities Fund, L.P. (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski.

4.      "2017 Upfront/Breakwater Proposal" means the proposal submitted by Upfront and Breakwater on or about November 3, 2017, which included an investment of $6 million of new equity and $1.5 million in bridge financing.

5.      "2018 Upfront Proposal" means the proposal submitted by Upfront on July 25, 2018 for up to $7.5 million in new Series B funding.

6.      "Atalaya" means the Atalaya Capital Management LP, and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

7.      "BioWorld" means Loot Crate supplier BioWorld Merchandising, Inc. and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or

<u>Exhibit A</u>

on behalf of the companies or individuals on matters concerning the subject matter of these requests.

8.      "Breakwater" means Breakwater Credit Opportunities Fund, L.P. and its directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

9.      "Communication" or "Communications" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

10.     "Document" and "Documents" include the following items within your possession, custody or control (as such phrase is used and interpreted under Rule 7034 of the Federal Rules of Bankruptcy Procedure), whether such items are typed, printed, recorded, reproduced by any mechanical process, copied or written by hand: contracts, communications, correspondence, emails, telegrams, telefaxes, text messages, voicemail messages, memoranda, statements, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, forecasts, orders, bills, telephone bills, invoices, checks, statistical statements, books of account, studies, graphs, charts, accounts, work papers, indexes, minutes or records of meetings or conferences, reports or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, drafts of documents, copies, marginal notations, photographs, tape recordings, and any other written, printed, recorded or graphic matter, photographic matter or sound reproduction however produced or reproduced.

**Exhibit A**

11.　"First BioWorld Proposal" means the proposal submitted by BioWorld on or about November 1, 2017, which included between $7.5 and $10 million in equity financing and $2.5 to $5 million in debt financing.

12.　"First Forbearance" means the February 9, 2018 Forbearance Agreement and First Amendment to Loan and Security Agreement dated June 1, 2016 in favor of Breakwater.

13.　"Loot Crate" means Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (formerly known as Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc. and/or Loot Crate Parent, Inc.) and their directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

14.　"Management Proposal" means the proposal submitted by a management group (including investments by members of Loot Crate's management and their family and friends) on or about November 1, 2017, which included between $7.25 to $10 million in new equity funding.

15.　"Second BioWorld Proposal" means the revised proposal submitted by BioWorld on or about December 7, 2017.

16.　"Second Forbearance" means the May 8, 2018 Forbearance Agreement #2 and Waiver to Loan and Security Agreement in favor of Breakwater.

17.　"South River" means South River Capital, LLC and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

18.　"South River Proposal" means the proposal submitted by South River Capital, LLC on or about June 1, 2018, and modified on June 18, 2018 with additional modifications after that time.

## Exhibit A

## INSTRUCTIONS

1.     In producing Documents responsive to these requests, identify by paragraph number the request to which each produced Document is responsive. If a Document is responsive to more than one request, identify each request to which it is responsive.

2.     If copies of Documents are produced in lieu of originals, such copies shall be legible and bound or stapled in the same manner as the originals.

3.     If any Document is withheld from production on grounds of privilege or work product immunity: (i) identify the Document with particularity including a description of the Document's type (e.g., letter, memorandum, report), subject matter, number of pages, date, author(s), addressee(s), custodian and that person's business address; and (ii) explain the nature and basis for each claim of privilege or work product immunity.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**  All Documents and Communications sent to, or received from, any of the Upfront Defendants (including any attorneys for the Upfront Defendants) from January 1, 2016 to August 10, 2019 relating to any of the following:

(a)  2017 Upfront/Breakwater Proposal;
(b)  2018 Upfront Proposal;
(c)  Atalaya Financing;
(d)  Atalaya;
(e)  BioWorld;
(f)  Loot Crate;
(g)  First BioWorld Proposal;
(h)  First Forbearance;
(i)  Management Proposal;
(j)  Second BioWorld Proposal;
(k)  Second Forbearance;
(l)  South River; and
(m) South River Proposal.

