IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| Official Committee of Unsecured Creditors of Old LC, Inc., et al., for and on behalf of the estates of Old LC, Inc., *et al.*; | § § § § § | |
| | § | |
| *Plaintiff,* | § § | |
| v. | § § | Adv. No. 20-51002 (BLS) |
| | § | |
| Upfront V, LP, Breakwater Credit Opportunities Fund, L.P.; Upfront GP V, LLC; Mark Suster; Dana Kibler; Gregory Bettinelli; Saif Mansour; Aamir Amdani; Eric Beckman; Darrick Geant; and Joseph Kaczorowski | § § § § § § § § | |
| | § | |
| *Defendants.* | § | |

**DECLARATION OF JOEL B. BAILEY IN SUPPORT OF PLAINTIFF'S MOTION TO DENY OR CONTINUE BREAKWATER'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO PERMIT NECESSARY DISCOVERY AND MOTION TO COMPEL DEPOSITIONS**

I, Joel B. Bailey, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1.      I am a partner Hedrick Kring, PLLC. I submit this Declaration in connection with

the *Motion to Deny or Continue Breakwater's Motion for Partial Summary Judgment to Permit*

*Necessary Discovery and Motion to Compel Depositions* (the "**Motion**") filed by Plaintiff

---

[1]      The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

Official Committee of Unsecured Creditors of Old LC, Inc. ("**Plaintiff**").

2.      Since the inception of this adversary proceeding, the parties agreed to pursue an early and efficient resolution through document discovery and early mediation.  Attached to the Motion as Exhibits A, B, and C are true and correct copies of the parties' negotiations concerning the scheduling order.  As reflected therein, all parties contemplated the completion of an early mediation to determine if resolution were possible.

3.      Plaintiff has diligently worked to review and produce documents expeditiously in order to provide all parties with the factual bases supporting the allegations in the Plaintiff's Complaint and First Amended Complaint.  Upon learning that the Breakwater Defendants and the Upfront Defendants had not shared each other's productions in response to the Debtors' 2004 motions, Plaintiff readily produced those documents in February and March 2021.  Thereafter, Plaintiff proceeded to produce 43,439 pages of Debtors' documents.

4.      After Plaintiff completed its productions, I made numerous attempts to determine whether mediation would occur or if the parties would rather move forward with depositions.  Attached to the Motion as Exhibits D, E, and F are a true and correct copies of emails from me to counsel on June 7, 2021, June 11, 2021, and June 16, 2021 concerning mediation or depositions.

5.      After Breakwater reversed its prior course and filed its summary judgment, Plaintiff expeditiously proceeded to serve discovery.  Attached to the Motion as Exhibits G, H, and I are true and correct copies of written discovery, deposition notices, and subpoenas served days after Breakwater filed its Motion for Partial Summary Judgment ("**MSJ**").

6.      The discovery presently being sought by the Plaintiff, and the subsequent depositions of other Director Defendants and prior directors are essential to Plaintiff's response

in opposition to the MSJ as the discovery will be used to discover, among other relevant issues:

(a) The nature, extent, connection, collaboration, and coordination between Breakwater and Upfront concerning their control of Loot Crate, including whether Breakwater utilized threats and demands to preclude other financing opportunities in improper ways as a controlling shareholder.

(b) Breakwater's awareness, knowledge, review, approval, rejection, or modification of emails sent by Upfront or its agents to Loot Crate relating to Loot Crate's business.

(c) Breakwater's awareness, knowledge, participation in, and assistance with the recruitment of purportedly "independent" directors such as Kreiz and Boyle.

(d) Breakwater's awareness, knowledge, participation in, and assistance with the covert recruitment of former Loot Crate officers to reconstitute Loot Crate's leadership with its own hand-picked people.

(e) Beyond the written emails, what oral discussions occurred outside of emails and letters, including how often Breakwater and Upfront communicated.

(f) Whether the individuals who served as directors/observers fulfilled their fiduciary duties to Loot Crate, including whether Defendant Mansour fulfilled his fiduciary duties agreed-upon as a Board Observer in the Side Letter, a true and correct copy of which is attached to the Motion as Exhibit W.

(g) The interestedness or independence of Ynon Kreiz or Terry Boyle to properly evaluate the various transactions and issues.

(h) The fact-intensive analysis of whether Breakwater was a controlling

shareholder.

    (i)   The fact-intensive analysis of whether Breakwater was in a control group with Upfront.

    (j)   The fact-intensive analysis of whether Breakwater and the individual directors acted in good faith or in bad faith in connection with their decisions.

    (k)   The motives and reasoning behind Breakwater's course of conduct that ultimately led to Loot Crate's demise.

7.      These depositions and written discovery are exclusively in Defendants' possession and specifically within the minds and memory of the Director Defendants.  The discovery has not occurred to date given the parties' prior understanding and agreement to pursue document discovery and an early mediation.  Plaintiff has further been diligently reviewing and producing documents in order to accommodate the requests from Defendants. As the cases cited in Plaintiff's Motion demonstrate, the issues forming the basis of Breakwater's MSJ are fact-intensive and the depositions and written discovery drive to the heart of these and other factual issues.  Moreover, as courts like "*Odyssey 1.5*" describe, the credibility, memory, and motives of director defendants are important in deciding the relevant issues here, including the issues raised in Breakwater's MSJ.

8.      Attached to the Motion as <u>Exhibits J-V</u> are true and correct copies of documents produced by Defendants relating to Plaintiff's allegations in its Amended Complaint.  These and other documents produced that support the allegations made in the Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 25, 2021.


Dallas, TX

By: _____
    Joel B. Bailey