# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Old LC, Inc., et al.,<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-11791 (BLS) |
| Official Committee of Unsecured Creditors of Old LC, Inc., et al., for and on behalf of the estates of Old LC, Inc., et al.,<br>　　*the Committee*,<br>v.<br><br>Upfront V, LP, Breakwater Credit Opportunities Fund, L.P., et al.,<br>　　*Defendants*. | Adv. No. 20-51002 (BLS) |

**OPPOSITION OF BREAKWATER DEFENDANTS TO PLAINTIFF'S MOTION TO DENY OR CONTINUE BREAKWATER DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT TO PERMIT DISCOVERY AND MOTION TO COMPEL DEPOSITIONS**

Pursuant to Federal Rule of Bankruptcy Procedure 7056, Defendants Breakwater Credit Opportunities Fund, L.P. ("Breakwater"), Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski (together with Breakwater, the "Breakwater Defendants") submit this opposition to the adversary plaintiff Committee's[1] motion for relief under Rule 7056(d) (Dkt. No. 60, the "56(d) Motion"). As grounds, the Breakwater Defendants say:

1. The Committee responded to the Breakwater Defendants' Motion for Partial Summary Judgment (Dkt. No. 46, the "PSJ Motion")[2] by seeking relief under Rule 7056(d), and,

---

[1] The Official Committee of Unsecured Creditors of Old LC, Inc.
[2] The Breakwater Defendants refer to the brief in support of the PSJ Motion, as the "PSJ Brief." (Dkt. No. 47).

two days ago, by filing its *Response in Opposition to Breakwater Defendants Motion for a Protective Order* (Dkt. No. 67) ("PO Motion Response") arguing that (i) the Committee "needs" depositions to better understand the documentary evidence relevant to its breach of fiduciary duty theories, and (ii) such depositions are not expensive.[3] The PO Motion Response, like the 56(d) Motion, does not identify any factual dispute or further discovery that would touch on the issues raised in the PSJ Motion.

2.  Rule 7056(d) requires that "a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; *how, if uncovered, it would preclude summary judgment*; and why it was not previously obtained." *In re SemCrude*, 2011 WL 2471002, at *5 (Bankr. D. Del. June 20, 2011), quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-140 (3d Cir. 1988) (emphasis added).

3.  The 56(d) Motion concedes that the information sought would not preclude summary judgment. The Committee seeks to pursue (through depositions) "fact-intensive inquiries surrounding good faith, disinterestedness, independence, control and motive." 56(d) Motion at 6. Its brief bullet-points eleven "issues," *see id.* at 6-8, but none addresses the sole point raised in the PSJ Motion. Breach cannot be proved, and damages cannot be recovered for lost "opportunities" that required a defendant (regardless of whether it was a fiduciary) to compromise its contract rights. *See* PSJ Brief at 13-14 (citing cases). The 56(d) Motion does not argue – because it cannot – that there is any factual dispute about what Loot Crate's lost "opportunities" were, or the terms of Breakwater's contractual rights as an existing minority preferred shareholder and lender. It

---

[3] The Breakwater Defendants will fully address the points raised in the PO Motion Response in its reply in support of its *Motion for a Protective Order* (Dkt. No. 58) due on July 19, 2021.

identifies no alleged lost "opportunity" or other alleged corporate harm that did not require compromise of those contract rights. PSJ Brief at 14-18. Thus partial summary judgment will rise or fall on the Court's application of a simple proposition of law to an undisputed record. If the PSJ Motion succeeds, the depositions will be moot and the parties and Court will avoid considerable expense and distraction. If it fails, depositions can proceed, without prejudice to the Committee.

