IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Old LC, Inc. *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-11791 (BLS) |
| Official Committee of Unsecured Creditors of Old LC, Inc., *et al.*, for and on behalf of the estates of Old LC, Inc., *et al.*,<br>　　　*Plaintiff,*<br>v.<br><br>Upfront V, LP, Breakwater Credit Opportunities Fund, L.P., *et al.*,<br>　　　*Defendants*. | Adv. No. 20-51002 (BLS) |

**REPLY OF BREAKWATER DEFENDANTS**
**IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**Reply**

Pursuant to Federal Rule of Bankruptcy Procedure 7026(c), Defendants Breakwater Credit Opportunities Fund, L.P. ("Breakwater"), Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski (collectively, the "Breakwater Defendants") submit this reply in support of their *Motion for Protective Order* (Dkt. No. 58) (the "Motion"). As grounds, the Breakwater Defendants say:[1]

　　　1.　　With its *Response in Opposition to Breakwater Defendants Motion for a Protective Order* (Dkt. No. 67), the Committee[2] renews its request to delay consideration of the *Breakwater Defendants' Motion for Partial Summary Judgment* (Dkt. No. 46, the "PSJ Motion"), *see* Dkt. No.

---

[1] The Breakwater Defendants incorporate the points and arguments made in their *Response to the 56(d) Motion* (Dkt. No. 68), to the extent relevant.

[2] The Official Committee of Unsecured Creditors of Old LC, Inc.

60, (the "56(d) Motion"). Its opposition and the 56(d) Motion argue the same thing: that the Committee (i) "needs" depositions to better understand the documentary evidence relevant to its breach-of-fiduciary-duty theories, and (ii) such depositions will not be expensive. Neither filing identifies any factual dispute or further discovery that would touch on the issues raised in the PSJ Motion (Dkt. No. 35).

2. The Committee's second bite is as far off the apple as the first was. The motion for partial summary judgment turns on the undisputed contents of the three recapitalization offers, as produced *and alleged by the Committee*. Each indisputably required contractual concessions from Breakwater, Upfront, or both. *See* Compl. ¶¶ 69, 72, 74; Def.'s Mem. Supp. Summ. J. 5-7, 14-18 [Dkt. No. 47]. In two filings, the Committee has not even attempted to explain how a deposition might change those facts. No deposition will. The Committee's silent concession shows that the recapitalization claims in the PSJ Motion are ripe for review.

3. The Committee suggests that even if the Breakwater Defendants are correct, and the Court determines that Breakwater was under no obligation to compromise its contractual rights under the Loan and Shareholder Agreements, the individual Breakwater Defendants remain liable for "misconduct." But it does not explain how that alleged "misconduct" could lead to a recovery on Counts I-IV. It breaches no legal duty (fiduciary or otherwise) to resist a proposal that cannot be consummated in the first place.

4. The "analogous cases" recited in section II.C of the Committee's opposition are not analogous. None supports the notion that the Court should not stay depositions until after it decides the PSJ Motion and the Motion to Dismiss. None undermines the settled principle that Courts have wide discretion to manage the discovery process in a practical way, with attention to proportionality. *See Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 380 (D. Del.

2016), *aff'd*, 813 F. App'x 609 (Fed. Cir. 2020) ("[trial courts] have inherent power to manage their own docket . . . and are authorized to consider and take appropriate action to facilitate the just, speedy, and inexpensive disposition of all matters before them")(internal quotation and citations omitted), and that Fed. R. Civ. P. 26(b)(1) requires that discovery be *proportional to the needs of the case*.

5. The argument that witness preparation for a fact-intensive review of multiple years of corporate involvement, as lender and shareholder, will not be expensive is self-evidently incorrect.

6. Should the PSJ Motion be granted, the claims premised on Breakwater's declination to support the Original BioWorld, Management or initial South River Proposals will be disposed of, thus narrowing significantly the scope and cost of remaining discovery. Should it be denied, depositions can proceed.

7. The Committee does not seriously argue that it will suffer prejudice if depositions are temporarily stayed pending the Court's review. It was not until almost March 2021, nearly four months after filing its initial Complaint, that the Committee began its review of *the Debtors'* documents (the very entities on whose behalf it brings these claims). Because the Court's rulings on the pending motions could greatly narrow the issues to be litigated, a stay will serve the Committee's interest as well, by helping it avoid needless expense.

8. For these reasons, and those set forth in the Motion, the Breakwater Defendants submit that depositions should commence only after the Court's disposition of the PSJ Motion, and that ordering discovery in this way is proportional to the needs of the case. *See In re Maxus Energy Corp.,* 617 B.R. 806, 813 (Bankr. D. Del. 2020) (limiting depositions in consideration of the proportional needs of the case).

### Conclusion

The Motion for Protective Order should be allowed.

Dated: July 19, 2021
Wilmington, Delaware

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jody C. Barillare*
Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-7294
Email: jody.barillare@morganlewis.com

Sabin Willett (pro hac vice)
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8775
Email: sabin.willett@morganlewis.com

Shannon B. Wolf (pro hac vice)
One State Street
Hartford, CT 06103-3178
Telephone: (860) 240-2700
Email: shannon.wolf@morganlewis.com

*Attorneys for Movants Breakwater Credit Opportunities Fund, L.P., Saif Mansour, Aamir Amdani, Eric Beckman, Darrick Geant, and Joseph Kaczorowski*

## **CERTIFICATE OF SERVICE**

        I, Jody C. Barillare, hereby certify that on the 19th day of July, 2021, I caused a copy of the foregoing to be served on the parties on the attached service list in the manner indicated.

Dated: July 19, 2021

        */s/ Jody C. Barillare*
        Jody C. Barillare (#5107)

**Service List**

**ELECTRONIC MAIL & ECF**
(Counsel to Official Committee of Unsecured Creditors)
MORRIS JAMES LLP
Attn: Eric J. Monzo, Bryan M. Keilson and Jeffrey Waxman
500 Delaware Ave., Suite 1500
Wilmington, DE 19801
Email: emonzo@morrisjames.com; bkeilson@morrisjames.com; JWaxman@morrisjames.com

**ELECTRONIC MAIL &ECF**
(Counsel to Official Committee of Unsecured Creditors)
HEDRICK KRING, PLLC
Joel B. Bailey, Esquire
Joshua L. Hedrick, Esquire
1700 Pacific Avenue, Suite 4650
Dallas, TX 75201
Email: Josh@HedrickKring.com; Joel@HedrickKring.com

**ELECTRONIC MAIL &ECF**
(Counsel to Official Committee Of Unsecured Creditors)
STRICKLIN LAW FIRM, P.C.
Samuel M. Stricklin, Esquire
Palisade Central II
2435 North Central Expressway, Suite 1200
Richardson, TX 75080
Email: Sam.stricklin@stricklaw.pro

**ELECTRONIC MAIL & ECF**
(Council to the Upfront Movants)
PACHULSKI STANG ZIEHL & JONES
Attn: Colin R. Robinson, Dean Ziehl, Cia Mackle, and James Hunter
919 North Market Street
17th Floor
Wilmington, DE  19801
Email: jhunter@pszjlaw.com; crobinson@pszjlaw.com; dziehl@pszjlaw.com; cmackle@pszjlaw.com