UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE



**BRENDAN LINEHAN SHANNON**
**JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2915**

July 26, 2021

P. Sabin Willett, Esquire
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA  02110-1726

Joel B. Bailey, Esquire
Hedrick Kring, PLLC
1700 Pacific Avenue, Suite 4650
Dallas, TX  75201

Jeffrey R. Waxman, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801

Mark I. Duedall, Esquire
Bryan Cave Leighton & Paisner
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, N.W
Atlanta, GA  30309-3471

RE:   In re:  Old LC, Inc., *et al.* – Case No.  19-11791 (BLS)
      Official Committee of Unsecured Creditors v. Upfront V, LP,
      Breakwater Credit Opportunities Fund, L.P., *et al.*
      Adv. Proc. No.  20-51002 (BLS)

Dear Counsel:

    This letter follows upon a hearing held on July 22, 2021 in the above matter and compromises the Court's ruling on two separate motions:  first, the Motion of Breakwater Defendants for Protective Order [Docket No. 58]; and second, Plaintiff's Motion to Deny or Continue Breakwater's Motion for Partial Summary Judgment to Permit Necessary Discovery and Motion to Compel Depositions [Docket No. 60].  For the reasons that follow, the Court will deny the Motion for Protective Order and will authorize discovery and depositions to go forward.

    This adversary proceeding was commenced by the Committee against the Breakwater Defendants and certain other parties alleging breach of fiduciary duty and claims seeking recovery of alleged fraudulent conveyances.  Given the narrow issues presently before the Court, it is not necessary to detail all of the allegations contained in the lengthy Amended Complaint.  In a nutshell, the Committee alleges that the Breakwater Defendants (and others) used their position as stakeholders in the Debtor to frustrate the Debtor's ability to recapitalize or otherwise deal with the business and liquidity crises that ultimately led to the Chapter 11 filing.

P. Sabin Willett, Esquire
Joel B. Bailey, Esquire
Jeffrey R. Waxman, Esquire
Mark I. Duedall, Esquire
July 26, 2021
Page 2

      The Breakwater Defendants have moved for partial summary judgment on the theory that their contractual relationship with the Debtors explicitly provided them with the right to refuse to consent to any recapitalization that might result in their dilution. It is the position of the Breakwater Defendants that the exercise of their contractual rights cannot give rise to a claim for breach of fiduciary duty. Accordingly, the Breakwater Defendants seek to preclude depositions and discovery relating to these counts pending disposition of their Motion for Partial Summary Judgment by the Court. They recommend that discovery be held in abeyance and that the issue can be revisited after the Court has ruled, when the appropriate scope of discovery would be informed by the Court's ruling.

      Plaintiff responds that its Complaint is not predicated exclusively on the Breakwater Defendants' refusal to consent to refinancing or recapitalization opportunities. Plaintiff directs the Court's attention to sections of the Complaint describing secret meetings and communications to sabotage the Debtor's restructuring efforts, controlling independent directors, creating a cash crisis and other alleged activities.

      The Plaintiff's allegations contemplate and require a fact-intensive inquiry that must be supported by appropriate discovery. The Court is satisfied that the Plaintiff has demonstrated that further discovery is necessary and appropriate before consideration of the Motion for Partial Summary Judgment. It is the expectation of the Court that the parties will confer regarding scheduling of the requested depositions and reach agreement thereon. To state the obvious, the Court notes the following: today's ruling simply denies the Motion for Protective Order, and authorizes and permits relatively routine discovery practice in an adversary proceeding, nothing further. The Court makes no comment either way on the substance of the arguments contained in the briefing on the Motion for Partial Summary Judgment and will deal with that motion on the merits in due course.

      The Court requests that the parties confer on an appropriate order memorializing the foregoing and submit that order under certification within seven days of the date hereof.

      Very truly yours,

      Brendan Linehan Shannon
      United States Bankruptcy Judge

BLS/jmw