# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 Case |
| | § | |
| Old LC, Inc., *et al.*[1] | § | Case No. 19-11791 (BLS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| Official Committee of Unsecured Creditors of Old LC, Inc., et al., for and on behalf of the estates of Old LC, Inc., et al.; | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Adv. No. 20-51002 (BLS) |
| Upfront V, LP, Breakwater Credit Opportunities Fund, L.P.; Upfront GP V, LLC; Mark Suster; Dana Kibler; Gregory Bettinelli; Saif Mansour; Aamir Amdani; Eric Beckman; Darrick Geant; and Joseph Kaczorowski | § § § § § § § § | |
| *Defendants.* | § | |

## AGREED SCHEDULING ORDER

To promote the efficient and expeditious disposition of this Adversary Proceeding, the following schedule shall apply pursuant to the agreement of the parties.

Counsel for all parties to this Adversary Proceeding have discussed various matters and reached an agreement on this Agreed Scheduling Order. The purpose of this Agreed Scheduling Order is to set forth the deadlines that will control the progression of this case through discovery as it is prepared for trial.

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

**BY AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED** that:

1. Any motion to amend or supplement the pleadings or to join parties to this Adversary Proceeding must be filed with the Court by no later than **November 30, 2021**.

2. All fact discovery shall be completed no later than **February 28, 2022**.

3. A party desiring to offer expert testimony at trial on an issue on which that party has the burden of proof shall serve upon the other parties an expert disclosure and report in compliance with the Federal Rules of Bankruptcy Procedure (including, without limitation, Fed. R. Civ. P. 26(a)(2)(B)) and the local rules of this Court no later than **March 31, 2022**. A party desiring to offer expert testimony at trial on an issue on which an opposing party has the burden of proof shall serve upon the other parties an expert disclosure and report that complies with such rules no later than **May 13, 2022**. If, in response to the opinions disclosed in an opposing party's report, a party wishes to offer new expert opinions, not fairly disclosed in its original report, those new opinions must be disclosed in a rebuttal report served on opposing parties no later than **June 30, 2022**. For clarity, there is no requirement that a party file a rebuttal report for the mere purpose of contradiction or argument. Expert reports and disclosures will be served and not filed, and are not admissible in evidence except to the extent permitted by the Federal Rules of Evidence. All expert discovery shall be completed, and discovery shall close, by **July 29, 2022**.

4. All dispositive motions shall be filed and served by **August 26, 2022**, and shall be subject to Del. Bankr. L.R. 7007. All responses to dispositive motions shall be filed and served by **September 26, 2022**.

5. Deadlines contained in this Scheduling Order may be modified by agreement of the parties without need for further Order of this Court, except for modifications that would impact the Court's calendar, or they may be modified upon written motion for good cause

shown. Specifically, the parties will schedule a final pretrial conference and trial date after the conclusion of fact discovery and dispositive motions.

**IT IS SO ORDERED.**

Wilmington, Delaware

Dated: September 23rd, 2021
Wilmington, Delaware

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

3