

1700 Pacific Avenue  
Suite 4650  
Dallas, Texas 75201  
P: 214.880.9600  
F: 214.481.1844  
www.HedrickKring.com

May 11, 2022

**Via CM/ECF**
Honorable Brendan L. Shannon
824 North Market Street
6th Floor
Wilmington, Delaware 19801

      Re:    *Official Committee of Unsecured Creditors of Old L.C., Inc. v. Upfront V, LP, et al.*, Adv. No. 20-51002, in the United States Bankruptcy Court for the District of Delaware

Dear Judge Shannon:

    Along with Morris James LLP, we represent Plaintiff Official Committee of Unsecured Creditors (the "**Committee**") in the above-referenced proceeding. This letter requests a telephonic status conference with the Court to discuss a potential dispute relating to the mediation and fact discovery deadlines in the Court's March 1, 2022 *First Amended Agreed Scheduling Order* (the "**Scheduling Order**") [D.I. 124].

    The Scheduling Order provides, by agreement of the parties, that fact discovery closes on <u>May 13, 2022</u> and that mediation must occur no later than <u>June 30, 2022</u>. After extensive negotiations, the parties agreed to former Chancellor Andre G. Bouchard of Paul, Weiss, Rifkind, Wharton & Garrison LLP to serve as the mediator for this dispute.[1] Upon consultation with Chancellor Bouchard, the parties and counsel identified June 17, 2022, as the best date for the mediation. Chancellor Bouchard graciously agreed to hold this date open on his calendar.

    The Plaintiffs have completed substantially all of their fact discovery. However, as an accommodation to the Defendants, and in connection with the parties' agreement to mediate on June 17th, the parties discussed potentially allowing a <u>limited</u> number of depositions to be scheduled <u>after</u> the fact discovery deadline but <u>before</u> the mediation, including the depositions of Chris Davis, Mark Palmer, and corporate representatives for Defendants Upfront V, LP and Breakwater Credit Opportunities Fund, LP. These agreements and discussions have always been in connection with, and contingent upon, an agreement concerning the mediation.

    Unfortunately, while all parties, parties' counsel, Chancellor Bouchard, and the vast majority of insurers have acted and negotiated in good faith, including agreement to a mediation on June 17th, there appears to be one lone insurer—Allied World Assurance Company (U.S.) Inc. ("**AWAC**")—who is refusing to participate in mediation on June 17th. AWAC is the insurer for

---

[1] Mr. Bouchard is copied on this letter.

1

the first layer of coverage provided to Loot Crate, Parent, Inc. and is subject to this Court's *Order Granting Motion Pursuant to Section 362 of the Bankruptcy Code for Entry of an Order Confirming that the Automatic Stay Does Not Apply to Certain Directors & Officers Insurance Policies or the Proceeds Thereof or for Stay Relief to the Extent Applicable* (the "**Comfort Order**") [D.I. 815].  Notably, all other insurers whose policies have been triggered by the proceeding have agreed to participate in the June 17th mediation (including no fewer than seven insurers providing coverage to Debtors, the Upfront Defendants, and the Breakwater Defendants).

Based on Defendants' counsel's representations to Plaintiff, Defendants have made numerous, repeated, and varied attempts to reason with AWAC concerning the mediation on June 17th.  For example, while AWAC appears to not timely be paying Defendants' counsel's bills,[2] there can be no reasonable dispute that the $2 million coverage limit under the AWAC policy has been, or will soon be, completely exhausted by Defendants' attorneys' fees.  However, even if attorneys' fees had not fully eroded the AWAC policy, Defendants are well-aware that Plaintiff's demands for an out-of-court resolution far exceed the initial $2 million available from AWAC at the first level of coverage.  So, the insurer whose policy has been, or will be, fully exhausted is the insurer who is refusing to mediate and who is refusing to allow mediation to go forward on June 17th.

AWAC's explanations for refusing to participate (or tender its policy limits) for the June 17th mediation are, at best, non-sensical and, at worse, in bad faith.  AWAC retained Arya Claims Services ("**Arya**") to handle the claim, and Karen Thompson-David ("**Thompson-David**") from Arya has been the claims director.  Based on discussions with Defendants' counsel, and notwithstanding the fact that the parties have been negotiating and discussing mediation and mediation dates for more than 60 days (and that the deadline has been known since at least entry of the Court's March 1st Scheduling Order), Thompson-David asserts that a June 17th mediation is impossible because she will not have time to receive requisite authority during that time period.  Of course, such an explanation is improper given that the policy limits under AWAC's policy have, or will soon be, fully eroded, and any settlement discussion would involve numbers far in excess of AWAC's policy.  Yet, Arya, AWAC, and Ms. Thompson-David appear to be comfortable ignoring this Court's June 30, 2022 deadline to mediate and simply scheduling a mediation whenever they see fit.

The Plaintiff appreciates that mediation only works when the parties are all willing to attend and participate in good faith.  In this case, however, the party who is unwilling to participate is not even a party to the action, and one whose pecuniary interest is currently dubious, at best. More than that, however, much like slowest driver on the road dictates the speed of traffic, AWAC's obduracy is holding all of the rest of the parties hostage to a potential resolution.  This will have far-reaching implications for the efficient resolution of this proceeding.  Setting aside whether or not the parties may actually resolve the matter at mediation, failing to mediate on or before June 17th will likely result in numerous discovery disputes.  In connection with the mediation discussions and the impending fact discovery deadline, the parties discussed extending the fact discovery deadline solely to permit certain depositions to occur.  While the Committee was never willing to agree to a broad extension of all fact discovery from May 13th to June 17th,

---

[2] Based on a report received from AWAC, the insurer paid $0 to Defendants' counsel during the first quarter of 2022 notwithstanding the ongoing activity in the litigation.

the Committee was willing to entertain limited deposition requests in order to assist the parties during the mediation.  Without a June 17th mediation, the Committee is unwilling to extend any part of the discovery deadline, and the parties will likely be back before the Court to discuss various disputes.  Once again, such an inefficient outcome can be solely attributed to an insurance company and its claims adjuster who refuse to engage in negotiations in good faith, who fail to appreciate that its policy limits have been eroded, and who would rather hold hostage settlement discussions so they can proceed at their own pace.  Beyond that, absent timely mediation, the Plaintiff intends to move forward with expert discovery (which will necessitate that the defendants to do the same), thereby increasing costs for all of the parties, including the Debtors' estates, and making the possibility of settlement prior to trial even more remote.[3]  Indeed, such bad faith behavior on the part of an insurance company and its adjuster immediately raises questions concerning potential claims that the parties may have against AWAC, Arya, and Ms. Thompson-David for unfair insurance practices.

Therefore, Plaintiff respectfully requests that the Court schedule a status conference at its earliest convenience to enforce its Scheduling Order as written, including by compelling a mediation on June 17th and, if needed, addressing any depositions that must occur between May 13th and June 17th.  Further, the Plaintiff believes that, if this conference is to be productive, the Court should require that a representative from all parties, including each of the insurers, attend the conference.

**HEDRICK KRING BAILEY PLLC**

By: */s/ Joel B. Bailey*
    Joel B. Bailey

cc:    All Counsel
        Chancellor Andre G. Bouchard
        Benjamin Hackman
        Karen Thompson-David

---

[3] To the extent that AWAC's policy limits have not yet been fully exhausted, it is hard to fathom that any available insurance will remain by the time expert discovery has concluded.