**Exhibit A**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications sent to, or received from, Loot Crate from January 1, 2016 to August 10, 2019 relating to any of the following:

    (a) 2017 Upfront/Breakwater Proposal;
    (b) 2018 Upfront Proposal;
    (c) Atalaya Financing;
    (d) Atalaya;
    (e) BioWorld;
    (f) Loot Crate;
    (g) First BioWorld Proposal;
    (h) First Forbearance;
    (i) Management Proposal;
    (j) Second BioWorld Proposal;
    (k) Second Forbearance;
    (l) South River; and
    (m)South River Proposal.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications sent to, or received from, Terry Boyle (including any attorneys for the Boyle or Kreiz) from January 1, 2016 to August 10, 2019 relating to any of the following:

    (a) 2017 Upfront/Breakwater Proposal;
    (b) 2018 Upfront Proposal;
    (c) Atalaya Financing;
    (d) Atalaya;
    (e) BioWorld;
    (f) Loot Crate;
    (g) First BioWorld Proposal;
    (h) First Forbearance;
    (i) Management Proposal;
    (j) Second BioWorld Proposal;
    (k) Second Forbearance;
    (l) South River; and
    (m)South River Proposal.[1]

---

[1] Upon information and belief, Mr. Boyle used email addresses of terry.boyle@hautelook.com and terry.boyle@gmail.com, however, Mr. Boyle may have also used other email addresses or communicated through text messages. Further, Upon information and belief, Mr. Kreiz used the email address of ynon@kreiz.com, however, Mr. Kreiz may have also used other email addresses or communicated through text messages.

**Exhibit A**

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications sent to, or received from, Atalaya, South River, and/or BioWorld from January 1, 2016 to August 10, 2019 relating to Loot Crate.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ **DELAWARE** _____

In re  Old LC, Inc., *et al.*
_____

Debtors.

*(Complete if issued in an adversary proceeding)*

Official Committee of Unsecured Creditors of Old LC, Inc., *et al.*,
for and on behalf of the estates of Old LC, Inc., *et al.*,
_____

*Plaintiff.*

v.

Upfront V, LP, Breakwater Credit Opportunities Fund, L.P.; Upfront GPV, LLC,
Mark Suster; Dana Kibler; Gregory Bettinelli; Saif Mansour; Aamir Amdani;
Eric Beckman; Darrick Geant; and Joseph Kaczorowski,
_____

*Defendants.*

Case No. _____ **19-11791 (BLS)** _____

Chapter _____ **11** _____

Adv. Proc. No. _____ **20-51002 (BLS)** _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   South River Capital LLC, c/o its registered agent, James Plack, 1500 Wild Cranberry Drive, Crownsville, MD 21032
_____

*(Name of person to whom the subpoena is directed)*

☑   *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| MORRIS JAMES LLP, 500 Delaware Avenue, Suite 1500 Wilmington, DE 19801 | 07/22/21 |

☐   *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/23/21 _____

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Unsecured Creditors of Old LC, Inc., et al. _____ , who issues or requests this subpoena, are:

Joel B. Bailey, Hedrick Kring, PLLC, 1700 Pacific Avenue, Suite 4600, Dallas, TX 75201, joel@HedrickKring.com, 214-880-9600.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

1.      "Upfront Defendants" means Upfront V, LP (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Upfront GP V, LLC (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Mark Suster, Dana Kibler, and Gregory Bettinelli.

2.      "Breakwater Defendants" means Breakwater Credit Opportunities Fund, L.P. (including its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the company), Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski.

3.      "2017 Upfront/Breakwater Proposal" means the proposal submitted by Upfront and Breakwater on or about November 3, 2017, which included an investment of $6 million of new equity and $1.5 million in bridge financing.

4.      "2018 Upfront Proposal" means the proposal submitted by Upfront on July 25, 2018 for up to $7.5 million in new Series B funding.

5.      "Atalaya" means the Atalaya Capital Management LP, and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

6.      "BioWorld" means Loot Crate supplier BioWorld Merchandising, Inc. and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

**Exhibit A**

7.      "Breakwater" means Breakwater Credit Opportunities Fund, L.P. and its directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

8.      "Communication" or "Communications" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

9.      "Document" and "Documents" include the following items within your possession, custody or control (as such phrase is used and interpreted under Rule 7034 of the Federal Rules of Bankruptcy Procedure), whether such items are typed, printed, recorded, reproduced by any mechanical process, copied or written by hand: contracts, communications, correspondence, emails, telegrams, telefaxes, text messages, voicemail messages, memoranda, statements, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, forecasts, orders, bills, telephone bills, invoices, checks, statistical statements, books of account, studies, graphs, charts, accounts, work papers, indexes, minutes or records of meetings or conferences, reports or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, notes, drafts of documents, copies, marginal notations, photographs, tape recordings, and any other written, printed, recorded or graphic matter, photographic matter or sound reproduction however produced or reproduced.