4.  *SemCrude supports denial of the 56(d) Motion.* In *Semcrude,* rule 56(d) movants explained how the information they sought *would* preclude summary judgment. 2011 WL 2471002, at *5. The case involved a contested lien claim in oil sold to the debtors (and resold by them) prior to a chapter 11 petition. Downstream purchasers moved for summary judgment, arguing that no lien existed. The oil producers sought to discover the value given for the purchased oil, and whether the purchasers knew of the liens – information, as the Court advised, that bore "directly on the merits of the Motions for Summary Judgment." *Id.* at *6. Here, the Committee's affidavit identifies no query that would bear on the sole factual issue presented: what the lost "opportunities" and contract rights were.[4]

5.  *The Odyssey Decisions Support Denial of the 56(d) Motion*. The Odyssey cases[5] were tried in the Court of Chancery. That court afforded no pre-complaint discovery. Here, through broad Rule 2004 discovery, the Committee obtained extensive documents, and pre-filing

---

[4] No theory of disgorgement of an ill-gotten gain is alleged in Counts I-IV of the Complaint, and none is possible. (It is undisputed that Breakwater lost its equity investment and that its refinanced debt had been validly issued for money lent.). The consideration paid for Breakwater's forbearance, attacked by later counts of the Complaint, is not the subject of the PSJ Motion.

[5] *Odyssey Partners, L.P. v. Fleming Co., Inc.*, CIV. A. No. 14770, 1996 WL 422377, at *3 (Del. Ch. July 24, 1996) ("*Odyssey*") (reciting the well-accepted principle of Delaware law that "fiduciary obligation does not require self-sacrifice"); *Odyssey Partners, L.P. v. Fleming Co. Inc.*, 735 A.2d 386, 411, 415 (Del. Ch. May 13, 1999) ("*Odyssey II*") (same).

knowledge of the facts. Its Complaint[6] recites the alleged opportunities in granular detail. Complaint ¶¶ 69-72, 74; PSJ Brief at 5-7.

6. The first *Odyssey* decision ruled on a motion to dismiss. At that point the plaintiff did not have the defendants' documents. The complaint alleged fiduciary breaches that, at least on the face of the allegations, did not involve failure to compromise contract rights, and did assert that a controlling shareholder *succeeded* in forcing auction procedures to chill market participation. The Court of Chancery noted, in denying the motion to dismiss, that a fiduciary is not obligated to compromise its contractual rights, but concluded that the allegations of the complaint raised factual questions as to whether the defendant's self-interested acts might have foreclosed the corporation from opportunities that did not require such compromise. *See generally Odyssey*, 1996 WL 422377, at *3. Ultimately the case went to trial because the Court concluded that the facts remained unclarified. *See Odyssey Partners, L.P. v. Fleming Co., Inc.,* CIV. A. No. 14770*,* 1998 WL 157367, at *1 (Del. Ch. Mar. 5, 1998). The majority shareholder *had* acquired the company to the detriment of the minority shareholders, orchestrating a series of transactions to its sole benefit. After trial, the Court held for the defense. It found that the two foregone opportunities would have required the defendant to compromise contractual rights. *See Odyssey II*, 735 A.2d at 411. No breach could be proved because the defendant's "refusal to waive its preemptive rights or to assume further financial obligations … without adequate compensation cannot seriously be thought to have been a breach of its fiduciary duties." *Id*.

7. The key fact – that the alternative opportunities required contractual compromise – is neither unclear nor disputed here.

---

[6] The Breakwater Defendants refer to First Amended Complaint as the "Complaint" (Dkt. No. 28).

8. *Odyssey II* clarified the law. Courts in Delaware have relied on its reasoning to **dismiss** claims against an alleged fiduciary that derive from that alleged fiduciary's exercise of their contractual rights:

- In *In re Synthes, Inc. S'holder Litig.*, 50 A.3d 1022, 1040–41 (Del. Ch. 2012), the Court of Chancery granted a controlling stockholder's motion to dismiss a complaint alleging that the stockholder breached fiduciary duties when it refused to consider an acquisition offer that would have cashed out all the minority stockholders in favor of an offer that treated controlling stockholder more favorably. Citing *Odyssey II*, the Court held that the controlling shareholder was not required to accept a sale bid that would have delivered a better deal for minority shareholders at its expense. *Id.* ("Delaware law does not . . . impose on controlling stockholders a duty to engage in self-sacrifice for the benefit of minority shareholders. That is, the duty to put the 'best interest of the corporation and its shareholders' above 'any interest ... not shared by the stockholders generally' does not mean that the controller has to subrogate his own interests so that the minority stockholders can get the deal that they want.").