10.      "First BioWorld Proposal" means the proposal submitted by BioWorld on or about November 1, 2017, which included between $7.5 and $10 million in equity financing and $2.5 to $5 million in debt financing.

**Exhibit A**

11.    "First Forbearance" means the February 9, 2018 Forbearance Agreement and First Amendment to Loan and Security Agreement dated June 1, 2016 in favor of Breakwater.

12.    "Loot Crate" means Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (formerly known as Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc. and/or Loot Crate Parent, Inc.) and their directors, officers, management, agents, predecessors, subsidiaries, affiliates and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

13.    "Management Proposal" means the proposal submitted by a management group (including investments by members of Loot Crate's management and their family and friends) on or about November 1, 2017, which included between $7.25 to $10 million in new equity funding.

14.    "Second BioWorld Proposal" means the revised proposal submitted by BioWorld on or about December 7, 2017.

15.    "Second Forbearance" means the May 8, 2018 Forbearance Agreement #2 and Waiver to Loan and Security Agreement in favor of Breakwater.

16.    "South River," "You," or "Your" means South River Capital, LLC and its directors, officers, management, agents, predecessors, subsidiaries, and all persons acting for or on behalf of the companies or individuals on matters concerning the subject matter of these requests.

17.    "South River Proposal" means the proposal submitted by South River Capital, LLC on or about June 1, 2018, and modified on June 18, 2018 with additional modifications after that time.

## Exhibit A

## INSTRUCTIONS

1.      In producing Documents responsive to these requests, identify by paragraph number the request to which each produced Document is responsive. If a Document is responsive to more than one request, identify each request to which it is responsive.

2.      If copies of Documents are produced in lieu of originals, such copies shall be legible and bound or stapled in the same manner as the originals.

3.      If any Document is withheld from production on grounds of privilege or work product immunity: (i) identify the Document with particularity including a description of the Document's type (e.g., letter, memorandum, report), subject matter, number of pages, date, author(s), addressee(s), custodian and that person's business address; and (ii) explain the nature and basis for each claim of privilege or work product immunity.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**  All Documents and Communications sent to, or received from, any of the Upfront Defendants (including any attorneys for the Upfront Defendants) from January 1, 2016 to present relating to Loot Crate and/or the South River Proposal.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications sent to, or received from, any of the Breakwater Defendants (including any attorneys for the Breakwater Defendants) from January 1, 2016 to present relating to Loot Crate and/or the South River Proposal.

**RESPONSE:**

**Exhibit A**

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications sent to, or received from, Terry Boyle (including any attorneys for the Boyle or Kreiz) from January 1, 2016 to present relating to Loot Crate and/or the South River Proposal.[1]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications sent to, or received from, Mark Suster or Dana Kibler from January 1, 2016 to present relating to Loot Crate and/or the South River Proposal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All Documents and Communications sent to, or received from, Chris Davis from January 1, 2016 to present relating to Loot Crate and/or the South River Proposal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All Documents and Communications relating to any letters of intent or loan agreements relating to Loot Crate, including any drafts thereof.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All internal Communications relating to the Upfront Defendants and/or the Breakwater Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  All Documents and Communications relating to or describing Loot Crate's board of directors or its CEO (Chris Davis), including any Communications discussing their leadership, competency, or trustworthiness.

**RESPONSE:**

---

[1] Upon information and belief, Mr. Boyle used email addresses of terry.boyle@hautelook.com and terry.boyle@gmail.com, however, Mr. Boyle may have also used other email addresses or communicated through text messages. Further, Upon information and belief, Mr. Kreiz used the email address of ynon@kreiz.com, however, Mr. Kreiz may have also used other email addresses or communicated through text messages.

## Exhibit A

**REQUEST FOR PRODUCTION NO. 9:**  All Documents and Communications relating to any actual or potential decisions by You to withdraw any offer to provide financing to Loot Crate or any actual or potential decision to withdraw any letter of intent.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  All due diligence material received, prepared, and/or reviewed in connection with evaluating actual or prospective financing to Loot Crate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  All Documents and Communications relating to or reflecting changes or modifications to Your proposed or actual financing to Loot Crate created or caused by actual or perceived threats from any of the Upfront Defendants or Breakwater Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  All Documents and Communications relating to any negotiations with the Upfront Defendants or the Breakwater Defendants concerning Loot Crate and/or the South River Proposal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  All Documents and Communications sent to, or received from, BioWorld or Atalaya from January 1, 2016 to the present relating to Loot Crate and/or the South River Proposal.

**RESPONSE:**