- In *In re Midway Games Inc.*, 428 B.R. 303, 319 (Bankr. D. Del. 2010), *on reconsideration in part* (Mar. 19, 2010), Judge Gross dismissed all breach of fiduciary duty counts and held that controlling shareholders did not breach fiduciary duties when the company decided to borrow $90M from such shareholders. Citing *Odyssey II*, the Court observed that "[c]ontrolling shareholders are entitled to advance their economic interests." 428 B.R. at 319.

- In *In re CNX Gas Corp. Shareholders Litig.,* 4 A.3d 397, 408-09 (Del. Ch. 2010), V.C. Laster declined to enjoin a tender offer. Citing *Odyssey II*, he held that "[w]hen a controller exercises contractual or statutory rights as a third-party lender, its actions are not subject to fiduciary review." *Id*. at 409.

9. This litigation is no (upper-case) *Odyssey*, although the Committee seems determined to make it a lower-case one. The Court should decline the invitation. The 56(d) Motion identifies no factual dispute or further discovery that would touch on the issue raised in the PSJ Motion.

## Conclusion

The 56(d) Motion should be denied.

Dated: July 14, 2021  
Wilmington, Delaware

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jody C. Barillare*  
Jody C. Barillare (#5107)  
1201 N. Market Street, Suite 2201  
Wilmington, DE 19801  
Telephone: (302) 574-7294  
Email: jody.barillare@morganlewis.com

Sabin Willett (pro hac vice)  
One Federal Street  
Boston, MA 02110-1726  
Telephone: (617) 951-8775  
Email: sabin.willett@morganlewis.com

Shannon B. Wolf (pro hac vice)  
One State Street  
Hartford, CT 06103-3178  
Telephone: (860) 240-2700  
Email: shannon.wolf@morganlewis.com

*Attorneys for Movants Breakwater Credit Opportunities Fund, L.P., Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski*

**CERTIFICATE OF SERVICE**

I, Jody C. Barillare, hereby certify that on the 14th day of July, 2021, I caused a copy of the foregoing to be served on the parties on the attached service list in the manner indicated.

Dated: July 14, 2021

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)

**Service List**

**ELECTRONIC MAIL & ECF**
(Counsel to Official Committee of Unsecured Creditors)
MORRIS JAMES LLP
Attn: Eric J. Monzo, Bryan M. Keilson and Jeffrey Waxman
500 Delaware Ave., Suite 1500
Wilmington, DE 19801
Email: emonzo@morrisjames.com; bkeilson@morrisjames.com; JWaxman@morrisjames.com

**ELECTRONIC MAIL &ECF**
(Counsel to Official Committee of Unsecured Creditors)
HEDRICK KRING, PLLC
Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
1700 Pacific Avenue, Suite 4650
Dallas, TX 75201
Email: Josh@HedrickKring.com; Joel@HedrickKring.com

**ELECTRONIC MAIL &ECF**
(Counsel to Official Committee Of Unsecured Creditors)
STRICKLIN LAW FIRM, P.C.
Samuel M. Stricklin, Esquire
Palisade Central II
2435 North Central Expressway, Suite 1200
Richardson, TX 75080
Email: Sam.stricklin@stricklaw.pro

**ELECTRONIC MAIL & ECF**
(Council to the Upfront Movants)
PACHULSKI STANG ZIEHL & JONES
Attn: Colin R. Robinson, Dean Ziehl, Cia Mackle, and James Hunter
919 North Market Street
17th Floor
Wilmington, DE  19801
Email: jhunter@pszjlaw.com; crobinson@pszjlaw.com; dziehl@pszjlaw.com; cmackle@pszjlaw.com